## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BRANDON HENRY, JR., ET AL.**                    CIVIL ACTION

                                                  **NO. 20-2995-WBV-JVM**
**VERSUS**                                        **c/w 20-2997-WBV-JVM**
                                                  **c/w 20-2998-WBV-JVM**

**MAXUM INDEMNITY COMPANY, ET AL.**               SECTION "D" (1)

### ORDER AND REASONS[1]

Before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) For Failure to State a Claim Upon Which Relief May be Granted, filed by defendants, Howard L. Nations, Cindy Nations, Howard Nations, APC, Gregory D. Rueb, Rueb & Motta, APLC, and The Rueb Law Firm, APLC.[2]  The Court has allowed defendants, Joseph A. Motta, Attorney at Law, APLC, Joseph A. Motta, Shantrell Nicks, and the Nicks Law Firm, LLC, to join in the Motion.[3]  Plaintiffs oppose the Motion.[4]  After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED in part** and **DENIED in part.**

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This consolidated matter arises from the BP Deepwater Horizon oil spill that occurred on April 20, 2010.  Specifically, three separate lawsuits were filed regarding the alleged actions and inactions of certain attorneys and law firms while representing the interests of the named plaintiffs in the Deepwater Horizon Economic

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 20-cv-2995.
[2] R. Doc. 158.
[3] R. Docs. 164, 165, 168, & 169.
[4] R. Doc. 173.

and Property Damage Settlement Program (the "BP Settlement Program"), in which members of the Economic and Property Damages Settlement Class ("BP Class") made claims to be compensated for their subsistence losses caused by the BP oil spill.[5] Plaintiffs in Civil Action No. 20-2995, *Brandon Henry, et al. v. Maxum Indem. Co., et al.* (the "*Henry* matter"), Brandon Henry, Staci Authement, Daniel Blanchard, Keith Bonvillain, Dwayne Deroche, Christine Duplantis, Roddy Duplantis, Don Giroir, Eric Hebert, Leonard Holcomb, Allen Kaluza, Pamela Lyons, Jessi Marcel, Herman McElroy, Susan Ordoyne, Travis Price, and Calvin Smith, claim that they were among the many people who resided along the Gulf Coast who harvested fish and seafood in the coastal area for their regular dietary consumption, but were unable to do so after the oil spill.[6]  Plaintiffs in Civil Action No. 20-2997, *Charles Billiot, Jr. v. Maxum Indem. Co., et al.* (the "*Billiot* matter"), Charles Billiot, Jr., Eugene Andras, Brett Bascle, Lloyd Cancienne, Jr., Jessica Dufrene, Darren Pitre, Dean Richard, Gordon Rose, Mark Savoie, Thomas Tegart, and Marcy Trahan, also claim that they were among the many people who resided along the Gulf Coast who harvested fish and seafood in the coastal area for their regular dietary consumption, but were unable to do so after the oil spill.[7]  The plaintiff in Civil Action No. 20-2998, *Gary Pierce v. Maxum Indem. Co., et al.* (the "*Pierce* matter"), Gary Pierce, makes similar claims.[8]

---

[5] R. Doc. 139 at ¶¶ 7-41.
[6] *See*, R. Doc. 1-1.  James Fairchild, Michael Leboeuf, Farren Naquin, and Roy Verrett, Jr., who were also named as plaintiffs in the *Henry* matter, were dismissed from the litigation on March 23rd and 24th, 2021.  R. Docs. 127 & 130.
[7] *See*, R. Doc. 1-1 in the *Billiot* matter.  Maloy Guilbeau and Troy Pellegrin, who were also named as plaintiffs in the *Billiot* matter, were dismissed from the litigation on March 23, 2021.  R. Doc. 127.
[8] *See*, R. Doc. 1-1 in the *Pierce* matter.

The foregoing plaintiffs (collectively, the "*Henry, Billiot,* and *Pierce* Plaintiffs") assert that beginning in late April 2015, the defendant lawyers and law firms, Howard L. Nations, APC ("Nations Law"), The Nicks Law Firm, LLC ("Nicks Law"), Rueb & Motta, APLC ("R&M Law"), Joseph A. Motta, Attorney at Law, APLC ("Motta Law"), The Rueb Law Firm, APLC ("Rueb Law"), Howard L. Nations ("H. Nations"), Cindy L. Nations ("C. Nations"), Shantrell Nicks ("Nicks"), Gregory D. Rueb ("Rueb"), and Joseph A. Motta ("Motta") (collectively, "Defendants"), formed a joint venture to solicit and engage BP Subsistence Claim clients, and hosted meetings in Louisiana through which they engaged more than 14,000 BP Subsistence Claim clients across the Gulf Coast in the nearly six weeks before the claim filing deadline of June 8, 2015.[9] The *Henry, Billiot,* and *Pierce* Plaintiffs allege that they experienced the same or similar contact with Defendants, through their representatives, regarding their BP Subsistence Claims. Specifically, the *Henry, Billiot,* and *Pierce* Plaintiffs allege that they each visited one of the Defendants' meeting locations to hire legal counsel to file his/her BP Subsistence Claim, they each signed a contingency fee contract with Defendants, and they never received communications from Defendants regarding inaccurate or misleading claim information prior to Defendants filing their DHECC Subsistence Claim forms or regarding any deficiencies in their particular claim.[10] The *Henry, Billiot,* and *Pierce* Plaintiffs further allege that they each received a DHECC Incompleteness Notice, Denial Notice, FWA Notice, or Appeal Denial,

