UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON HENRY, JR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2995-WBV-JVM**<br>**c/w 20-2997-WBV-JVM**<br>**c/w 20-2998-WBV-JVM** |
| **MAXUM INDEMNITY COMPANY, ET AL.** | **SECTION "D" (1)** |

### ORDER AND REASONS[1]

Before the Court is a Motion to Dismiss Under FRCP 12(b)(6), filed by defendants, Maxum Indemnity Company, QBE Insurance Corporation, and Landmark American Insurance Company (collectively, the "Insurer Defendants").[2] Plaintiffs oppose the Motion.[3]

In the Motion, the Insurer Defendants seek to dismiss the legal malpractice claims of plaintiffs, Dwayne Deroche, Brett Bascle, Lloyd Cancienne, Jr., Troy Pellegrin, Darren Pitre, Dean Richard, Thomas Tegart, and Gary Pierce (collectively, "Plaintiffs"), as perempted under La. R.S. 9:5605, and seek to dismiss Plaintiffs' claims of fraud for failure to plead them with particularity, as required by Fed. R. Civ. P. 9.[4] The Insurer Defendants contend that Plaintiffs have asserted claims against them under the Louisiana Direct Action statute, La. R.S. 22:1269, alleging that the Insurer Defendants issued liability insurance policies to defendants, Howard L. Nations, APC, Howard L. Nations, and Cindy L. Nations (collectively, the "Nations

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 20-cv-2995.
[2] R. Doc. 154.
[3] R. Doc. 173.
[4] R. Doc. 154. The Court notes that Troy Pellegrin was dismissed from this litigation on March 23, 2021. R. Doc. 127.

Defendants"), that provide coverage for liability that the Nations Defendants may have to the Plaintiffs in this matter.[5] The Insurer Defendants assert that the Nations Defendants have filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), seeking identical relief sought by the Insurer Defendants.[6] Because the Insurer Defendants have been named as defendants solely in their capacity as alleged insurers of the Nations Defendants, the Insurer Defendants argue that they are entitled to the same relief afforded to the Nations Defendants on their motion to dismiss. The Insurer Defendants contend that it is axiomatic that if the Nations Defendants have no liability for the legal malpractice and fraud claims asserted against them, then the Insurer Defendants can have no liability for those claims, either.

Plaintiffs filed one Opposition brief in response to the instant Motion and the motion to dismiss filed by the Nations Defendants, arguing that their legal malpractice claim was timely-filed and that they have alleged fraud with sufficient particularity under Rule 9(b).[7] While Plaintiffs address the arguments asserted by the Nations Defendants, they do not address the arguments asserted by the Insurer Defendants in their Motion.[8]

On March 17, 2022, this Court issued an Order and Reasons, granting in part and denying in part the Nations Defendants' motion to dismiss, denying their request to dismiss Plaintiffs' legal malpractice claim as time-barred, but granting their

---

[5] R. Doc. 154 at pp. 1-2.
[6] *Id*. at p. 2 (*citing* R. Doc. 153). The Court notes that the motion to dismiss filed as R. Doc. 153 was marked as deficient and was re-filed as R. Doc. 158.
[7] R. Doc. 173 at pp. 1-2.
[8] *See, generally*, R. Doc. 173.

request to dismiss Plaintiffs' fraud claim for failure to plead it with sufficient particularity under Fed. R. Civ. P. 9(b).[9] In light of that Order, and in accordance with La. R.S. 22:1269, the Insurer Defendants' Motion is granted to the extent that they seek the dismissal of Plaintiffs' fraud claim, which is dismissed with prejudice as to the Insurer Defendants. For the same reasons, the Motion is denied to the extent that the Insurer Defendants seek to dismiss Plaintiffs' legal malpractice claim as time-barred under La. R.S. 9:5605.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Under FRCP 12(b)(6), filed by defendants, Maxum Indemnity Company, QBE Insurance Corporation, and Landmark American Insurance Company,[10] is **GRANTED in part** and **DENIED in part.** The Motion is **DENIED** to the extent that the Insurer Defendants seek to dismiss Plaintiffs' legal malpractice claim as perempted under La. R.S. 9:5605. The Motion, however, is **GRANTED** to the extent that the Insurer Defendants seek to dismiss Plaintiffs' fraud claim, and that claim is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, March 18, 2022.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[9] *See,* R. Doc. 223.
[10] R. Doc. 154.