UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON HENRY, JR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2995-WBV-JVM**<br>**c/w 20-2997-WBV-JVM**<br>**c/w 20-2998-WBV-JVM** |
| **MAXUM INDEMNITY COMPANY, ET AL.** | **SECTION "D" (1)** |

### ORDER AND REASONS[1]

Before the Court is a Motion to Dismiss Under FRCP 12(b)(6), filed by defendant, Capitol Specialty Insurance Corporation ("Capitol Specialty").[2] Plaintiffs oppose the Motion.[3]

In the Motion, Capitol Specialty seeks to dismiss the legal malpractice claims of plaintiffs, Dwayne Deroche, Brett Bascle, Lloyd Cancienne, Jr., Troy Pellegrin, Darren Pitre, Dean Richard, Thomas Tegart, and Gary Pierce (collectively, "Plaintiffs"), as perempted under La. R.S. 9:5605, and seek to dismiss Plaintiffs' claims of fraud for failure to plead them with particularity, as required by Fed. R. Civ. P. 9.[4] Capitol Specialty contends that Plaintiffs have asserted claims against it under the Louisiana Direct Action statute, La. R.S. 22:1269, alleging that Capitol Specialty issued liability insurance policies to defendants, Howard L. Nations, APC, Howard L. Nations, and Cindy L. Nations (collectively, the "Nations Defendants"), that provide coverage for liability that the Nations Defendants may have to the

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 20-cv-2995.
[2] R. Doc. 162.
[3] R. Doc. 173.
[4] R. Doc. 162. The Court notes that Troy Pellegrin was dismissed from this litigation on March 23, 2021. R. Doc. 127.

1

Plaintiffs in this matter.[5]  Capitol Specialty asserts that the Nations Defendants have filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), seeking identical relief.[6] Because Capitol Specialty has been named as a defendant solely in its capacity as an alleged insurer of the Nations Defendants, Capitol Specialty argues that it is entitled to the same relief afforded to the Nations Defendants on their motion to dismiss. Capitol Specialty contends that it is axiomatic that if the Nations Defendants have no liability for the legal malpractice and fraud claims asserted against them, then Capitol Specialty can have no liability for those claims, either.

Plaintiffs filed one Opposition brief in response to the instant Motion and the motion to dismiss filed by the Nations Defendants, arguing that their legal malpractice claim was timely-filed and that they have alleged fraud with sufficient particularity under Rule 9(b).[7]  While Plaintiffs address the arguments asserted by the Nations Defendants, they do not address the arguments asserted by Capitol Specialty in its Motion.[8]

On March 17, 2022, this Court issued an Order and Reasons, granting in part and denying in part the Nations Defendants' motion to dismiss, denying their request to dismiss Plaintiffs' legal malpractice claim as time-barred, but granting their request to dismiss Plaintiffs' fraud claim for failure to plead it with sufficient particularity under Fed. R. Civ. P. 9(b).[9]  In light of that Order, and in accordance

---

[5] R. Doc. 162 at pp. 1-2.
[6] *Id*. at p. 2 (*citing* R. Doc. 153).  The Court notes that the motion to dismiss filed as R. Doc. 153 was marked as deficient and was re-filed as R. Doc. 158.
[7] R. Doc. 173 at pp. 1-2.
[8] *See, generally*, R. Doc. 173.
[9] *See,* R. Doc. 223.

with La. R.S. 22:1269, Capitol Specialty's Motion is granted to the extent that it seeks the dismissal of Plaintiffs' fraud claim, which is dismissed with prejudice as to Capitol Specialty. For the same reasons, the Motion is denied to the extent that Capitol Specialty seeks to dismiss Plaintiffs' legal malpractice claim as time-barred under La. R.S. 9:5605.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Under FRCP 12(b)(6), filed by defendant, Capitol Specialty Insurance Corporation,[10] is **GRANTED in part** and **DENIED in part.** The Motion is **DENIED** to the extent that Capitol Specialty seeks to dismiss Plaintiffs' legal malpractice claim as perempted under La. R.S. 9:5605. The Motion, however, is **GRANTED** to the extent that Capitol Specialty seeks to dismiss Plaintiffs' fraud claim, and that claim is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, March 18, 2022.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[10] R. Doc. 162.