**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**BRANDON HENRY, JR., ET AL.**                    **CIVIL ACTION**

                                                 **NO. 20-2995-WBV-JVM**
**VERSUS**                                        **c/w 20-2997-WBV-JVM**
                                                 **c/w 20-2998-WBV-JVM**

**MAXUM INDEMNITY COMPANY, ET AL.**        **SECTION "D" (1)**

## ORDER and REASONS[1]

Before the Court is a Motion to Consolidate Three *Henry* Lawsuits With the
*Gaudet* Lawsuit, filed by Landmark American Insurance Company ("Landmark") and
Capitol Specialty Insurance Corporation ("Capitol Specialty").[2]  Plaintiffs oppose the
Motion.[3]  Defendants, Howard L. Nations, APC, Howard L. Nations, and Cindy L.
Nations (collectively, the "Nations Defendants"), also oppose the Motion.[4]  Landmark
and Capitol Specialty have filed a Reply, addressing both Opposition briefs.[5]  After
careful consideration of the parties' memoranda and the applicable law, the Motion
is **DENIED.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND[6]

This consolidated matter arises from the BP Deepwater Horizon oil spill that
occurred on April 20, 2010.  Three separate lawsuits were filed regarding the alleged
actions and inactions of certain attorneys and law firms while representing the

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in
the master file of this consolidated matter, 20-cv-2995.
[2] R. Doc. 207.
[3] R. Doc. 210.
[4] R. Doc. 211.
[5] R. Doc. 215.
[6] The factual and procedural background of this case was set forth in extensive detail in the Court's
March 17. 2022 Order and Reasons (R. Doc. 223) and, for the sake of brevity, will not be repeated here.

interests of the plaintiffs in the Deepwater Horizon Economic and Property Damage Settlement Program (the "BP Settlement Program"), in which members of the Economic and Property Damages Settlement Class ("BP Class") made claims to be compensated for their subsistence losses caused by the BP oil spill.[7]  The plaintiffs in each lawsuit allege that they were solicited by Howard L. Nations, APC, Howard L. Nations, Cindy L. Nations, The Nicks Law Firm, LLC, Shantrell Nicks, Rueb & Motta, APLC, The Rueb Law Firm, APLC, Joseph A. Motta, Attorney at Law, APLC, Joseph A. Motta, and Gregory D. Rueb (collectively, the "Attorney Defendants"), to file BP Subsistence Claims stemming from the BP oil spill.  The plaintiffs further allege that the Attorney Defendants filed a claim on behalf of each plaintiff, received a DHECC Incompleteness Notice, Denial Notice FWA Notice, or Appeal Denial regarding each plaintiff's BP Subsistence Claim, submitted amended claim forms for each plaintiff that were patently incorrect, inaccurate, and false, and that, due to those actions, each plaintiff's BP Subsistence Claim was denied.[8]  As a result, the plaintiffs sued the Attorney Defendants for breach of contract, legal malpractice, and fraud, and later named several professional liability insurers as additional defendants.[9]  The three cases were removed to this Court and consolidated at the request of the parties (hereinafter referred to as the "*Henry* matter").[10]

---

[7] R. Doc. 139 at ¶¶ 7-41.  *See*, R. Doc. 1-1 in Civil Action No. 20-2995, *Brandon Henry, et al. v. Maxum Indem. Co., et al.*; R. Doc. 1-1 in Civil Action No. 20-2997, *Charles Billiot, Jr., et al.  v. Maxum Indem. Co., et al.*; R. Doc. 1-1 in Civil Action No. 20-2998, *Gary Pierce v. Maxum Indem. Co., et al.*
[8] R. Doc. 139 at ¶ 17.
[9] R. Doc. 139.
[10] *See*, R. Docs. 1, 34, & 40.

Landmark and Capitol Specialty, two of the professional liability insurers, filed the instant Motion, seeking to consolidate this case with Civil Action No. 19-10356, *Deborah A. Gaudet, et al. v. Howard L. Nations, APC, et al.* (the "*Gaudet* matter"), which is also pending before this Court.[11]   Landmark and Capitol Specialty assert that the plaintiffs in the *Henry* and *Gaudet* matters have both sued the Attorney Defendants based on their alleged representation of the plaintiffs in connection with their BP Subsistence Claims.[12]   Landmark and Capitol Specialty allege that the cases should be consolidated for discovery and trial purposes under Fed. R. Civ. P. 42 because: (1) the four lawsuits are all pending before this Court; (2) the four lawsuits involve plaintiffs who are making similar claims against the same Attorney Defendants; (3) consolidation will not result in or risk causing confusion or prejudice to the trier of fact; (4) confusion or prejudice will likely occur if the lawsuits are not consolidated; (5) the claims asserted in the four lawsuits arise out of the same or similar factual allegations; (6) there is a material risk of inconsistent adjudications if the common questions of law and facts relating to liability and damages are separately tried; (7) consolidation will conserve judicial resources and serve and promote the interests of judicial efficiency and economy; and (8) consolidating the four lawsuits should materially mitigate and reduce the parties' costs, expenses, and fees that would otherwise result if the two lawsuits proceed through the remainder of the discovery process and trial twice.[13]   Landmark and Capitol Specialty also assert that

