**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**BRANDON HENRY, JR., ET AL.**                    **CIVIL ACTION**

                                                                                **NO. 20-2995-WBV-JVM**
**VERSUS**                                                          **c/w 20-2997-WBV-JVM**
                                                                                **c/w 20-2998-WBV-JVM**

**MAXUM INDEMNITY COMPANY, ET AL.**          **SECTION "D" (1)**

<u>**ORDER AND REASONS**</u>[1]

Before the Court is Defendants' Motion for Reconsideration pursuant to Fed. R. Civ. P. 54(b), in which Defendants ask this Court to reverse its March 17, 2022 ruling that Plaintiffs' legal malpractice claims against Defendants are not barred by La. R.S. 9:5605.[2]  Plaintiffs oppose the Motion,[3] and Defendants have filed a Reply.[4]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND[5]

In the instant Motion, Howard L. Nations, Cindy L. Nations, Howard L. Nations, APC, Gregory D. Rueb, The Rueb Law Firm, Rueb and Motta APLC, Nicks Law Firm, Shantrell Nicks, Joseph A. Motta, and Joseph A. Motta, Attorney at Law, APLC (collectively, "Defendants") assert that the Court committed manifest errors of law or fact in concluding that Plaintiffs' legal malpractice claims are not perempted

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 20-cv-2995.
[2] R. Doc. 227.
[3] R. Doc. 234.
[4] R. Doc. 241.
[5] The factual and procedural background of this case was set forth in extensive detail in the Court's March 17, 2022 Order and Reasons (R. Doc. 223) and, for the sake of brevity, will not be repeated here.

under La. R.S. 9:5605.[6]  Quoting directly from the Court's March 17, 2022 Order and Reasons, Defendants claim that the Court determined La. R.S. 9:5605 does not apply to Plaintiffs' legal malpractice claims because Defendants did not allege that they were licensed to practice law in Louisiana and "failed to show that they are 'duly admitted to practice in this state,' under La. R.S. 9:5605."[7]  Defendants seem to allege that the Court erred in reaching this conclusion because it "overlooked the fact that the Defendants actually filed a reply brief showing that La. R.S. 9:5605 applies to them because they were duly admitted *pro hac vice* in the BP Oil Spill litigation."[8] Defendants also assert that, "Contrary to this Court's belief, however, the record clearly reflects that the Nations Defendants did in fact file a reply brief [Doc. 88] on January 15, 2021, which proves that they were 'duly admitted to practice in this state,' under La. R.S. 9:5605."[9]  Defendants claim that several Louisiana courts have held that *pro hac vice* admission qualifies as admission to practice in Louisiana for purposes of La. R.S. 9:5605.[10]  As such, Defendants argue that they are clearly entitled to peremption under La. R.S. 9:5605, and that the Court should reverse its prior holding due to manifest errors of law and/or fact.[11]

Plaintiffs argue that the Motion should be denied because motions for reconsideration under Rule 54(b) are evaluated under the same standard as motions

---

[6] R. Doc. 227-1 at p. 2.

[7] *Id*. at p. 4 (*quoting* R. Doc. 223 at p. 14) (internal quotation marks omitted).

[8] R. Doc. 227-1 at p. 2.

[9] *Id*. at p. 4.

[10] *Id*. at p. 5 (citing *Titus v. Wilson*, 2015-0575 (La. App. 4 Cir. 12/4/15), 216 So.3d 928, 931-32; *Brennan's Inc. v. Colbert*, 2015-0325 (La. App. 4 Cir. 4/13/16), 191 So.3d 1101, 1125, *writ denied*, 2015-0575 (La. 1/9/09), 998 So.2d 721).

