UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON HENRY, JR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2995-WBV-JVM**<br>**c/w 20-2997-WBV-JVM**<br>**c/w 20-2998-WBV-JVM** |
| **MAXUM INDEMNITY COMPANY, ET AL.** | **SECTION "D" (1)** |

### ORDER AND REASONS[1]

Before the Court is Plaintiffs' Rule 59 Motion to Reconsider/Alter/Amend Judgments Based on Newly Discovered Evidence.[2] In the Motion, Plaintiffs request the opportunity to amend their Second Amended Complaint with respect to their allegations of fraud or, alternatively, for the Court to reconsider and reverse its March 17, 2022 ruling dismissing with prejudice Plaintiffs' fraud claims.[3] Howard L. Nations, Cindy L. Nations, Howard L. Nations, APC, Gregory D. Rueb, The Rueb Law Firm, Rueb and Motta APLC, the Nicks Law Firm, Shantrell Nicks, Joseph A. Motta, and Joseph A. Motta, Attorney at Law, APLC (collectively, the "Attorney Defendants") oppose the Motion,[4] and Plaintiffs have filed a Reply.[5]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 20-cv-2995.
[2] R. Doc. 236.
[3] *Id*. at p. 2; R. Doc. 236-1 at pp. 3 & 11-12.
[4] R. Doc. 240.
[5] R. Doc. 252.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**[6]

In the instant Motion, Plaintiffs seek reconsideration of the Court's March 17, 2022 Order and Reasons to the extent the Court dismissed with prejudice Plaintiffs' fraud claims against the Attorney Defendants, which Plaintiffs failed to plead with sufficient particularity under Fed. R. Civ. P. 9(b).[7] Plaintiffs claim that they recently discovered new information during the depositions of several of the Attorney Defendants, taken in March and April of 2022, that answers the "who, what, when and where" regarding the fraudulent actions committed by the Attorney Defendants, and Plaintiffs request an opportunity to amend their Second Amended Complaint and/or for the Court to reconsider its prior ruling under Fed. R. Civ. P. 59(e).[8] Plaintiffs contend that they are entitled to relief under Rule 59(e) because manifest errors of law and fact will result if this Court does not allow the same fraud claims to proceed in this litigation as those proceeding against the same Attorney Defendants in the *Gaudet* litigation.[9] Plaintiffs further assert that in its March 17, 2022 Order and Reasons, the Court failed to consider additional allegations of fraud contained in Paragraph 18 of the Second Amended Complaint, and Plaintiffs "request the Court consider the *entirety* of the Second Amended Complaint rather than focusing solely on the nine (9) illustrative bullet points listed in the Court's Order (Doc. 223 at pp.

---

[6] The factual and procedural background of this case was set forth in extensive detail in the Court's March 17, 2022 Order and Reasons (R. Doc. 223) and, for the sake of brevity, will not be repeated here.
[7] R. Doc. 236.
[8] R. Doc. 236 at pp. 1-2; R. Doc. 236-1 at pp. 2-3.
[9] R. Doc. 236-1 at p. 2 (*citing* Civ. A. No. 19-10356, *Gaudet, et al. v. Howard L. Nations, APC, et al.* (E.D. La.) (hereafter, the "*Gaudet* matter")).

20-21)."[10] Plaintiffs assert that their Second Amended Complaint "is replete with allegations of fraudulent conduct as alleged with specificity for each client," pointing specifically to the allegations contained in Paragraph 18 of the Second Amended Complaint.[11]

The Attorney Defendants assert that the Court's March 17, 2022 ruling dismissing Plaintiffs' fraud claims was correct because the Second Amended Complaint does not allege the content of any false written or oral statements the Attorney Defendants made to Plaintiffs.[12] The Attorney Defendants further assert that Plaintiffs' Rule 59 Motion is improper because the Court's March 17, 2022 Order and Reasons is an interlocutory order that can only be reconsidered under Fed. R. Civ. P. 54(b).[13] The Attorney Defendants then seem to assert that the Court should not consider the extrinsic evidence submitted with Plaintiffs' Motion because the March 17, 2022 Order and Reasons concerned a motion to dismiss under Rule 12(b)(6), review of which is limited to the pleadings.[14] The Attorney Defendants further argue that there is nothing in Paragraph 18 of the Second Amended Complaint, or in Plaintiffs' Motion, that warrants reconsideration of the Court's March 17, 2022 Order and Reasons.[15]

