UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**BRANDON HENRY, ET AL.**                     **CIVIL ACTION**

                                                               **NO. 2:20-02995-WBV-JVM**
                                                                     **c/w 20-2997-WBV-JVM**
**VERSUS**                                                    **c/w 20-2998-WBV-JVM**


**MAXUM INDEMNITY CO, ET AL.**               **SECTION: D (1)**


### ORDER and REASONS

Before the Court is Maxum Indemnity Company's Motion for Summary Judgment.[1] The Motion is opposed by the Plaintiffs,[2] Capitol Specialty Insurance Corporation,[3] and Landmark American Insurance Company.[4] Maxum Indemnity Company has filed a Reply.[5]

In the Motion, Maxum explains that it issued a professional liability insurance policy to Howard L. Nations, APC (the "Nations Firm") with a policy period of January 25, 2019 to January 25, 2020, and Capitol Specialty Insurance Corporation ("CapSpecialty") issued a similar professional liability policy to the Nations Firm with a policy period from January 25, 2020 to January 25, 2021.[6] Maxum asserts that both policies are claims-made policies, meaning that one of the thresholds to coverage is

---

[1] R. Doc. 328.
[2] R. Doc. 402.
[3] R. Doc. 406.
[4] R. Doc. 408.
[5] R. Doc. 493.
[6] R. Doc. 328-1 at pp. 6 & 7.

that the claim be made against the insured during the policy period.[7]  Maxum argues that it is entitled to summary judgment because Plaintiffs' claims were first made against the Nations Defendants and reported squarely within CapSpecialty's policy period, since the three state cases giving rise to this consolidated matter were filed in July 2020 and served on the Nations Defendants between September 30, 2020 and October 2, 2020.[8]

Maxum points out that CapSpecialty has filed a motion for summary judgment, seeking to dismiss Plaintiffs' claims on the basis that they were first made against the Nations Defendants and reported during Maxum's policy period.[9]  Maxum asserts that CapSpecialty seeks to avoid coverage based upon the definition of "Related Wrongful Act" and "Related Claim" in its policy.  According to Maxum, CapSpecialty contends that Plaintiffs' claims are so closely related to the claims at issue in the related matter, Civ. A. No. 19-10356, *Deborah A. Gaudet, et al. v. Howard L. Nations, APC, et al.* (the "*Gaudet* matter"), that the date that the *Gaudet* matter was filed is the date that Plaintiffs' claims were "first made" against the Nations Defendants.[10]  Maxum notes that the *Gaudet* matter was filed on May 13, 2019 and was served on the Nations Defendants between May 20, 2019 and January 16, 2020 – within the coverage period of Maxum's policy.[11]  Maxum, however, argues that the claims at issue in the *Henry* and *Gaudet* matters do not arise from "Related Wrongful

---

[7] *Id.* at pp. 1-3 & 12.
[8] *Id.* at p. 1.  Maxum defines the "Nations Defendants" as including the Nations Firm, Howard L. Nations, and Cindy L. Nations.  *Id.*
[9] *Id.* at p. 2 (*citing* R. Doc. 316).
[10] R. Doc. 328-1 at p. 2.
[11] *Id.*

Acts" based upon the Court's prior ruling denying consolidation of the *Henry* and *Gaudet* matters.[12] Maxum relies heavily upon the Court's determination that the two cases involve distinct facts and the Court's finding that, "the claims of the *Gaudet* plaintiffs and the *Henry* plaintiffs are not 'interconnected' or 'intertwined' as they were in the *Pride Centric Resources v. LaPorte* case[.]"[13] As such, Maxum maintains that it is entitled to summary judgment because its policy provides no coverage for Plaintiffs' claim, which was first made against the Nations Defendants after its January 25, 2019 – January 25, 2020 policy period.

