UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON HENRY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 2:20-02995-WBV-JVM**<br>c/w 20-2997-WBV-JVM<br>c/w 20-2998-WBV-JVM |
| **MAXUM INDEMNITY CO, ET AL.** | **SECTION: D (1)** |

**ORDER and REASONS**

Before the Court is a Motion for Summary Judgment, filed by defendant, QBE Insurance Corporation ("QBE").[1] Plaintiffs oppose the Motion,[2] and QBE has filed a Reply.[3]

In the Motion, QBE asserts that it is entitled to summary judgment as a matter of law because Plaintiffs cannot maintain any direct action claims against it until Plaintiffs "exhaust all coverage amounts provided by the underlying policies" of insurance issued by Maxum Indemnity Company (the "Maxum Policy") and by Landmark American Insurance Company (the "Landmark Policy").[4] QBE contends that it should be dismissed from the instant lawsuit because the total damages claimed by Plaintiffs, as assessed by Plaintiffs' own experts, are well within the combined $5,000,000 liability limits of the Maxum and Landmark Policies.[5] QBE asserts that "Plaintiffs' itemized damages provided in Plaintiffs' Economic Damages

---

[1] R. Doc. 253.
[2] R. Doc. 275.
[3] R. Doc. 346.
[4] R. Doc. 253; R. Doc. 253-1 at pp. 1 & 7-9.
[5] R. Doc. 253-1 at p. 1.

Report total between $1,449,701.30 and $2,067,823.00. Plaintiffs' own assessment of their damages does not exceed $2,067,823.00, which is well below the applicable deductible and underlying coverage limits, such that the QBE excess policy will never be triggered."[6] QBE maintains that Howard L. Nations, a Professional Corporation, was issued three insurance policies during the time period when the alleged malpractice occurred, including: (1) the Maxum Policy, which is the primary policy of professional liability insurance that has a $3,000,000 limit of liability for each claim with an annual aggregate of $3,000,000 and a $50,000 deductible per claim;[7] (2) the Landmark Policy, which is a "first layer Excess Professional Liability Policy" that has a $2,000,000 limit of liability for each claim with an annual aggregate of $2,000,000;[8] and (3) the QBE policy, which is "a second layer Excess Liability Policy" that has a $5,000,000 limit of liability for each claim with an annual aggregate of $5,000,000 "but applicable only after exhaustion of the deductible and the $5,000,000 combined limits of the Maxum and Landmark policies."[9] QBE argues that, based on Plaintiffs' own assessment of their damages, the liability limits of the primary insurance policy and the first layer excess insurance policy, issued by Maxum and Landmark, have not and will not be exhausted.[10] Thus, QBE claims that even if Plaintiffs are awarded their maximum compensatory damages, their potential award will not exceed the

---

[6] *Id.* at p. 3 (*citing* R. Doc. 253-3 at p. 13).
[7] R. Doc. 253-1 at pp. 3-5 (*citing* R. Doc. 253-4).
[8] R. Doc. 253-1 at p. 5 (*citing* R. Doc. 253-5).
[9] R. Doc. 253-1 at pp. 5-6 (*citing* R. Doc. 253-6).
[10] R. Doc. 253-1 at pp. 7-8. The Court notes that QBE erroneously asserts that Landmark issued the primary insurance policy and that Maxum issued the first layer excess insurance policy. *Id.* at p. 7.

coverage provided by the Maxum Policy and the Landmark Policy, so the QBE policy will never be implicated.[11]

Plaintiffs argue that QBE's Motion should be denied as premature, pointing out that the Maxum Policy and the Landmark Policy have eroding policy limits, meaning all of the "claims expenses," included significant legal fees detailed in Plaintiffs' Opposition brief, will be deducted from the applicable coverage limits.[12] Plaintiffs further assert that the Motion should be denied because some of the insurers, including Landmark, have taken the position that their legal malpractice policies are not confined to this litigation.[13]  Relying upon the Answers filed by Landmark and another insurer in this case, Capitol Specialty Insurance Corporation, Plaintiffs contend that the coverage limits of the Maxum Policy and the Landmark Policy might apply to the claims asserted by the plaintiffs in the related case of *Deborah A. Gaudet, et al. v. Howard L. Nations, APC, et al.*, Civ. A. No. 19-10356-WBV-JVM (the "*Gaudet* matter"), which is also pending before this Court.[14] Plaintiffs argue that, with eroding policy limits, it is not yet possible to determine whether QBE's policy will be implicated in this case.[15] Plaintiffs likewise argue that it remains unclear and undecided whether the three insurance policies are solely related to the instant case, or if they will also apply to the *Gaudet* matter with one coverage limit for both cases.[16]  Plaintiffs argue QBE's Motion should be denied because it is too

---

[11] *Id.* at pp. 7-9.
[12] R. Doc. 275 at pp. 2 & 5.
[13] *Id.*
[14] *Id.* at pp. 2-3 (*citing* R. Docs. 200 & 267).
[15] R. Doc. 275 at p. 5.
[16] *Id.*

early to determine whether their damages will exceed the underlying insurance policies' limits of liability.

In response, QBE points out that Plaintiffs do not dispute QBE's Statement of Uncontested Facts, and maintain that Plaintiffs' damages will not exhaust the policy limits of the Maxum and Landmark Policies.[17] QBE also points out that it is not a party to the *Gaudet* matter, so the factual and legal questions of that case are irrelevant and cannot create a genuine issue of law in this case.[18]

After careful review of the parties' memoranda, the record, and the applicable law, the Court finds that there are genuine issues of material fact in dispute that preclude summary judgment as to QBE, including the eroding policy limits of the Maxum Policy and the position taken by Landmark in its Answer that the Maxum Policy is not confined to this litigation and may apply to the claims alleged in the *Gaudet* matter.[19] The fact that the Court recently dismissed Landmark from this litigation does not change this fact.[20] Further, the Court has also denied Maxum's Motion for Summary Judgment on the basis that Plaintiffs' claim was first made against the Nations Defendants and reported to the insurer when the *Gaudet* matter was filed in 2019, during the policy period of the Maxum Policy.[21] Thus, it remains unclear at this time whether QBE's excess policy will be triggered in this litigation. The Court finds that it is premature at this time to determine whether Plaintiffs will

---

[17] R. Doc. 346 at pp. 1-2.
[18] *Id*. at p. 2.
[19] *See*, R. Doc. 267.
[20] *See*, R. Doc. 525.
[21] *See,* R. Doc. 524.

exhaust all coverage under the Maxum Policy and whether QBE's policy will be implicated in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment[22] is **DENIED.**

New Orleans, Louisiana, November 8, 2022.

_Wendy B Vitter_
**WENDY B. VITTER**
**United States District Judge**

---

[22] R. Doc. 253.