---

[9] R. Doc. 1-1 at ¶¶ 14-15; R. Doc. 1-1 at ¶¶ 14-15 in the *Billiot* matter; R. Doc. 1-1 at ¶¶ 14-15 in the *Pierce* matter.
[10] R. Doc. 1-1 at ¶ 17; R. Doc. 1-1 at ¶ 17 in the *Billiot* matter; R. Doc. 1-1 at ¶ 17 in the *Pierce* matter.

without any knowledge or communication from Defendants, who had sole access to these notices, and that Defendants, without consultation or communication with the *Henry, Billiot,* and *Pierce* Plaintiffs, unilaterally signed and submitted amended claim forms that were patently incorrect, inaccurate, and false.[11] The *Henry, Billiot,* and *Pierce* Plaintiffs allege that each of their BP Subsistence Claims was denied due to Defendants' actions and inactions, including their rushed and confusing intake process, unreasonable and inconsistent claimant data submitted on each plaintiff's claim forms and sworn statements, as well as Defendants' inexcusable lack of communication, and that Defendants intentionally deceived each plaintiff regarding the factual reasons for their particular claim denial.[12]

On or about July 6, 2021, the plaintiffs in the *Henry* matter filed a Joint Petition for Damages in the 32nd Judicial District Court of the Parish of Terrebonne, Louisiana, against Defendants and their professional liability insurers, Maxum Indemnity Company, QBE Insurance Corporation, Landmark American Insurance Company, and Allied World Insurance Company.[13] While not a model of clarity, the *Henry* plaintiffs seem to assert claims for breach of contract, legal malpractice, and fraud against Defendants, and assert a direct action against the Defendants' professional liability insurers.[14] The *Billiot* plaintiffs filed an identical Joint Petition for Damages in the 25th Judicial District Court for the Parish of Plaquemines, Louisiana, on or about July 6, 2021, asserting the same claims against the same

---

[11] *Id.*
[12] *Id.*
[13] R. Doc. 1-1.
[14] *Id.* at ¶¶ 29-41 & 42-45.

defendants.[15]  The *Pierce* plaintiff likewise filed an identical Petition for Damages in the 25th Judicial District Court for the Parish of Plaquemines, Louisiana, on or about July 7, 2021, asserting the same claims against the same defendants.[16]

All three cases were removed to this Court by Landmark American Insurance Company on November 4, 2020,[17] and were subsequently consolidated at the request of the parties on December 4, 2020.[18]  On April 1, 2021, the Court granted the *Henry, Billiot,* and *Pierce* Plaintiffs' request to file a second amended complaint in the consolidated matter, to name Capitol Specialty Insurance Corporation as an additional defendant and "to include more definitive facts for all represented Plaintiffs pursuant to FRCP Rule 15(a)(2) . . . ."[19]  The Second Amended Complaint, filed on April 2, 2021, appears to assert the same claims of breach of contract, legal malpractice, and fraud against the Defendants,[20] as well as a direct action against Defendants' professional liability insurers.[21]

On April 27, 2021, H. Nations, C. Nations, Nations Law, Rueb, R&M Law, and Rueb Law (collectively, the "Nations Defendants") filed the instant Motion, seeking to dismiss the legal malpractice claims of plaintiffs, Dwayne Deroche, Brett Bascle, Lloyd Cancienne, Jr., Troy Pellegrin, Darren Pitre, Dean Richard, Thomas Tegart, and Gary Pierce (collectively, "Plaintiffs"), as perempted under La. R.S. 9:5605, and to dismiss Plaintiffs' fraud claims for failure to plead them with particularity, as

---

[15] R. Doc. 1-1 at ¶¶ 29-41 & 42-45 in the *Billiot* matter.
[16] R. Doc. 1-1 at ¶¶ 29-41 & 42-45 in the *Pierce* matter.
[17] *See,* R. Doc. 1; R. Doc. 1 in the *Billiot* matter; R. Doc. 1 in the *Pierce* matter.
[18] R. Docs. 34 & 40.
[19] R. Doc. 105 at p. 1; R. Doc. 136.
[20] R. Doc. 139 at ¶¶ 29-41.
[21] *Id*. at ¶¶ 42-45.

required by Fed. R. Civ. P. 9.[22]  The Court allowed the remaining lawyer and law firm defendants, Motta Law, Motta, Nicks, and Nicks Law, to join in the Motion.[23] Anticipating the Plaintiffs' arguments, the Nations Defendants assert that the choice of law provision in the retainer agreements signed by the Plaintiffs provides that Mississippi law will govern issues of contract construction, but does not dictate the law applicable to other issues, such as the applicable statutes of limitation.[24]  The Nations Defendants contend that because statutes of limitation are procedural, they should be governed by the law of the forum state even when the law of other states govern certain other substantive issues involved in the case.[25]  Applying La. R.S. 9:5605, the Nations Defendants assert that the three-year peremptive period for Plaintiffs' legal malpractice claims began to run on or before the deadline for each plaintiff to appeal the DHECC's decision denying their respective BP Subsistence Claims.[26]  Because more than three years had passed between those dates and when Plaintiffs filed their state court Petitions on July 6, 2020 and July 7, 2020, the Nations Defendants claim that Plaintiffs' legal malpractice claims are barred.[27]

The Nations Defendants further assert that Plaintiffs have failed to plead allegations of fraud with sufficient particularity, as required in the Fifth Circuit, because Plaintiffs fail to specify the statements they believe were fraudulent, identify

---

[22] R. Doc. 158.  As previously noted, Troy Pellegrin was dismissed from this litigation on March 23, 2021.  R. Doc. 127.
[23] R. Docs. 164, 165, 168, & 169.
[24] R. Doc. 158-1 at pp. 6-7.
[25] *Id*. at p. 7 (citing *Sun Oil Co. v. Wortman*, 486 U.S. 717, 108 S.Ct. 2117, 100 L,Ed.2d 743 (1988); *Federal Deposit Ins. Corp. v. Petersen*, 565 F. Supp. 1007, 1009 (D. Co. 1983)).
[26] R. Doc. 158-1 at pp. 9-10.
[27] *Id*. at pp. 10-15.

the speaker, state when and where the statements were made, or explain why the statements were fraudulent.[28]   As such, the Nations Defendants assert that Plaintiffs' claims for legal malpractice and fraud should be dismissed.