---

[11] R. Doc. 207.
[12] R. Doc. 207-1 at pp. 1-2.
[13] *Id.* at pp. 4-5 (citing *Pride Centric Res., Inc. v. LaPorte*, Civ. A. No. 19-10163 c/w 19-10696, 2020 WL 7245066, at *2 (E.D. La. Dec. 9, 2020) (Vitter, J.)).

the *Henry* and *Gaudet* matters "involve interrelated factual issues on which a jury will need to be educated, and which will involve a significant overlap in witnesses" and exhibits.[14]   Relying upon this Court's ruling granting consolidation in *Pride Centric Resources, Inc. v. LaPorte*, Landmark and Capitol Specialty seem to suggest that the facts in the *Henry* and *Gaudet* matter are inextricably intertwined, such that consolidation would promote the interests of judicial efficiency and economy.[15]

Plaintiffs oppose consolidation, asserting that while the cases are pending before the same Court and involve some common parties and basic facts, the risk of juror confusion greatly outweighs any benefit of consolidation.[16]   Plaintiffs point out that the *Henry* plaintiffs were excluded from the *Gaudet* matter, which was originally filed as a class action, because the *Gaudet* plaintiffs allege that their BP Subsistence Claims were denied because they were either: (1) never filed; (2) untimely filed; or (3) filed without the required documentation.[17]   In contrast, the *Henry* plaintiffs allege that their BP Subsistence Claims were filed and denied post-review, due to distinct acts of malpractice and contractual breaches during post-review consideration.[18]   Distinguishing the *Pride* case relied upon by Landmark and Capitol Specialty, Plaintiffs claim that the *Henry* and *Gaudet* matters do not rely upon each other's facts, and that a finding of malpractice for a *Gaudet* plaintiff has no bearing on any *Henry* plaintiff, and vice versa.[19]

---

[14] R. Doc. 207-1 at pp. 5-6.
[15] *Id*. at pp. 6-7 (*citing* Civ. A. No. 19-10163, 2020 WL 7245066 at *3).
[16] R. Doc. 210 at pp. 2 & 3.
[17] *Id*. at p. 4.
[18] *Id*.
[19] *Id*. (citing *Pride*, Civ. A. No. 19-10163, 2020 WL 7245066).

Plaintiffs further assert that consolidating the two cases could cause juror confusion because the jury would be required to hear evidence on the entire pre-review process for BP Subsistence Claims as to the *Gaudet* plaintiffs, as well as evidence on the entire post-review process for the *Henry* plaintiffs.  Plaintiffs maintain that while there is some overlap of basic facts, the *Gaudet* trial will focus on the pre-review phase because that is where the alleged malpractice occurred, while the *Henry* trial will focus on the post-review phase because that is where the alleged malpractice occurred in that case.[20]  Finally, Plaintiffs assert that consolidation for discovery purposes would likewise be inappropriate because the cases are in different stages of preparedness for trial.[21]  According to Plaintiffs, there has been extensive discovery in the *Gaudet* matter and only limited discovery in the *Henry* matter.  As a result, Plaintiffs argue that the Motion to Consolidate should be denied.

The Nations Defendants also oppose consolidation, asserting that it may lead to jury confusion and, more importantly, that Capitol Specialty seeks consolidation to avoid providing coverage, including a defense and indemnity in the *Henry* matter to its insureds, the Nations Defendants.[22]  The Nations Defendants explain that their policy with Capitol Specialty provides $3 million of coverage for the policy period of January 25, 2020 to January 25, 2021, and provides coverage "on a claims made and reported basis and applies only to claims first made against the insured during the policy period."[23]  While the *Henry* matter was filed in July 2020, within the policy

---

[20] R. Doc. 210 at p. 4.
[21] *Id*. at p. 5.
[22] R. Doc. 211 at p. 1.
[23] *Id*. at pp. 1-2 (*citing* R. Doc. 211-1).

period, the policy contains a provision that claims arising out of the same wrongful act are deemed to be made at the time the earliest claim was made.[24]  According to the Nations Defendants, Capitol Specialty contends that this policy provision absolves it of any duty to defend or pay indemnity arising from the *Henry* matter and places responsibility for coverage within an earlier policy period when the *Gaudet* matter was filed against the Nations Defendants.[25]  The Nations Defendants claim that Capitol Specialty's apparent plan is to seek and obtain consolidation and then assert that the very act of consolidation is evidence that it need not provide any coverage for the *Henry* matter.[26]