[11] R. Doc. 227-1 at p. 6.

to amend or alter a final judgment under Rule 59(e), and Rule 59(e) motions for reconsideration cannot be used to raise arguments that could have, and should have, been made prior to judgment.[12]   Plaintiffs point out that the reply brief cited by Defendants in their Motion was not filed in support of the motion to dismiss addressed by the Court in its March 17, 2022 Order.  Plaintiffs assert that Defendants chose not to file a reply brief in support of that motion to dismiss, and that Defendants' suggestions to the contrary "are pure fiction."[13]   Nonetheless, because the arguments raised in their Motion for Reconsideration were known and available to Defendants prior to the Court's March 17, 2022 Order, Plaintiffs argue the Motion should be summarily denied.[14]

Plaintiffs then argue that it is unsettled in Louisiana whether *pro hac vice* admission constitutes being "duly admitted to practice in [Louisiana]" under La. R.S. 9:5605, as the issue has never been addressed or decided by the Louisiana Supreme Court.[15]   While Defendants suggest that the Louisiana Supreme Court's writ denial of a case where the appellate court applied La. R.S. 9:5605 to attorneys admitted *pro hac vice* has precedential value, Plaintiffs argue a writ denial is not precedential for any purpose.[16]   Plaintiffs further assert that, even if Defendants are "duly admitted to practice" in Louisiana through their *pro hac vice* admission, the peremptive periods in La. R.S. 9:5605 do not apply in this case under the exception set forth in La. R.S.

---

[12] R. Doc. 234 at pp. 2 & 4-5.
[13] *Id*. at p. 2.
[14] *Id*.
[15] *Id*. at pp. 5-6.
[16] *Id*. at p. 6 (citing *Nabors Offshore Corporation v. Caterpillar Inc.*, 2016-0003, p. 5 (La. App. 4 Cir.11/30/16), 204 So.3d 1068, 1071)

9:5605(E) because Plaintiffs have alleged fraud.[17]  As such, Plaintiffs argue that the one-year prescriptive period for tort actions should apply to their legal malpractice claim, under which their claim is timely.[18]  Alternatively, Plaintiffs assert that under La. Civ. Code art. 3549, which governs liberative prescription, "compelling considerations of remedial justice" warrant the maintenance of their legal malpractice claim under Mississippi law, as Defendants' behavior in this case was "reprehensible."[19]

In response, Defendants argue the Fifth Circuit has made clear that under Rule 54(b), a district court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[20]  Defendants point out that the Fifth Circuit has also held that a district court may take judicial notice of public records on a Rule 12(b)(6) motion to dismiss.[21]  Defendants claim that it is undisputed, and a matter of public record, that another Section of this Court issued a Pretrial Order "admitting all attorneys *pro hac vice* to practice law in Louisiana for the BP Oil Spill litigation."[22]  As such, Defendants maintain that this Court should grant their Motion, since the Court may do so "for any reason it deems sufficient" under Rule 54(b) and the Court

---

[17] *Id*. at pp. 6-7.
[18] *Id*. at p. 7.
[19] *Id*. at pp. 8-9.
[20] R. Doc. 241 at p. 2 (quoting *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)) (internal quotation marks omitted).
[21] R. Doc. 241 at p. 2 (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.7 (5th Cir. 1994)).
[22] R. Doc. 241 at pp. 2-3 (citing R. Docs. 2 & 7812 in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 10-2179).

is allowed to take judicial notice of Judge Barbier's Pretrial Order admitting all attorneys *pro hac vice* to practice law in Louisiana in the BP Oil Spill litigation.[23]

Defendants further argue that Louisiana law is not unsettled regarding whether La. R.S. 9:5605 applies to attorneys admitted *pro hac vice*.[24]   Reiterating the arguments made in their Motion, Defendants assert that, "Louisiana's intermediate appeals courts have definitively ruled that once out-of-state attorneys are admitted *pro hac vice*, they are clothed with the protections of Louisiana Revised Statute 9:5605."[25]   According to Defendants, the Fifth Circuit has held that in the absence of guiding authority from the state supreme court, a federal district court sitting in diversity is *Erie* bound to follow the law of intermediate appeal courts within the state.[26]   Defendants contend that if there was no guidance from Louisiana state courts on this issue, it would still be against binding precedent to "arbitrarily and randomly" find La. R.S. 9:5605 is inapplicable in this case because the Court would need to consider "whether to invoke *Erie* abstention or a similar remedy."[27]   Finally, Defendants clarify that they do not seek reconsideration of the portion of this Court's March 17, 2022 Order in which the Court dismissed Plaintiffs' fraud claim.[28]