---

[10] R. Doc. 236 at p. 2; R. Doc. 236-1 at pp. 3 & 10-11. Despite Plaintiffs' assertion to the contrary, the Court considered the entirety of the Second Amended Complaint, including the allegations in Paragraph 18, in determining that Plaintiffs had failed to allege viable claims for fraud.
[11] R. Doc. 236-1 at p. 10 (*citing* R. Doc. 139 at pp. 11-60).
[12] R. Doc. 240 at pp. 2-3.
[13] *Id.* at p. 4.
[14] *Id.*
[15] *Id.* at pp. 7-12.

In response, Plaintiffs assert that the portion of the Court's March 17, 2022 Order and Reasons of which they seek reconsideration, the dismissal of their fraud claims with prejudice, is a final judgment, such that their Rule 59 Motion is proper.[16] Plaintiffs contend that the Attorney Defendants' assertions regarding extrinsic evidence are "entirely misleading," as nothing prevents this Court from considering such evidence on a motion that seeks relief under Rule 59. Plaintiffs further assert that the bulk of the Attorney Defendants' arguments are merits-based and should not be considered at the current pleading stage of the litigation.[17] While the Attorney Defendants "offer a litany of excuses for their misconduct," Plaintiffs maintain that the new information they recently obtained makes it "clear, certain, and indisputable" that Howard L. Nations, Cindy L. Nations, Shantrell Nicks, and Gregory Rueb committed fraud.[18] As such, Plaintiffs seek the opportunity to provide the Court with a full account of the fraud committed by these defendants through an amendment to their Second Amended Complaint.[19]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action.'"[20] Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems

---

[16] R. Doc. 252 at p. 1.
[17] *Id.* at p. 2.
[18] *Id.*
[19] *Id.* at pp. 2-3.
[20] *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (*quoting* Fed. R. Civ. P. 54(b)).

sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[21]  Whether to grant a motion to reconsider under Rule 54(b) "rests within the discretion of the court."[22]  In contrast, Rule 59(e) governs motions to alter or amend a final judgment, and serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.[23]  As a result, Rule 59(e) is "an extraordinary remedy that should be used sparingly."[24]

In *Austin v. Kroger Texas, L.P.,* the Fifth Circuit clarified the relationship between Rules 54(b) and 59(e), explaining that Rule 59(e) "sets a high threshold for parties to raise a new argument for the first time after judgment has already been entered," while Rule 54(b) is "more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires."[25]  Thus, unlike in a Rule 59(e) determination, a court conducting a Rule 54(b) inquiry may consider new arguments that could have been previously raised.[26]

---

[21] *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)) (internal quotation marks omitted).
[22] *Namer v. Scottsdale Insur. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk, J.) (quoting *Bernard v. Grefer*, Civ. A. No. 14-887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.)) (internal quotation marks omitted).
[23] *Austin*, 864 F.3d at 336 (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)) (internal quotation marks omitted).
[24] *Austin*, 864 F.3d at 336 (quoting *Templet*, 367 F.3d at 479) (internal quotation marks omitted).
[25] *Austin*, 864 F.3d at 336-37 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)) (internal quotation marks omitted).
[26] *McClendon v. United States*, 892 F.3d 775, 781-82 (5th Cir. 2018) (citing *Austin*, 864 F.3d at 337).

### III. ANALYSIS

**A. Plaintiffs' Request for Relief Under Fed. R. Civ. P. 59**

At the outset, the Court agrees with the Attorney Defendants that Plaintiffs' request for relief under Fed. R. Civ. P. 59 is improper because the Court's March 17, 2022 Order and Reasons, which dismissed with prejudice Plaintiffs' fraud claims, is an interlocutory order and no final judgment has been issued as to the dismissal of Plaintiffs' fraud claims. Federal Rule of Civil Procedure 54(b) provides, in pertinent part, the following:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision . . . that adjudicates fewer than all the claims or rights and liability of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[27]

As the Court explained in its March 17, 2022 Order and Reasons, "The Second Amended Complaint, filed on April 2, 2021, appears to assert the same claims of breach of contract, legal malpractice, and fraud against the Defendants, as well as a direct action against Defendants' professional liability insurers."[28] Thus, while the Court dismissed with prejudice Plaintiffs' fraud claims in its March 17, 2022 Order and Reasons, the Court left intact Plaintiffs' remaining claims for breach of contract, legal malpractice, and a direct action against the Attorney Defendants' professional liability insurers. Further, the Court did not direct entry of a final judgment as to

---

[27] Fed. R. Civ. P. 54(b).
[28] R. Doc. 223 at p. 5 (*citing* R. Doc. 139 at ¶¶ 29-41 & 42-45).