While the Plaintiffs agree that their claim was first made against the Nations Defendants when their underlying state cases were filed in 2020 and that the Court's consolidation order suggests that the *Henry* and *Gaudet* claims are not related, Plaintiffs assert that genuine issues of material fact regarding Maxum's actions in selecting, funding, and continuing the Nations Defendants' defense in the *Henry* litigation preclude summary judgment.[14] Plaintiffs claim that, as a result of Maxum's agreement to fund the litigation defense in this matter, Maxum may have assumed the responsibility to provide coverage for Plaintiffs' claims and may have waived its policy defense.[15]

CapSpecialty asserts that the Court's consolidation order has no bearing on the issue of coverage, and further argues that the Court should deny Maxum's Motion

---

[12] R. Doc. 328-1 at pp. 12-15 (*citing* R. Doc. 226).
[13] R. Doc. 328-1 at p. 15 (*quoting* R. Doc. 226 at p. 11) (internal quotation marks omitted).
[14] R. Doc. 402.
[15] *Id.* at pp. 4-6 (citing *Arceneaux v. Amstar Corp.*, 2005-0177 (La. App. 4 Cir. 12/14/05), 921 So.2d 189, 192; *Steptore v. Masco Constr. Co.*, 93-2064 (La. 8/18/94), 643 So.2d 1213, 1216).

because Plaintiffs' claim against the Nations Defendants arises from the same or related wrongful acts as the claim made by the *Gaudet* plaintiffs against the Nations Defendants, such that the claim was first made against the Nations Defendants during the Maxum policy.[16] CapSpecialty contends that the same or related wrongful acts include the mismanagement of the joint venture that was formed to solicit and represent BP Subsistence Claimants. CapSpecialty cites a recent Fifth Circuit case, *Turner v. Cincinnati Ins. Co.*, to support its position that the *Gaudet* and *Henry* matters involve the same "claim" made against the Nations Defendants.[17] CapSpecialty also points out that the *Gaudet* and *Henry* plaintiffs rely upon the same expert opinion from Benjamin Cooper, in which he opines that the same actions by the attorney-defendants in each case, which include the Nations Defendants, constitute breaches of fiduciary duties that caused the plaintiffs' injuries in each case.[18] As such, CapSpecialty asks the Court to deny Maxum's Motion.

Landmark also filed an Opposition brief, adopting the arguments made by CapSpecialty in its Opposition brief.[19]

In response, Maxum asserts that the claims made in the *Henry* and *Gaudet* matters are distinct, and that the Court should reject Plaintiffs' "unsupported, never before pleaded, and entirely speculative theory that Maxum 'may' have waived into coverage."[20] Despite Plaintiffs' assertion to the contrary, Maxum points out that it

---

[16] R. Doc. 406.
[17] *Id.* at p. 13 (citing *Turner*, 9 F.4th 300, 317 (5th Cir. 2021)).
[18] R. Doc. 406 at pp. 15-16 (*citing* R. Doc. 406-8).
[19] R. Doc. 408.
[20] R. Doc. 493 at p. 6.

asserted several coverage defenses in its Answer that was filed on December 2, 2020 and, further, that Maxum has not waived its coverage defenses.[21] As such, Maxum maintains that it is entitled to summary judgment.

After careful review of the parties' memoranda, the record, and the applicable law, the Court finds that, for the reasons stated in the Court's Order and Reasons granting CapSpecialty's Motion for Summary Judgment,[22] which was premised upon arguments identical to those raised in CapSpecialty's Opposition brief,[23] Maxum has failed to show that it is entitled to summary judgment as to Plaintiffs' claims.

Accordingly,

**IT IS HEREBY ORDERED** that Maxum Indemnity Company's Motion for Summary Judgment[24] is **DENIED.**

New Orleans, Louisiana, November 8, 2022.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[21] *Id.* at pp. 6-8.
[22] R. Doc. 523.
[23] R. Doc. 406 at pp. 3-5 & 11-18.
[24] R. Doc. 328.