In their Opposition brief, Plaintiffs argue that  Mississippi law applies to their legal malpractice claims based upon the choice-of-law provision contained in their Attorney-Client contracts with the Defendants, and that Mississippi law provides a three-year prescriptive period from when a plaintiff has constructive knowledge of the defendant's malpractice.[29]  Plaintiffs argue that La. R.S. 9:5605 is inapplicable in this case because it does not apply to out-of-state attorneys, and none of the defendant lawyers or law firms are licensed to practice in Louisiana.[30]  Plaintiffs further assert that both the Fifth Circuit and another Section of this Court have declined to apply La. R.S. 9:5605 to out-of-state counsel, instead applying the Louisiana prescriptive period for delictual actions.[31]  Even if La. R.S. 9:5605 applied in this case, Plaintiffs assert that it contains an exception providing that the peremptive period is inapplicable in cases like this, where fraud is alleged.[32]  Plaintiffs further assert that they were unaware of the defendants' legal malpractice until after they retained new counsel in mid-2019 and counsel gained access to the DHECC portal for each of the Plaintiffs' BP Subsistence Claim, which occurred between June 18, 2019 and October

---

[28] *Id.* at pp. 15-16 (citing *In re JCC Envtl., Inc.*, 575 B.R. 692, 699 (E.D. La. 2017) (Milazzo, J.)).

[29] R. Doc. 173 at pp. 2-3 (citing *Bennett v. Hill-Boren, P.C.*, 52 So.3d 364, 369 (Miss. 2011)).

[30] R. Doc. 173 at pp. 3 & 6-7 (citing *Trans Pac. Interactive, Inc. v. U.S. Telemetry Corp.*, 2016-0119 (La. App. 1 Cir. 9/16/16), 203 So.3d 1056, 1070).

[31] R. Doc. 173 at pp. 6-7 (citing *Henry v. Duane Morris, LLP*, 210 Fed.Appx. 356, 359 (5th Cir. 2006); *Thermo Credit, LLC v. Cordia Corp.*, Civ. A. No. 12-1454, 2013 WL 425930, at *7 (E.D. La. Feb. 4, 2013) (Brown, J.)).

[32] R. Doc. 173 at pp. 3 & 7-8; *See*, La. R.S. 9:5605(E).

2, 2019.[33]  Plaintiffs point out that that the Nations Defendants acknowledged in their Motion that prescriptive and peremptive periods were expressly extended by the Louisiana legislature beginning in March 2020 until July 6, 2020 due to the COVID-19 pandemic.[34]  Relying upon that legislation, Plaintiffs' assert that their legal malpractice claims "were undoubtedly filed within one year of each Plaintiff's constructive knowledge."[35]  In a footnote, Plaintiffs assert that, "All claims were filed on July 6, 2020."[36]

Plaintiffs then assert that they have alleged fraud with sufficient particularity under both Mississippi law and Louisiana law, pointing to nine allegations of fraud contained in the Second Amended Complaint.[37]  Plaintiffs claim that these nine allegations are the extent of their fraud allegations in the Second Amended Complaint.  Based on these assertions, Plaintiffs argue that the Motion to Dismiss should be denied.

## II.    LEGAL STANDARD

### A.  Rule 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[38]  It is well-settled in this Circuit that motions to dismiss under Fed. R. Civ.

---

[33] R. Doc. 173 at pp. 3 & 8-9.
[34] *Id*. at p. 8.
[35] *Id*.
[36] *Id*. at n.20.
[37] R. Doc. 173 at pp. 9-11 (*citing* R. Doc. 139 at ¶¶ 17, 23, 39, 40, & 41).
[38] Fed. R. Civ. P. 12(b)(6).

P. 12(b)(6) are viewed with disfavor and are rarely granted.[39]  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[40]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[41]  But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[42]

In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the non-moving party.[43]  The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. [44]  "Dismissal is appropriate when the complaint on its face shows a bar to relief."[45]  In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the

---

[39] *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (quoting *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).

[40] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[41] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949) (quotation marks omitted).

[42] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).

[43] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

[44] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

[45] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).

plaintiff's claims.[46]  The Court can also take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court.[47]

## III.  ANALYSIS

### A. The Nations Defendants Have Failed to Show That Plaintiffs' Legal Malpractice Claim Is Perempted under La. R.S. 9:5605.

#### 1. *The Choice-of-Law Provision.*

Although not addressed by the parties, the Court finds that, because Landmark American Insurance Company invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332, this Court must apply the substantive law of the forum state, Louisiana.[48]   Under Louisiana law, contractual choice-of-law provisions are presumed valid unless the chosen law contravenes the public policy of the state whose law would otherwise apply.[49]  The parties in this case agree that the Attorney-Client contract allegedly executed by Plaintiffs and the lawyer and law firm defendants provides that, "This Contract shall be construed under and in accordance with the laws of the State of Mississippi, and all obligations of the parties created hereunder are performable in Mississippi."[50]   Neither party contests the validity of this provision.  Instead, the parties dispute whether Mississippi law governs all issues in

---

[46] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).