The Nations Defendants argue that extensive differences between the *Gaudet* and *Henry* matters unmistakably show that coverage for the *Henry* matter rests with Capitol Specialty.  Like Plaintiffs, the Nations Defendants point out that the *Gaudet* plaintiffs contend that their BP Subsistence Claims were not considered because they were never filed, filed too late, or filed with insufficient documentation, whereas the *Henry* plaintiffs assert that their BP Subsistence Claims were considered by the DHECC, but were denied based upon the way the Attorney Defendants handled their claims and appeals.[27]  While the Nations Defendants do not oppose consolidation for discovery purposes, they oppose consolidation for trial purposes due to the risk of jury confusion.[28]

---

[24] R. Doc. 211 at p. 2.  *See*, R. Doc. 211-1.
[25] R. Doc. 211 at p. 2.
[26] *Id*.
[27] *Id*. at p. 5.
[28] *Id*. at p. 3.

In response to Plaintiffs' Opposition brief, Landmark and Capitol Specialty assert that Plaintiffs admitted that the evidence is cumulative and will overlap in the *Henry* and *Gaudet* matters, and contend that any risk of jury confusion can be addressed with jury instructions and a special verdict form.[29]  Then, for the first time, Landmark and Capitol Specialty contest the Court's decision to try the *Henry* matter in several sets or flights on the issue of liability and damages, asserting that conducting three or four flights of separate trials would be costly, time constraining, and result in duplicative litigation and proceedings.[30]  Citing Seventh Amendment concerns regarding similar facts and issues being adjudicated by different juries in separate trials, Landmark and Capitol Specialty contend that these constitutional concerns and the interests of judicial efficiency and economy will be best served by consolidating the *Henry* and *Gaudet* matters and conducting a single trial. [31] Alternatively, if the Court denies consolidation, Landmark and Capitol Specialty ask the Court to consider scheduling the *Gaudet* matter for trial before the first set of *Henry* plaintiffs, since the *Gaudet* matter was filed over a year before the *Henry* matter and "no material discovery has been undertaken" in the *Henry* matter.[32]

In response to the Nations Defendants' Opposition brief, and their assertion that the *Henry* and *Gaudet* matters are factually distinct based upon when the alleged legal malpractice occurred in each case,  Landmark and Capitol Specialty

---

[29] R. Doc. 215 at pp. 2-3.
[30] *Id*. (*citing* R. Doc. 208).
[31] R. Doc. 215 at p. 3.
[32] *Id*. at pp. 3-4.

contend that, "This single factor does not preclude consolidation."[33]  Landmark and Capitol Specialty assert that every *Gaudet* and *Henry* plaintiff has alleged that: (1) they suffered economic damages resulting from the BP oil spill; (2) they were solicited by the Attorney Defendants based on those damages; and (3) they subsequently began the claims-filing process with the Attorney Defendants through the DHECC to recover for those damages.[34]  Landmark and Capitol Specialty maintain that, under this Court's precedent, "consolidation is clearly favored."[35]  Landmark and Capitol Specialty contend that this is apparent by "the complete lack of analysis or supporting caselaw in the Nations Defendants' Opposition, which simply concludes that the similarities between the *Gaudet* lawsuit and the three *Henry* lawsuits do not meet the criteria for consolidation outlined by the Fifth Circuit."[36]  Landmark and Capitol Specialty do not address the Nations Defendants' allegation that Capitol Specialty's arguments for consolidation are pretextual and that it seeks consolidation in an attempt to avoid providing coverage to the Nations Defendants in the *Henry* matter.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) provides that, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."[37]  The Fifth Circuit has instructed

---

[33] R. Doc. 215 at pp. 4-5.
[34] *Id*. at p. 5.
[35] *Id*. (*citing* R. Doc. 207-1 at pp. 3-6).
[36] R. Doc. 215 at p. 5.
[37] Fed. R. Civ. P. 42(a).

that, "Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion."[38]  A district court has broad discretion in determining whether to consolidate matters.[39]  "Consolidation is a tool designed to advance the interests of equity, efficiency, and judicial economy.  However, where consolidation would result in prejudice to the rights of either party, interests of efficiency and economy must give way."[40]

In determining whether consolidation is appropriate, courts in this Circuit consider a number of factors, including: (1) whether the actions are pending before the same court; (2) whether common parties are involved in the cases; (3) whether there are common questions of law and/or fact; (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, whether the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately.[41]  Importantly, however, "Consolidation does not so completely merge the two cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately,

---

[38] *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984).

[39] *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985) (quoting *N.A.A.C.P. of Louisiana v. Michot*, 480 F.2d 547, 548 (5th Cir. 1973)) (quotation marks omitted).