---

[23] R. Doc. 241 at p. 3.
[24] *Id*. at pp. 6-7.
[25] *Id*. at p. 6 (citing *Titus v. Wilson*, 2015-0575 (La. App. 4 Cir. 12/4/15), 216 So.3d 928, 931-32; *Brennan's Inc. v. Colbert*, 2015-0325 (La. App. 4 Cir. 4/13/16), 191 So.3d 1101, 1125, *writ denied*, 2015-0575 (La. 1/9/09), 998 So.2d 721).
[26] R. Doc. 241 at p. 6 (citing *Ryder v. Union Pac. R.R. Co.*, 945 F.3d 194, 199 (5th Cir. 2019)).
[27] R. Doc. 241 at pp. 6-7.
[28] *Id*. at pp. 7-8.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action.'"[29]  Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[30]  Whether to grant a motion to reconsider under Rule 54(b) "rests within the discretion of the court."[31]  In contrast, Rule 59(e) governs motions to alter or amend a final judgment, and serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.[32]  As a result, Rule 59(e) is "an extraordinary remedy that should be used sparingly."[33]

In *Austin v. Kroger Texas, L.P.,* the Fifth Circuit clarified the relationship between Rules 54(b) and 59(e), explaining that Rule 59(e) "sets a high threshold for parties to raise a new argument for the first time after judgment has already been entered," while Rule 54(b) is "more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice

---

[29] *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (*quoting* Fed. R. Civ. P. 54(b)).

[30] *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)) (internal quotation marks omitted).

[31] *Namer v. Scottsdale Insur. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk, J.) (quoting *Bernard v. Grefer*, Civ. A. No. 14-887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.)) (internal quotation marks omitted).

[32] *Austin*, 864 F.3d at 336 (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)) (internal quotation marks omitted).

[33] *Austin*, 864 F.3d at 336 (quoting *Templet*, 367 F.3d at 479) (internal quotation marks omitted).

requires."[34]  Thus, unlike in a Rule 59(e) determination, a court conducting a Rule 54(b) inquiry may consider new arguments that could have been previously raised.[35]

## III.  ANALYSIS

### A. The Court rejects Defendants' argument that the Court committed manifest errors of law and/or fact in its March 17, 2022 Order and Reasons.

The Court finds that Defendants' arguments are insufficient to warrant reconsideration of the Court's March 17, 2022 Order and Reasons regarding the applicability of La. R.S. 9:5605 to Plaintiffs' legal malpractice claims.  Defendants argue in their Motion that the Court committed manifest errors of law and/or fact in reaching that conclusion because the Court failed to consider a reply brief filed by Defendants that squarely addressed the applicability of the statute in this case. Although the Court will not go so far as to agree with Plaintiffs in calling this argument "pure fiction,"[36] the docket does not support Defendants' representations to the Court.  The docket plainly shows that the reply brief cited by Defendants in their Motion, Record Document Number 88, was filed in support of a *prior* motion to dismiss filed by Defendants on December 4, 2020.[37]  Not only do Defendants seemingly assert that the reply brief was filed in support of the motion to dismiss addressed by the Court in its March 17, 2022 Order, Defendants also fail to mention that the prior motion to dismiss, which prompted the reply brief in question, was

---

[34] *Austin*, 864 F.3d at 336-37 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)) (internal quotation marks omitted).
[35] *McClendon v. United States*, 892 F.3d 775, 781-82 (5th Cir. 2018) (citing *Austin*, 864 F.3d at 337).
[36] R. Doc. 234 at p. 2.
[37] R. Docs. 45 & 88.

denied as moot by this Court on April 5, 2021 in light of the Second Amended Complaint filed by Plaintiffs on April 2, 2021.[38]