Plaintiffs' fraud claims. As such, the March 17, 2022 Order and Reasons constitutes an interlocutory order. In their Motion, Plaintiffs seek reconsideration of the Court's March 17, 2022 Order and Reasons under Rule 59(e), which authorizes motions to "alter or amend a judgment."[29] Accordingly, the Motion is denied to the extent Plaintiffs seek relief under Rule 59(e).

### B. Relief Under Fed. R. Civ. P. 54(b)

While Plaintiffs are not entitled to relief under Rule 59(e), the Court recognizes that under Fed. R. Civ. P. 54(b), it may "reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[30] With that said, the Court agrees with the Attorney Defendants that consideration of the extrinsic evidence now offered by Plaintiffs in support of their Motion for Reconsideration is improper under a Rule 12(b)(6) analysis. In their Reply brief, Plaintiffs concede as much, stating that:

> No extrinsic evidence has been offered in conjunction with the 12(b)(6) motion itself. Rather, the extrinsic evidence is being offered to show that new evidence has been discovered that has revealed the particular elements of fraud – which were previously unknown to Plaintiffs. Plaintiffs have simply requested the opportunity to amend their complaint to comport with the newly discovered evidence.[31]

Accordingly, the Court considers Plaintiffs' extrinsic evidence solely for a determination of whether the Court should reconsider its ruling denying Plaintiffs another opportunity to amend their Second Amended Complaint.

---

[29] Fed. R. Civ. P. 59(e).
[30] *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)) (internal quotation marks omitted).
[31] R. Doc. 252 at p. 1.

The Court finds that, even under the more flexible standard of Rule 54(b), Plaintiffs' arguments are insufficient to warrant reconsideration of the Court's March 17, 2022 ruling denying Plaintiffs leave to amend their Second Amended Complaint. As the Court previously explained, Fed. R. Civ. P. 9(b) requires that a plaintiff alleging fraud must state the circumstances constituting fraud with particularity.[32] In its March 17, 2022 Order and Reasons, the Court dismissed with prejudice Plaintiffs' fraud claims "for failing to allege fraud with sufficient particularity under Fed. R. Civ. P. 9(b)."[33] The Fifth Circuit has held that, "We treat a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted."[34] Further, "Fifth Circuit precedent interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[35]

In its March 17, 2020 Order and Reasons, the Court noted that while Plaintiffs did not seek leave to amend, the Court would "freely give leave [to amend] when justice so requires."[36] The Court concluded that leave to amend was not warranted in this case due to "the dilatory motive of the Plaintiffs, their repeated failure to cure the deficiencies by amendments previously allowed, and because doing so would

---

[32] R. Doc. 223 at pp. 19-20 (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).
[33] R. Doc. 223 at p. 21.
[34] *Lovelace*, 78 F.3d at 1017 (citing *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993)).
[35] *In re JCC Envtl. Inc.*, 575 B.R. 692, 699 (E.D. La. 2017) (quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009)) (internal quotation marks omitted).
[36] R. Doc. 223 at p. 22.

cause undue delay."[37] The Court then explained, in three full pages, why it reached this conclusion.[38] Although the Court did not previously deny Plaintiffs leave to amend based upon the futility of the proposed amendment, the Court now finds that Plaintiffs' proposed amendment based upon newly discovered evidence may be futile as well. Thus, the Court's determination not to grant leave to amend remains unchanged, even after considering the extrinsic evidence provided by Plaintiffs in support of their Motion.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Rule 59 Motion to Reconsider/Alter/Amend Judgments Based on Newly Discovered Evidence [39] is **DENIED.**

New Orleans, Louisiana, June 7, 2022.

*[signature: Wendy B Vitter]*
**WENDY B. VITTER**
**United States District Judge**

---

[37] *Id.*
[38] *Id.* at pp. 22-24.
[39] R. Doc. 236.