[47] *In re American Intern. Refinery*, 402 B.R. 728, 749 (W.D. La. 2008) (citing *Cisco Systems, Inc. v. Alcatel USA, Inc.,* 301 F. Supp. 2d 599, 602 n.3 (E.D. Tex. 2004)).

[48] R. Doc. 1 at Introductory Paragraph & ¶¶ 11-45; R. Doc. 1 in the *Billiot* matter; R. Doc. 1 in the *Pierce* matter; *Wiley v. State Farm Fire & Cas. Co.* 585 F.3d 206, 210 (5th Cir. 2009).

[49] *Axis Oilfield Rentals, LLC v. Mining, Rock, Excavation and Constr., LLC*, 166 F. Supp. 3d 684, 690 (E.D. La. 2016) (*citing* La. Civ. Code art. 3540).

[50] R. Doc. 158-1 at p. 6; R. Doc. 173 at pp. 2-3.  The Court notes that neither party has submitted a copy of the Attorney-Client contract in connection with the instant Motion.

this matter, including the applicable statute of limitations, or only issues of contract construction.

As explained by one of our sister courts, "Courts in this circuit have repeatedly construed similarly worded choice-of-law clauses to apply only to contract claims and not to tort claims arising out of the contractual relationship."[51]  Additionally, "Choice of law provisions that refer narrowly to the contract govern only matters of contract interpretation and enforcement."[52]  Thus, the Court agrees with the Nations Defendants that Plaintiffs' legal malpractice claim does not fall within the scope of the choice-of-law provision and that the claim is subject to a normal conflict-of laws analysis.

### 2. *Louisiana's Conflict-of-Laws Rules.*

In diversity cases such as this one, "federal courts are bound by the conflict-of-law rules of the state in which they are sitting."[53]  Thus, this Court is bound to apply Louisiana's choice-of-law rules.  "Under the Louisiana choice-of-law doctrine, the law of the state with a greater interest in the case will usually apply to substantive

---

[51] *McCann v. Best Buy Co., Inc.*, Civ. A. No. 17-00108-BAJ-RLB, 2018 WL 3244999, at *2 (M.D. La. July 3, 2018) (Jackson, C.J.) (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726-27 (5th Cir. 2003) (applying Texas choice-of-law principles and holding that choice-of-law clause stating that the "Agreement shall be governed by, and construed in accordance with, the internal laws of the State of New York" applied only to construction and interpretation of the contract and did not encompass plaintiff's claims of fraud and negligent misrepresentation); *Thompson & Wallace of Memphis, Inc. v. Falconwood Corp.*, 100 F.3d 429, 433 (5th Cir. 1996) (holding that a choice-of-law clause that applied to the "agreement and its enforcement" did not encompass tort claims because such claims were separate from the agreement and its enforcement)).

[52] *Wright's Well Control Servs, LLC v. Oceaneering Int'l, Inc.*, Civ. A. No. 15-1720, 2015 WL 7281618, at *11 (E.D. La. Nov. 16, 2015) (Vance, J.) (citing authority).

[53] *Donahue v. Republic Nat'l Distrib. Co., LLC*, 489 F. Supp. 3d 455, 461 (E.D. La. 2020) (Milazzo, J.) (citing *Kazan v. Comstock*, 270 F.2d 839 (5th Cir. 1959)); *Crase v. Astroworld, Inc.*, 941 F. 2d 265 (5th Cir. 1991).

issues."[54]   However, "because Louisiana law views statutes of limitations as procedural in nature, Louisiana courts customarily apply the law of the forum to the issue of limitations."[55]  Both this Court and the Fifth Circuit have made clear that Louisiana law regarding prescriptive and peremptive periods "should generally be applied to all civil suits brought in Louisiana courts, regardless of which state's law applies to the underlying substance of the suit."[56]   Accordingly, Louisiana's prescription and peremption rules apply to Plaintiffs' legal malpractice claim, even if Mississippi law ultimately applies to the substance of the claim.

### 3. The Nations Defendants Have Failed to Show that La. R.S. 9:5605 Applies to Plaintiffs' Legal Malpractice Claim.

The Court must next determine which prescriptive or peremptive period applies to Plaintiffs' legal malpractice claim.  The Court finds that the Nations Defendants have failed to show that La. R.S. 9:5605, which sets forth the prescriptive and peremptive period for legal malpractice claims, applies in this case.  That statute provides, in pertinent part, the following:

> No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year

---

[54] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F. Supp. 2d 611, 618 (E.D. La. 2013) (Milazzo, J.) (citing *Crase*, 941 F.2d 265).

[55] *AGEM*, 942 F. Supp. 2d at 618 (citing *Rohde v. Southeastern Drilling Co., Inc.*, 667 F.2d 1215 (5th Cir. 1982); *Wright v. Fireman's Fund Ins. Co.*, 522 F.2d 1376 (5th Cir. 1975); *Le Mieux Bros. Corp. v. Armstrong*, 91 F.2d 445 (5th Cir. 1937)).

[56] *Henry v. Duane Morris, LLP*, 210 Fed.Appx. 356, 358 (5th Cir. 2006) (citing La. Civ. Code art. 3549); *AGEM*, 942 F. Supp. 2d at 618 (citing *Wright*, 522 F.2d at 1378; *Santos v. Sacks*, 697 F. Supp. 275, 284 (E.D. La. 1988)).

from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.[57]

As Plaintiffs point out, at least one Louisiana appellate court has held that under the "clear express language in the statute, it applies only to attorneys duly admitted to practice in this state."[58] The Fifth Circuit and other Sections of this Court have likewise held that La. R.S. 9:5605 does not apply to out-of-state attorneys.[59] In doing so, the Fifth Circuit expressly declined to extend the statute's applicability to out-of-state attorneys because the Louisiana Supreme Court had not yet decided the issue.[60] The Fifth Circuit reasoned, "Because there is no guidance on the applicability of § 9:5605 to the facts at issue here, we decline to determine how the Louisiana Supreme Court would rule on this issue."[61] The Fifth Circuit ultimately held that, "Instead,

---

[57] La. R.S. 9:5605(A).