[40] *Advocacy Ctr. v. Kliebert*, Civ. A. No. 15-751-SDD-RLB, 14-507-SDD-RLB, 2016 WL 3660497, at *1 (M.D. La. Feb. 3, 2016) (Dick, J.).

[41] *Danos v. Boh Brothers Construction Co.*, Civ. A. No. 10-1469,  2010 WL 11538659, at *2 (E.D. La. July 21, 2010) (Lemelle, J.) (quoting *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, Civ. A. Nos. H-01-3624, H-04-0088, H-04-0087, H-03-5528, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007) (Harmon, J.)) (quotation marks omitted).

for the two suits retain their separate identities and each requires the entry of a separate judgment."[42]

### III.  ANALYSIS

While there are some overlapping facts between the *Henry* and *Gaudet* matters, the Court, exercising its broad discretion, finds that consolidation is not appropriate under Fed. R. Civ. P. 42(a).  While the two actions are pending before this Court and involve many of the same defendants, the Court agrees with Plaintiffs and the Nations Defendants that there is a significant risk of jury confusion if the cases are consolidated, based upon the distinct facts of each case.  As Plaintiffs and the Nations Defendants point out, the *Gaudet* plaintiffs assert claims of breach of contract, legal malpractice, and fraud based upon the Attorney Defendants' actions and inactions surrounding the filing of their BP Subsistence Claims, alleging that their BP Subsistence Claims were either never filed, untimely filed, or filed without the required documentation.[43]  In contrast, the *Henry* plaintiffs seem to assert claims for breach of contract, legal malpractice, and fraud based upon the Attorney Defendants' actions and inactions *after* their BP Subsistence Claims were filed and reviewed by DHECC, alleging that their BP Subsistence Claims were denied based upon the actions and inactions of the Attorney Defendants in the post-review process.[44]  The Court finds that presenting the jury with information regarding the pre-review process for the *Gaudet* plaintiffs and the post-review process for the *Henry*

---

[42] *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984) (citations omitted).
[43] *See*, R. Docs. 1, 45, 99, & 236 in the *Gaudet* matter.
[44] R. Doc. 139.

plaintiffs is likely to cause juror confusion, and that consolidation will not reduce the time or cost of trying the cases separately.

In light of these factual distinctions between the *Henry* and *Gaudet* matters, the Court further finds that there is no risk of inconsistent adjudications of common factual or legal questions if the cases are tried separately.  On this issue, the Court agrees with Plaintiffs that a finding of liability in the *Gaudet* matter, based upon the actions or inactions of the Attorney Defendants in the pre-review process, has no bearing on the claims of the *Henry* plaintiffs regarding the actions or inactions of the Attorney Defendants in the post-review process.  The Court further finds that the claims of the *Gaudet* plaintiffs and the *Henry* plaintiffs are not "interconnected" or "intertwined" as they were in the *Pride Centric Resources, Inc. v. LaPorte* case, which supported consolidation in that matter.[45]  The Court therefore rejects Landmark and Capitol Specialty's assertion that consolidation is appropriate in this case under the Court's ruling in *Pride*.  The Court further finds that the parties appear to agree that the *Henry* and *Gaudet* matters are at different stages of preparedness for trial, asserting that extensive discovery has taken place in the *Gaudet* matter, but that there has been only "limited discovery" or "no material discovery" in the *Henry* matter.[46]

Finally, the Court notes that Landmark and Capitol Specialty failed to address in their Reply brief the Nations Defendants' allegation that Capitol Specialty's assertions that consolidation would promote judicial efficiency and economy are

---

[45] *Pride*, Civ. A. No. 19-10163, 2020 WL 7245066, at *2-3 (E.D. La. Dec. 9, 2020).
[46] *See*, R. Doc. 210 at p. 5; R. Doc. 215 at p. 4.

pretextual and that Capitol Specialty seeks consolidation to avoid providing coverage to its insureds, the Nations Defendants, in the *Henry* matter. The Court is troubled by both the allegations of the Nations Defendants and the silence of Capitol Specialty on this point. Nonetheless, the Court need not address these allegations in this Order, as the Court finds that a majority of the five factors considered by courts in this Circuit in determining whether to grant consolidation [47] weigh against consolidation in this case.

### IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion to Consolidate Three *Henry* Lawsuits With the *Gaudet* Lawsuit[48] is **DENIED.**

New Orleans, Louisiana, March 18, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[47] *Danos v. Boh Brothers Construction Co.*, Civ. A. No. 10-1469,  2010 WL 11538659, at *2 (E.D. La. July 21, 2010) (Lemelle, J.) (quoting *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, Civ. A. Nos. H-01-3624, H-04-0088, H-04-0087, H-03-5528, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007) (Harmon, J.) (quotation marks omitted).
[48] R. Doc. 207.