Defendants were also careful to omit the fact that they re-filed their motion to dismiss three weeks later on April 27, 2022,[39] which is the motion that was the subject of this Court's March 17, 2022 Order.[40] As the Court pointed out in its March 17, 2022 Order, Defendants chose not to file a reply brief in support of their second motion to dismiss.[41] Defendants, however, did file a Reply brief in further support of their Motion for Reconsideration, which is currently before the Court.[42] In their Reply brief, and likely in response to Plaintiffs raising this point, Defendants finally acknowledge that they "did not file a second reply memorandum to the second filing of the Plaintiffs' opposition memorandums [sic]," claiming that Defendants "had already replied to the exact same oppositions and notified the Court and the Plaintiffs of the law of Louisiana pertaining to the Defendants' *pro hac vice* status and the accompanying protection of Louisiana Revised Statute 9:5605 when filed [sic] their Reply Memorandum on January 19, 2021."[43] Thus, it is abundantly clear to the Court that Defendants specifically chose not to re-file their prior reply brief, perhaps hoping that the Court would find it buried amidst the 222 docket entries in the record as of the date of the Court's March 17, 2022 Order. The Court therefore finds that any assertion by Defendants that the Court committed manifest errors of law and/or fact

---

[38] R. Docs. 139 & 140.
[39] R. Doc. 158.
[40] *See*, R. Doc. 223.
[41] R. Doc. 223 at p. 14.
[42] R. Doc. 241.
[43] *Id*. at p. 5 (*citing* R. Doc. 88).

in its March 17, 2022 Order by not considering a reply brief filed in support of a different motion to dismiss, which was no longer pending before the Court at that time, is completely baseless.

**B. Reconsideration under Rule 54(b).**

While the Court agrees with Plaintiffs that Defendants should have addressed whether they were "duly admitted to practice in this state" for purposes of La. R.S. 9:5605 in their motion to dismiss that was the subject of this Court's March 17, 2022 Order, or in a reply brief filed in support of that motion, the Fifth Circuit has made clear that Defendants' failure to do so does not bar reconsideration of the Court's March 17, 2022 Order under Fed. R. Civ. P. 54(b). As the Fifth Circuit explained in *McClendon v. United States*, when Rule 54(b) provides the correct standard for deciding a motion for reconsideration:

> If the district court had relied only on its first basis for denying the motion – that McClendon could not raise his limitation of liability argument for the first time in a motion to reconsider under Rule 59(e), we would be required under *Austin* to vacate the district court's denial of the motion to reconsider and remand for application of the correct standard.[44]

Thus, under clear Fifth Circuit authority set forth in *Austin* and *McClendon*, Defendants' failure to previously address whether they are duly admitted to practice law in Louisiana for purposes of La. R.S. 9:5605, while perhaps frustrating to Plaintiffs and the Court, does not foreclose reconsideration of the Court's March 17,

---

[44] *McClendon v. United States*, 892 F.3d 775, 781-82 (5th Cir. 2018) (citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 337 (5th Cir. 2017)).

2022 Order under Rule 54(b).  Accordingly, the Court rejects Plaintiffs' assertion that the Motion for Reconsideration should be "summarily denied on this basis alone."[45]

### C. The law is unsettled regarding whether La. R.S.9:5605 applies to *pro hac vice* admission.

In their Motion and Reply brief,  Defendants point out that in the BP Oil Spill litigation, Judge Barbier issued a Pretrial Order on August 10, 2010 stating that, "attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rules 83.2.6E and 83.2.7 are waived.   Association of local counsel is not required." [46] Defendants assert that La. R.S. 9:5605 applies to attorneys admitted *pro hac vice* in Louisiana and to "any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law."[47]  Relying upon Judge Barbier's ruling, Defendants conclude by arguing that they (the defendant lawyers and law firms in this case) are clearly entitled to peremption under La. R.S. 9:5605.[48]

Defendants fail to mention, in either their Motion or Reply brief, whether any of them actually made an appearance in the BP Oil Spill litigation and were therefore subject to Judge Barbier's August 10, 2010 Pretrial Order.[49]  Nonetheless, a review