[58] *Trans Pac. Interactive, Inc. v. U.S. Telemetry Corp.*, 2016-0119, pp. 19-20 (La. App. 1 Cir. 9/16/16), 203 So.3d 1056, 1070 (citing *Titus v. Wilson*, 2015-0575 (La. App. 4 Cir. 12/4/15), 216 So.3d 928 (holding that "the one-year peremptive period provided by La. R.S. 9:5605 does not apply to an out-of-state attorney's representation of a client"); *Brennan's Inc. v. Colbert*, 2008-2573 (La. 1/9/09) 998 So.2d 721)). The Court notes that the trial courts in *Titus* and *Brennan's* both held that an out-of-state attorney was not "duly admitted" in Louisiana under La. R.S. 9:5605 until *pro hac vice* admission was granted. *Titus*, 2015-0575 at pp. 4-5, 216 So.3d at 931-32.

[59] *Thermo Credit, LLC v. Cordia Corp.*, Civ. A. No. 12-1454, 2013 WL 425930, at *7 (E.D. La. Feb. 4, 2013) (citing *Henry*, 210 Fed.Appx. 356); *See, Conwill v. Greenberg Traurig, LLP*, Civ. A. No. 09-4365, 2010 WL 3021553, at *5-6 (E.D. La. July 29, 2010) (Africk, J.) ("This Court will follow the Fifth Circuit's approach in *Henry* and it declines to apply Louisiana Revised Statute 9:5605 to plaintiff's claims."). *See also, Brown v. Slenker*, 220 F.3d 411, 427 (5th Cir. 2000) (Reavley, J., concurring) ("The one-year prescription period of LSA-R.S. 9:5605 only applies to claims against attorneys licensed to practice in Louisiana."). *But see, Evans v. Union Bank of Switzerland,* Civ. A. No. 01-1507, 2002 WL 31682787, at *7-8 (E.D. La. Nov. 25, 2002) (Engelhardt, J.) (finding the out-of-state law firm's construction of La. R.S. 9:5605 as applying to "any law firm whose activities are 'authorized' – that is, permitted, allowed, and not prohibited – under Louisiana law" was "both reasonable and logical.").

[60] *Henry*, 210 Fed.Appx. at 359.

[61] *Id.* (citing *In re Whitaker Constr. Co., Inc.*, 411 F.3d 197, 209 n.4 (5th Cir. 2005)).

we apply the more general, one-year prescriptive period in LA. CIV.CODE ANN. Art. 3492, which applies if a more specific peremptory period does not apply."[62]

Here, Plaintiffs assert that La. R.S. 9:5605 does not apply to their legal malpractice claims because none of the defendant lawyers or law firms are licensed to practice in Louisiana and, therefore, they are not "duly admitted to practice" in Louisiana.[63] The Nations Defendants did not address this issue in its Motion,[64] nor did they file a reply brief to address or contest these allegations. The Nations Defendants have also failed to address, or even acknowledge, the foregoing Fifth Circuit precedent on this issue. The Court notes that the Nations Defendants' Motion contains no allegation that they are licensed to practice law in Louisiana.[65] As such, the Nations Defendants have failed to show that they are "duly admitted to practice in this state," under La. R.S. 9:5605. For the same reasons, the Court finds that the other lawyer and law firm defendants who joined in the instant Motion, Nicks, Nicks Law, Motta, and Motta Law, have likewise failed to show that they are "duly admitted to practice in this state," under La. R.S. 9:5605. Following the approach of the Fifth Circuit and other Sections of this Court, the Court declines to apply La. R.S. 9:5605 to Plaintiffs' legal malpractice claims.[66] The Motion to Dismiss is therefore denied to the extent that the Nations Defendants seek the dismissal of Plaintiffs' legal malpractice claims as perempted under La. R.S. 9:5605.[67]

---

[62] *Henry*, 210 Fed.Appx. at 359 (citing *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 353-54 (La. 1992)).
[63] R. Doc. 173 at pp. 3 & 7.
[64] *See, generally*, R. Docs. 158 & 158-1.
[65] *Id*.
[66] *See, supra*, note 59.
[67] Because the Court has determined that La. R.S. 9:5605 is inapplicable in this case, the Court need not address the parties' arguments regarding the exception set forth in La. R.S. 9:5605(E), which

**4.** ***The Prescriptive Period Set Forth in La. Civ. Code art. 3492 Applies to Plaintiffs' Legal Malpractice Claim.***

The Court further finds, pursuant to Fifth Circuit precedent, that the liberal, one-year prescriptive period applicable to tort actions set forth in La. Civ. Code art. 3492 applies to Plaintiffs' legal malpractice claims.[68]  Under Article 3492, the prescriptive period "commences to run from the day injury or damage is sustained."[69] The Fifth Circuit, relying upon the Louisiana Supreme Court's interpretation of Article 3492, has held that a claim for legal malpractice begins accruing "when the plaintiff began to incur legal expenses as a result of investigating and correcting the malpractice," which, in that case, was when the plaintiff hired new counsel.[70]  The Fifth Circuit further held that, "The doctrine of *contra non valentem* is applicable to this prescriptive period."[71]  "Prescription may be suspended under the doctrine of *contra non valentem* if the cause of action is not known or reasonably knowable by the plaintiff."[72]  In such cases, "prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort."[73]  Further, "Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry."[74]

---

provides that, "The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953." *See*, R. Doc. 158-1 at pp. 15-16; R. Doc. 173 at pp. 3 & 7-8.