---

[45] R. Doc. 234 at p. 2.
[46] R. Doc. 227-1 at p. 5 (*quoting* R. Doc. 227-3 at p. 9) (internal quotation marks omitted); R. Doc. 241 at pp. 2-3.
[47] R. Doc. 227-1 at p. 5 (*quoting* La. R.S. 9:5605(A) & (C)) (internal quotation marks omitted).
[48] R. Doc. 227-1 at p. 6.
[49] *See, generally*, R. Docs. 227-1 & 241.

of the docket in that case shows that Howard L. Nations made an appearance "as attorney for approximately 8,500 Medical Benefits Settlement Class Members who will be subject to Level B1 compensation for Chronic Injuries . . . ."[50] Thus, Howard L. Nations was granted *pro hac vice* admission in Louisiana for the BP Oil Spill litigation through Judge Barbier's August 10, 2010 Pretrial Order.

The Court, however, agrees with Plaintiffs that it is unsettled in Louisiana whether *pro hac vice* admission suffices for purposes of La. R.S. 9:5605. As the Court pointed out in its March 17, 2022 Order,[51] at least one Louisiana appellate court has held that under the clear language of the statute, it applies only to attorneys duly admitted to practice in Louisiana, and that court did not mention any exception for *pro hac vice* admission.[52] This Court also noted that in reaching that determination, the appellate court relied upon the two Louisiana appellate decisions cited by Defendants, *Titus v. Wilson* and *Brennan's, Inc. v. Colbert*, wherein the Louisiana Fourth Circuit Court of Appeal held that out-of-state attorneys were not "duly admitted" in Louisiana under La. R.S. 9:5605 until *pro hac vice* admission was granted.[53] As mentioned above, however, the Louisiana First Circuit Court of Appeal in *Trans Pac. Interactive, Inc.* did not mention whether the statute applies to attorneys granted *pro hac vice* admission in Louisiana. The Court finds it worth noting that no other Louisiana appellate courts have cited *Titus* or *Brennan's, Inc.*

---

[50] *See*, R. Doc. 13308 in MDL No. 10-2179-CJB-DPC, *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (E.D. La.).

[51] R. Doc. 223 at p. 13.

[52] *Trans Pac. Interactive, Inc. v. U.S. Telemetry Corp.*, 2016-0119, pp. 19-20 (La. App. 1 Cir. 9/16/16), 203 So.3d 1056, 1070 (citing *Titus v. Wilson*, 2015-0575 (La. App. 4 Cir. 12/4/15), 216 So.3d 928; *Brennan's Inc. v. Colbert*, 2008-2573 (La. 1/9/09) 998 So.2d 721).

[53] R. Doc. 223 at p. 13, n.58.

for the notion that La. R.S. 9:5605 applies to attorneys admitted *pro hac vice*. Nonetheless, Defendants rely upon *Titus* and *Brennan's, Inc.* in asserting that, "Louisiana's intermediate appeals courts have definitively ruled that once out-of-state attorneys are admitted *pro hac vice*, they are clothed with the protections of Louisiana Revised Statute 9:5605."[54]

The Court recognized in its March 17, 2022 Order that the Fifth Circuit and other Sections of this Court have specifically declined to apply La. R.S. 9:5605 to out-of-state attorneys.[55]  In *Henry v. Duane Morris, LLP*, the Fifth Circuit expressly declined to extend the statute's applicability to out-of-state attorneys because the Louisiana Supreme Court had not yet decided the issue.[56]  That remains true.  The Fifth Circuit further explained in *Henry* that, "Because there is no guidance on the applicability of § 9:5605 to the facts at issue here, we decline to determine how the Louisiana Supreme Court would rule on this issue."[57]  The Fifth Circuit ultimately held that, "Instead, we apply the more general, one-year prescriptive period in LA. CIV.CODE ANN. Art. 3492, which applies if a more specific peremptory period does not apply."[58]  Other Sections of this Court have likewise declined "to extend § 9:5605 further than either the Louisiana Supreme Court or the Fifth Circuit when it was

---

[54] R. Doc. 241 at p. 6 (citing *Titus*, 2015-0575, 216 So.3d at 931-32; *Brennan's, Inc.*, 2015-0325, 191 So.3d at 1125); *See also,* R. Doc. 227-1 at p. 5 (citing *Titus, supra; Brennan's Inc., supra*).