[68] *Henry v. Duane Morris, LLP*, 210 Fed.Appx. 356, 359 (5th Cir. 2006).

[69] La. Civ. Code art. 3492.

[70] *Henry*, 210 Fed.Appx. at 359 (citing *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 355 (La. 1992)).

[71] *Henry*, 210 Fed.Appx. at 359 (citing *Harvey*, 593 So.2d at 354).

[72] *KFC Corp. v. Iron Horse of Metairie Road, LLC*, Civ. A. No. 16-16791, 2018 WL 2431191, at *5 (E.D. La. May 30, 2018) (Vance, J.) (quoting *Wimberly v. Gatch*, 93-2361 (La. 4/11/94), 635 So.2d 206, 211) (internal quotation marks omitted).

[73] *Campo v. Correa*, 2001-2707, pp. 11-12 (La. 6/21/02), 828 So.2d 502, 510 (citing *Percy v. State, E.A. Conway Mem. Hosp.*, 478 So.2d 570 (La. App. 2 Cir. 1985)).

[74] *Campo*, 2001-2707 at p. 12, 828 So.2d at 510-11.

Here, the parties dispute when Plaintiffs' legal malpractice claim began accruing. Relying upon La. R.S. 9:5605, the Nations Defendants assert that the three-year peremptive period began accruing when the lawyer and law firm defendants allegedly failed to appeal the DHECC's decisions denying the Plaintiffs' BP Subsistence Claims, which left Plaintiffs with no recourse.[75] According to the Nations Defendants, Plaintiffs' appeal dates were February 17, 2017 for Deroche, October 13, 2016 for Tegart, December 30, 2016 for Cancienne, February 13, 2017 for Pellegrin, February 6, 2017 for Bascle, October 3, 2016 for Pitre, December 14, 2016 for Richard, and March 18, 2017 for Pierce.[76] Because Plaintiffs did not file their underlying lawsuits until July 6, 2020 and July 7, 2020, the Nations Defendants argue that Plaintiffs' claims are barred by the three-year peremptive period of La. R.S. 9:5605. The Court, having determined that La. R.S. 9:5605 does not apply to Plaintiffs' legal malpractice claims, rejects the Nations Defendants' arguments as baseless. More importantly, however, the Nations Defendants fail to address the doctrine of *contra non valentem* and Plaintiffs' assertion that they did not have constructive knowledge of the defendants' legal malpractice until after they retained new counsel in mid-2019.

In the Second Amended Complaint, Plaintiffs allege that they each executed a "Request for Change in Representation Status" beginning in May 2019, which allowed their newly retained counsel access to their BP Subsistence Claim file

---

[75] R. Doc. 158-1 at p. 9.
[76] *Id*. at pp. 10-15.

maintained by the DHECC.[77]  Plaintiffs allege that they were subsequently informed that their BP Subsistence Claims had been denied "as a result of the fraudulent and manipulated information that Defendants had submitted on his or her behalf in connection with his or her BP Subsistence Claim."[78]  The Second Amended Complaint, however, does not specify a date when Plaintiffs obtained this information.  In their Opposition brief, Plaintiffs assert that because the Nations Defendants never informed them of the malpractice they committed concerning Plaintiffs' BP Subsistence Claims, Plaintiffs were unaware of any wrongdoing or malpractice until after they retained new counsel and after counsel gained access to and reviewed the documents and information on each plaintiff's DHECC portal.[79]  Plaintiffs assert that their new counsel first gained access to Plaintiffs' DHECC portal from the Nations Defendants on the following dates:

- Dwayne Deroche: September 9, 2019
- Lloyd Cancienne, Jr.: July 25, 2019
- Dean Richard: September 9, 2019
- Gary Pierce: September 9, 2019
- Brett Bascle: June 18, 2019
- Darren Pitre: October 2, 2019
- Thomas Tegart: July 16, 2019.[80]

Thus, Plaintiffs allege that they lacked constructive knowledge of the Nations Defendants' alleged legal malpractice until sometime between June 18, 2019 and October 2, 2019.  The Nations Defendants have not contested these allegations.  Thus,

---

[77] R. Doc. 139 at ¶ 33.
[78] *Id.*
[79] R. Doc. 173 at p. 8.
[80] *Id.*

the foregoing plaintiffs had one year from the foregoing accrual dates in which to file their legal malpractice claims.

Both parties acknowledge that Louisiana's prescriptive and peremptive periods were extended by the Louisiana legislature beginning in March 2020 in response to the COVID-19 pandemic.[81]  Specifically, the Louisiana legislature enacted La. R.S. 9:5829, effective June 9, 2020, which provides, in pertinent part, the following:

> All prescriptions, including liberative, acquisitive, and the prescription of nonuse, abandonment periods, and all peremptive periods shall be subject to a limited suspension or extension during the time period of March 17, 2020, through July 5, 2020; however, the suspension or extension of these periods shall be limited and shall apply only if these periods would have otherwise expired during the time period of March 17, 2020, through July 5, 2020. The right to file a pleading or motion to enforce any right, claim, or action which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020.[82]

This statute impacts only the prescriptive period applicable to Bascle's legal malpractice claim, which began accruing on June 18, 2019.  Because the claim would have expired on June 18, 2020, the prescriptive period was suspended until July 6, 2020 under La. R.S. 9:5829(A).  Because the remaining plaintiffs' legal malpractice claims would have expired after July 5, 2020, the prescriptive period on those claims was not suspended under the statute.