[55] R. Doc. 223 at p. 13.  *See, Henry v. Duane Morris, LLP*, 210 Fed.Appx. 356, 359 (5th Cir. 2006); *Thermo Credit, LLC v. Cordia Corp.*, Civ. A. No. 12-1454, 2013 WL 425930, at *7 (E.D. La. Feb. 4, 2013) (Brown, J.); *Conwill v. Greenberg Traurig, LLP*, Civ. A. No. 09-4365, 2010 WL 3021553, at *5 (E.D. La. July 29, 2010) (Africk, J.).  *See also, Brown v. Slenker*, 220 F.3d 411, 427 (5th Cir. 2000) (Reavley, J., concurring) ("The one-year prescription period of LSA-R.S. 9:5605 only applies to claims against attorneys licensed to practice in Louisiana.").

[56] 210 Fed.Appx. at 359.

[57] *Id.* (citing *In re Whitaker Constr. Co., Inc.*, 411 F.3d 197, 209 n.4 (5th Cir. 2005)).

[58] *Henry*, 210 Fed.Appx. at 359 (citing *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 353-54 (La. 1992)).

confronted with this issue."[59]  The Court recognizes that these three decisions were issued in 2006, 2010, and 2013, before the Louisiana Fourth Circuit issued its opinions in *Titus* and *Brennan's, Inc.* in 2015 and 2016, respectively.

The Court finds that there is no clear authority from either the Louisiana Supreme Court or the Fifth Circuit regarding whether La. R.S. 9:5605 applies to out-of-state attorneys, including those who are granted *pro hac vice* admission in Louisiana.  The Court also finds that it is unclear from Louisiana's appellate courts how the Louisiana Supreme Court would likely rule on this issue, and whether it would apply La. R.S. 9:5605 to attorneys granted *pro hac vice* admission in Louisiana.  As instructed by the Fifth Circuit, "If guidance be lacking still, this court is not to innovate new 'theories of recovery.'"[60]  Accordingly, like other Sections of this Court, the Court declines to extend La. R.S. 9:5605 further than the Louisiana Supreme Court or the Fifth Circuit by applying it to out-of-state attorneys granted *pro hac vice* admission in a separate matter pending in this District.

In reaching this conclusion, the Court recognizes that in *Evans v. Union Bank of Switzerland,* another Section of this Court previously suggested that visiting out-of-state attorneys and their law firms who are permitted to practice in Louisiana "plainly would be 'authorized by the laws of this state to engage in the practice of law.'"[61]  The Court points out, however, that no other Section of this Court, and no

---

[59] *Thermo Credit, LLC*, Civ. A. No. 12-1454, 2013 WL 425930 at *7; *See, Conwill*, Civ. A. No. 09-4365, 2010 WL 3021553 at *5 ("This Court will follow the Fifth Circuit's approach in *Henry* and it declines to apply Louisiana Revised Statute 9:5605 to plaintiff's claims.").

[60] *Ryder v. Union Pac. R.S. Co.*, 945 F.3d 194, 199 (5th Cir. 2019) (quoting *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018)).

[61] *Evans v. Union Bank of Switzerland,* Civ. A. No. 01-1507, 2002 WL 31682787, at *8 (E.D. La. Nov. 25, 2002) (Engelhardt, J.) (finding the out-of-state law firm's construction of La. R.S. 9:5605 as

other federal court in this Circuit, has cited *Evans* as authority that La. R.S. 9:5605 applies to out-of-state attorneys.  Indeed, the defendants in two prior cases from this Court, *Thermo Credit, LLC v. Cordia Corp.* and in *Conwill v. Greenberg Traurig, LLP*, each cited *Evans* to support their argument that La. R.S. 9:5605 applies to out-of-state attorneys.[62]  In each case, other Sections of this Court declined to follow *Evans* and refused to apply the statute to out-of-state attorneys.  As previously mentioned, in each case, this Court followed the Fifth Circuit's approach in *Henry* and applied the one-year prescriptive period of La. Civ. Code art. 3492 to claims for legal malpractice.[63]  The only court that appears to have followed *Evans* by applying La. R.S. 9:5605 to out-of-state attorneys is the Southern District of New York, whose opinion is not binding authority on this Court.[64]