There is no dispute between the parties that both the *Henry* matter and the *Billiot* matter were filed on July 6, 2020.[83]  As such, Plaintiffs have alleged sufficient

---

[81] R. Doc. 158-1 at pp. 7-8; R. Doc. 173 at p. 8.
[82] La. R.S. 9:5829(A).
[83] *See*, R. Doc. 1 at ¶ 1; R. Doc. 1 at ¶ 1 in the *Billiot* matter; R. Doc. 173 at p. 8 & n.20.

facts to show that the legal malpractice claims of the *Henry* and *Billiot* plaintiffs – Deroche, Cancienne, Richard, Bascle, Pitre and Tegart – were timely-filed under La. Civ. Code art. 3492.  To the extent that the parties disagree regarding whether the *Pierce* matter was filed on July 6, 2020 or July 7, 2020,[84] the Court finds this dispute inconsequential because Plaintiffs have alleged that Pierce's legal malpractice claim did not begin to run until September 9, 2019 and, therefore, did not expire until September 9, 2020.[85]  The Nations Defendants have not challenged this assertion.  As such, the Court finds that Plaintiffs have alleged sufficient facts to show that Pierce's legal malpractice claim was timely-filed under Article 3492.

Based on the foregoing analysis, the Court finds that the Nations Defendants have failed to show that Plaintiffs' legal malpractice claim should be dismissed as perempted under La. R.S. 9:5605.  The Court further finds that Plaintiffs have alleged sufficient facts to show that their legal malpractice claim was timely-filed under La. Civ. Code art. 3492.  Accordingly, the Motion to Dismiss is denied to the extent that the Nations Defendants seek the dismissal of Plaintiffs' legal malpractice claims as time-barred under La. R.S. 9:5605.

## B. Plaintiffs Have Failed to State a Claim for Fraud Against the Nations Defendants.

The Court further finds that Plaintiffs have failed to state a claim against the Nations Defendants for fraud.  As the Nations Defendants point out, Fed. R. Civ. P. 9(b) requires that a plaintiff alleging fraud must state the circumstances constituting

---

[84] *See*, R. Doc. 173 at p. 8 & n. 20; R. Doc. 158-1 at pp. 4 & 15; R. Doc. 1 at ¶ 1 in the *Pierce* matter.
[85] R. Doc. 173 at p. 8.

fraud with particularity.[86]   The Fifth Circuit has instructed that, "We treat a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted."[87]   Additionally, "Fifth Circuit precedent interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[88] However, fraud may be pleaded on information and belief when the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge.[89]

Here, the Second Amended Complaints does not satisfy this standard.   In their Opposition brief, Plaintiffs claim that the following allegations in their Second Amended Complaint plead fraud with sufficient particularity:

- Defendants, individually and through their joint venture, manipulated the information provided by Plaintiffs for submission of their particular BP Subsistence Claim.   This was a material misrepresentation of information, intended by the Defendants to artificially inflate the claimants' losses in order to recover an inflated attorney fee, which was fixed at twenty-five (25%) of the Claimants' recovery.
- Plaintiffs would not have consented to the Attorney-Client Contract or to representation by Defendants if they had known Defendants would materially misrepresent their claimant information.
- Defendants' failure to comply with their duties to inform and disclose to each Plaintiff that his or her BP Subsistence Claim contained disqualifying amounts was an intentional concealment and suppression of the truth intended to deceive each Plaintiff by causing him or her to believe that Defendants were properly prosecuting his or her BP Subsistence Claim.

---

[86] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996) (*citing* Fed. R. Civ. P. 9(b)).
[87] *Lovelace*, 78 F.3d at 1017 (citing *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993)).
[88] *In re JCC Envtl. Inc.*, 575 B.R. 692, 699 (E.D. La. 2017) (quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009)) (internal quotation marks omitted).
[89] *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 385 (5th Cir. 2003) (citing *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).

- Defendants manipulated claimant data with inaccurate and fraudulent claim information.
- Defendants had sole access to notices received by DHECC for each Plaintiff but failed to communicate the receipt of notices and failed to provide their clients with accurate facts.
- Defendants, without consultation or communication with Plaintiffs, unilaterally signed and submitted amended claim forms that were patently incorrect, inaccurate, and false.
- Each Plaintiff's claim was denied due to Defendants' actions and inactions, including but not limited to their unreasonable and inconsistent claimant data submitted on each Plaintiff's claim forms and sworn statements.
- Defendants intentionally deceived Plaintiffs regarding the factual reasons for their particular claim denial.
- As a direct and proximate result of Defendants' deceptive actions and inactions, fraud, intentional misrepresentations, and concealment of material information, each Plaintiff suffered an economic loss.[90]

Plaintiffs, however, provide no specific details regarding the "who, what, when, where, and how" of the alleged fraud that was perpetrated through these alleged actions and inactions by the Nations Defendants, and make no allegations regarding the Nations Defendants' personal involvement therein.[91]  As such, the Court finds that Plaintiffs have failed to state a claim for fraud against the Nations Defendants. For the same reasons, the Court finds that Plaintiffs have failed to state a claim for fraud against the other attorney-defendants, Nicks, Nicks Law, Motta, and Motta Law, who joined in the Nations Defendants' Motion.  As such, the Motion to Dismiss is granted to the extent that the Nations Defendants seek the dismissal of Plaintiffs' fraud allegations for failure to allege fraud with sufficient particularity under Fed. R. Civ. P. 9(b).