The Court is also mindful that under Louisiana law, peremptive statutes like La. R.S. 9:5605 "are strictly construed *against* peremption and in favor of the claim. Of the possible constructions, the one that maintains enforcement of the claim or

---

applying to "any law firm whose activities are 'authorized' – that is, permitted, allowed, and not prohibited – under Louisiana law" was "both reasonable and logical.").

[62] *Thermo Credit, LLC*, Civ. A. No. 12-1454, 2013 WL 425930 at *4 ("In anticipation of an argument from Thermo, Abbagnaro argues that § 9:5605 does apply to out-of-state attorneys, a conclusion that another section of this Court has previously adopted.") (citing *Evans*, Civ. A. No. 01-1507, 2002 WL 31682787); *See, Conwill*, Civ. A. No. 09-4365, 2010 WL 3021553 at *5 ("Defendants urge the Court to adopt the 2002 holding of the district court in *Evans* that Louisiana Revised Statute 9:5605 applies to out-of-state attorneys and law firms 'whose activities are authorized – that is, permitted, allowed, and not prohibited – under Louisiana law.").

[63] *See, Thermo Credit, LLC*, Civ. A. No. 12-1454, 2013 WL 425930 at *7; *Conwill*, Civ. A. No. 09-4365, 2010 WL 3021553 at *5.

[64] *Luv N' Care Ltd. v. Goldberg Cohen, LLP*, Civ. A. No. 15 Civ. 9248 (NRB), 2016 WL 4411419, at *6 (S.D.N.Y. Aug. 18, 2016) (Buchwald, J.) (addressing La. R.S. 9:5605 and stating that, "We are persuaded that this provision must be read to apply to law firms and lawyers authorized - - that is, not prohibited - - to practice law in Louisiana, and not just to members of the Louisiana bar.") (citing *Evans*, Civ. A. No. 01-1507, 2002 WL 31682787 at *8).

action, rather than the one that bars enforcement should be adopted."[65]  As such, and in light of the serious allegations made by Plaintiffs in this case, the Court remains convinced that Defendants have failed to show that La. R.S. 9:5605 applies to bar Plaintiffs' legal malpractice claim in this case.  The Court therefore finds that Defendants have failed to put forth a sufficient reason under Fed. R. Civ. P. 54(b) for the Court to reverse its finding in the March 17, 2022 Order that La. R.S. 9:5605 does not apply to bar Plaintiffs' legal malpractice claim.  Accordingly, the Defendants' Motion for Reconsideration is denied.[66]

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion for Reconsideration[67] is **DENIED.**

New Orleans, Louisiana, April 26, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[65] *Lomont v. Bennett*, 2014-2483, pp. 8-9 (La. 6/30/15), 172 So.3d 620, 627 (quoting *Rando v. Anco Insulations Inc.*, 2008-1163, p. 21 (La. 5/22/09), 16 So.3d 1065, 1083) (internal quotation marks omitted) (emphasis added); *Petrucci v. Christina*, Civ. A. No. 19-12020, 2020 WL 7229704, at *3 (E.D. La. Dec. 8, 2020) (Zainey, J.) (citing *Lomont*, 2014-2483, 172 So.3d at 627).
[66] Because the Court has determined that La. R.S. 9:5605 is inapplicable in this case, the Court need not address Plaintiffs' arguments regarding the fraud exception set forth in La. R.S. 9:5605(E), or Plaintiffs' alternative argument that Mississippi's statute of limitations should apply to their legal malpractice claim.  *See*, R. Doc. 234 at pp. 3 & 6-9.
[67] R. Doc. 227.