---

[90] R. Doc. 173 at pp. 10-11 (*quoting* R. Doc. 139 at ¶¶ 17, 23, 39, 40, & 41).
[91] *United States ex rel. Gilbert v. Dizney*, Civ. A. No. 03-437, 2007 WL 9752048, at *1 (E.D. La. Aug. 3, 2007) (Feldman, J.) (quoting *United States ex. rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)) (internal quotation marks omitted).

### C. Leave to Amend.

Plaintiffs' Opposition brief does not contain a request for leave to amend their Second Amended Complaint in the event that the Court finds their allegations fail to state a claim for fraud with sufficient particularity under Fed. R. Civ. P. 9(b). While this Court will "freely give leave [to amend] when justice so requires,"[92] leave to amend "is by no means automatic."[93] In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[94] "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[95]

Applying those factors here, the Court finds that leave to amend is not warranted in this case due to the dilatory motive of the Plaintiffs, their repeated failure to cure the deficiencies by amendments previously allowed, and because doing so would cause undue delay. Prior to Plaintiffs seeking leave to file their Second Amended Complaint, some of the lawyer and law firm defendants had filed motions for more definite statement under Fed. R. Civ. P. 12(e), specifically asserting that Plaintiffs' allegations in their state court Petitions failed to meet the pleading standard for fraud under Fed. R. Civ. P. 9(b).[96] Thus, Plaintiffs have been on notice

---

[92] Fed. R. Civ. P. 15(a).

[93] *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted).

[94] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).

[95] *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).

[96] R. Docs. 33, 42, 46, & 67.

of the alleged deficiencies in their fraud allegations since at least December 2, 2020,[97] and had an opportunity to address the deficiencies when they sought leave to file their Second Amended Complaint on February 18, 2021.[98] Plaintiffs, however, declined the opportunity to do so.

The Court further finds that Plaintiffs' counsel were on notice of these deficiencies even earlier based upon counsel's representation of a different set of plaintiffs asserting identical claims against the same lawyer and law firm defendants in a related case, Civ. A. No. 19-10356, *Gaudet v. Howard Nations, APLC* (the "*Gaudet* matter"). The Court points out that Plaintiffs cite the *Gaudet* matter in their Opposition brief in explaining why their fraud claim has been asserted with sufficient particularity.[99] This Court issued three separate Orders in the *Gaudet* matter, on October 16, 2020,[100] June 8, 2021,[101] and June 16, 2021,[102] finding the allegations of fraud in that case were insufficient under Fed. R. Civ. P. 9(b) as to all of the lawyer and law firm defendants except for Howard and Cindy Nations. Moreover, as set forth in the Motion to Consolidate Three *Henry* Lawsuits With the *Gaudet* Lawsuit, currently pending before the Court in this matter, the plaintiffs in the two lawsuits are represented by the same attorneys, they have sued the same lawyers and law firms based upon their alleged representation of the plaintiffs in connection with their BP Subsistence Claims, and the lawyer and law firm defendants are represented by

---

[97] R. Doc. 33.
[98] R. Doc. 105.
[99] R. Doc. 173 at p. 11 & n. 33.
[100] R. Doc. 234 in the *Gaudet* matter.
[101] R. Doc. 357 in the *Gaudet* matter.
[102] R. Doc. 372 in the *Gaudet* matter.

the same lawyers in both cases.[103]  While the professional liability defendants in this case are not named as defendants in the *Gaudet* matter, that fact is of no consequence in terms of Plaintiffs' counsel's awareness of the foregoing rulings in the *Gaudet* matter.  The Court further notes that it has conducted joint status conferences with counsel in this case and counsel in the *Gaudet* matter, and that the United States Magistrate Judge has likewise held a joint settlement conference for both cases.[104]

Based on the specific facts of this case, as set forth above, the Court concludes that justice does not require granting Plaintiffs an additional opportunity to amend their Second Amended Complaint.  The Fifth Circuit has made clear that a plaintiff should not be granted leave to amend after being afforded repeated opportunities to do so.[105]  As such, Plaintiffs' fraud claim must be dismissed with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) For Failure to State a Claim Upon Which Relief May be Granted[106] is **GRANTED in part** and **DENIED in part.**  The Motion is **DENIED** to the extent that the Nations Defendants

---

[103] *See*, R. Doc. 207-1 at pp. 1-2.

[104] *Id*. at pp. 2-3; *See,* R. Docs. 195 & 196; R. Docs. 414 & 421 in the *Gaudet* matter.

[105] *See, Torch Liquidating Trust ex rel. Bridge Assoc. LLC v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (finding that plaintiff had ample opportunity to cure noted defects through a prior amendment and that "justice does not require allowing plaintiff additional opportunity to amend"); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004) (finding the Louisiana court did not abuse its discretion by refusing to allow a third amendment, noting that the Louisiana court had refused to allow a third amended complaint and stated that, "'pleading review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right.  One opportunity to amend, in the face of motions that spelled out the asserted defects in the original pleadings, was sufficient under the circumstances.'"); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (holding leave to amend was properly denied where the relator had previously filed two amended complaints).

[106] R. Doc. 158.

seek to dismiss Plaintiffs' legal malpractice claim as perempted under La. R.S. 9:5605. The Motion, however, is **GRANTED** to the extent that the Nations Defendants seek to dismiss Plaintiffs' fraud claim, and that claim is **DISMISSED WITH PREJUDICE** as to the Nations Defendants, as well as the defendants who joined in the Motion, Joseph A. Motta, Attorney at Law, APLC, Joseph A. Motta, Shantrell Nicks, and the Nicks Law Firm, LLC.[107]

New Orleans, Louisiana, March 17, 2022.

WENDY B. VITTER
**United States District Judge**

---

[107] R. Docs. 168 & 169.