## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BRANDON HENRY, ET AL.**                    **CIVIL ACTION**

                                             **NO. 2:20-02995-WBV-JVM**
                                             **c/w 20-2997-WBV-JVM**
**VERSUS**                                   **c/w 20-2998-WBV-JVM**

**MAXUM INDEMNITY CO, ET AL.**               **SECTION: D (1)**

### ORDER and REASONS[1]

Before the Court is a Motion for Summary Judgment Against Plaintiff Keith Bonvillain, filed by Howard L. Nations, APC, Howard L. Nations, Cindy L. Nations, Gregory D. Rueb, Rueb & Motta, APLC, and Rueb Law Firm, APLC (collectively, the "Nations Defendants").[2]  The Motion was adopted by defendants, Joseph A. Motta and Joseph A. Motta, Attorney at Law, APLC,[3] and by the Nicks Law Firm and Shantrell Nicks.[4]  Plaintiffs oppose the Motion,[5] and the Nations Defendants have filed a Reply.[6]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 20-cv-2995.

[2] R. Doc. 268.

[3] R. Docs. 271 & 277.

[4] R. Docs. 272, 278, 292, & 303.  The Court further notes that also pending before this Court is the Insurer Defendants' Motion for Summary Judgment (Adopting Motions for Summary Judgment Filed by Nations Defendants), in which Maxum Indemnity Company, QBE Insurance Corporation, Capitol Specialty Insurance Corporation, and Landmark American Insurance Company seek to adopt 28 motions filed by the Nations Defendants, including the instant Motion.  *See*, R. Doc. 327.

[5] R. Doc. 413.

[6] R. Doc. 513.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[7]

In the Motion, the Nations Defendants assert that all of Bonvillain's claims should be dismissed with prejudice and at Plaintiffs' cost because his legal malpractice claim is prescribed under La. Civ. Code art. 3492 and is extinguished by peremption under La. R.S. 9:5605 because he did not bring this action until more than a year after he obtained actual or constructive knowledge of the alleged malpractice.[8]  The Nations Defendants contend that the one-year prescriptive period under Article 3492 began to run on Bonvillain's legal malpractice claim in December 2017, when Bonvillain knew that his BP Subsistence Claim had been denied after failing his August 11, 2017 field visit interview.  The Nations Defendants rely upon a Contact Log purportedly showing that the Nations Defendants sent Bonvillain a letter on November 13, 2017 informing him that he had failed his field visit interview,[9] as well as a portion of Bonvillain's deposition transcript purportedly showing that Bonvillain knew he had failed his field visit interview because he could not provide sufficient information regarding the boat from which he harvested 70% of his catch.[10]  The Nations Defendants also point out that Bonvillain voiced his anger during the field visit interview and admitted that he was "sarcastic" and "hotheaded"

---

[7] The factual background of this case was extensively detailed in several orders previously issued by this Court (*See,* R. Docs. 223 & 226) and, for the sake of brevity, will not be repeated here.

[8] R. Doc. 268-1 at pp. 4-11.

[9] *Id.* at p. 7 (*citing* R. Doc. 268-8).  According to the 28 U.S.C. § 1746 Declaration Under Penalty of Perjury, submitted as R. Doc. 268-8, the Contact Logs were created "to memorialize communications between the joint venture's workers with other persons including clients and representatives of the Deepwater Horizon Economic Claims Center ('DHECC')."  R. Doc. 268-8 at p. 1.  The Court notes that Plaintiffs have filed a Motion in Limine to Exclude Defendants' "Call Logs," which remains pending before the Court.  R. Doc. 364.

[10] R. Doc. 268-1 at pp. 7-9 (*citing* R. Doc. 268-10 at pp. 12 & 14-15).

during the interview.[11]  The Nations Defendants assert that Bonvillain filed an appeal of his claim denial by the December 6, 2017 deadline to do so, which further shows that he knew of his alleged damages in December 2017.[12]  As such, the Nations Defendants argue that Bonvillain had until December 2018 to file suit and that his legal malpractice claim, which was not filed until July 6, 2020, is time-barred under La. Civ. Code art. 3492 and extinguished under La. R.S. 9:5605.[13]

The Nations Defendants further assert that Bonvillain's legal malpractice claim should be dismissed because he cannot meet his burden of proving: (1) the standard of care that the Nations Defendants allegedly breached; (2) that the denial of his BP Subsistence Claim was caused by the Nations Defendant's fault in handling the claim; or (3) what his allegedly viable BP Subsistence Claim would have been worth if it had been successful.[14]  The Nations Defendants contend that Plaintiffs' attorney experts, Benjamin Cooper and Alan Gressett, are not qualified to testify regarding the standard of care for Louisiana attorneys or the alleged breach of that standard by the Nations Defendants, and state that they intend to file a *Daubert* motion to exclude Cooper's testimony.[15]  The Nations Defendants further assert that Bonvillain cannot show that his BP Subsistence Claim was denied due to the actions or inaction of the Nations Defendants because his claim was denied "because of Bonvillain and what he said directly to the DHECC Field Visit team during his Field

---

[11] R. Doc. 268-1 at p. 9 (*citing* R. Doc. 268-10 at p. 20).

[12] R. Doc. 268-1 at p. 10

[13] *Id*. at p. 11.

[14] *Id*. at pp. 11-12.

[15] *Id*. at pp. 11-14.  The Court notes that the Nations Defendants have since filed *Daubert* motions to exclude all evidence from Gressett and to exclude the legal opinions and testimony of Cooper.  *See*, R. Docs. 314 & 320.  Those motions remain pending before the Court.

Visit Interview."[16]  Finally, the Nations Defendants contend that Bonvillain cannot establish his alleged damages because he was unable to substantiate his alleged losses to DHECC and he has no evidence regarding his alleged subsistence losses or how to calculate them.[17]  As such, the Nations Defendants argue they are entitled to summary judgment and dismissal of Bonvillain's legal malpractice claim.

Plaintiffs oppose the Motion, asserting that the Contact Logs are inadmissible and should be excluded from the Court's consideration, that issues of prescription and peremption have already been decided by this Court, that their experts are qualified to testify, and that they will be able to prove all of the elements of Bonvillain's legal malpractice claim at trial.[18]  Incorporating by reference the arguments made in their pending Motion in Limine to Exclude Defendants' "Call Logs," Plaintiffs assert that the call log statements constitute inadmissible hearsay and that no exception applies that would deem them admissible.[19]  Plaintiffs then contend that this Court has already rejected the Nations Defendants' arguments regarding prescription and peremption, and has denied reconsideration of those arguments, so the Court should not consider those same arguments raised in the instant Motion.[20]  Nonetheless, Plaintiffs argue that the Nations Defendants conflate Bonvillain's knowledge of a claim denial, which he timely appealed, with his knowledge that legal malpractice had been committed, noting that Bonvillain's deposition testimony shows that he

---

[16] R. Doc. 268-1 at pp. 16-17.
[17] *Id*. at pp. 18-19.
[18] R. Doc. 413.
[19] *Id*. at pp. 4-6.  *See*, R. Doc. 364.
[20] R. Doc. 413 at pp.  6-8 (*citing* R. Docs. 223 & 242).

believed his BP Subsistence Claim was denied due to his lack of boat identification.[21] Plaintiffs aver that The Block Law Firm did not gain access to Bonvillain's DHECC portal until June 11, 2019, and subsequently notified him, for the first time, of the Nations Defendants' malpractice and the effect that their actions and inaction had on his claim denial.[22]  As explained in prior briefing, and due to the COVID-19 related prescription suspension in Louisiana, Plaintiffs argue that Bonvillain's claim was timely- filed on July 6, 2020.[23]

Plaintiffs further assert that Cooper and Gressett are both qualified to testify as experts under Fed. R. Evid. 702.[24]  Plaintiffs then claim that Bonvillain can establish the elements of a legal malpractice claim, since he was deemed eligible to recover for his BP Subsistence Claim and his claim was denied because the Nations Defendants manipulated the data on his claim form.[25]  Plaintiffs argue that Bonvillain's losses would not have occurred if the Nations Defendants had properly handled his BP Subsistence Claim, as he met all of the subsistence criteria.[26] Plaintiffs point out that the DHECC Denial Notices specify the reason for the denial of each plaintiff's BP Subsistence Claim, thereby dispelling the Nations Defendants' contention that factors other than their action/inaction caused the denial of Plaintiffs' BP Subsistence Claims.[27]  Plaintiffs claim that, without their knowledge or consent, the Nations Defendants "manipulated amounts, submitted bogus data, amended

---

[21] R. Doc. 413 at p. 11 (*citing* R. Doc. 413-8).
[22] R. Doc. 413 at p. 12 (*citing* R. Doc. 413-9).
[23] R. Doc. 413 at p. 12.
[24] *Id*. at pp. 37-38.
[25] *Id*. at p. 39.
[26] *Id*.
[27] *Id*. at p. 40 (*citing* R. Doc. 413-61).

claim forms, and took other Machiavellian actions to increase their fees, which were based on percentages of recovery."[28]   As such, Plaintiffs argue that whether each plaintiff can meet the criteria to receive a subsistence award is a disputed issue of material fact that precludes summary judgment.[29]

In response, the Nations Defendants re-urge the arguments raised in their Motion, and argue that Bonvillain has failed to raise a genuine issue of material fact regarding the breach, causation, or damages elements of his legal malpractice claim.[30]   Thus, the Nations Defendants maintain that they are entitled to summary judgment and dismissal of all of Bonvillain's claims.

## II.   LAW AND ANALYSIS

After careful review of the parties' memoranda, the record, and the applicable law, the Court finds that, for many of the reasons stated in Plaintiffs' Opposition brief,[31] the Nations Defendants have failed to show that they are entitled to summary judgment as to all of Bonvillain's claims under Fed. R. Civ. P. 56.  As an initial matter, and as Plaintiffs point out,[32] the Motion must be denied to the extent that the Nations Defendants seek dismissal of "all of Bonvillain's claims" because the Motion does not address the sufficiency of Bonvillain's breach of contract claim.[33]   The Motion is also denied to the extent that the Nations Defendants argue Bonvillain's claims are time-barred based on the peremptive period set forth in R.S. 9:5605.   As the Nations

---

[28] R. Doc. 413 at p. 40.
[29] *Id*. at pp. 40-41.
[30] R. Doc. 513.
[31] R. Doc. 413.
[32] R. Doc. 413 at p. 41.
[33] *See*, R. Doc. 139.

Defendants concede, albeit begrudgingly,[34] this Court has twice considered, and has twice rejected, the Nations Defendants' assertion that La. R.S. 9:5605 applies to Plaintiffs' legal malpractice claims.[35]  Notably, the Court issued both of those rulings *before* the Nations Defendants filed the instant Motion.[36]  The Court declines to waste judicial resources to entertain a third reiteration of those arguments, and instead directs the Nations Defendants to review the Court's in-depth analysis set forth in those two orders.

The Court further finds that the Nations Defendants have failed to show that Bonvillain's legal malpractice claim must be dismissed because it is time-barred by the one-year prescriptive period set forth in La. Civ. Code 3492.  This Court previously determined that Article 3492 applies to Plaintiffs' legal malpractice claim in this case.[37]  As the Court previously pointed out,[38] the Fifth Circuit has held that the doctrine of *contra non valentem* is applicable to the prescription period set forth in Article 392, such that if the plaintiff "could show that he was unaware of his cause of action until a year before the date he filed the malpractice suit, he could escape the application of article 3492."[39]  Relying upon precedent from the Louisiana Supreme Court, the Fifth Circuit in that case determined that the plaintiff's legal malpractice claim began accruing when the plaintiff began to incur legal expenses as a result of

---

[34] R. Doc. 268-1 at p. 4, nn. 20 & 21.

[35] *See*, R. Docs. 223 and 242.

[36] The Court denied the Defendants' Motion to Dismiss on March 17, 2022 (R. Doc. 223), and denied Defendants' Motion for Reconsideration on April 26, 2022 (R. Doc. 242).  The Nations Defendants filed the instant Motion on May 19, 2022 (R. Doc. 268).

[37] *See*, R. Doc. 223 at pp. 15-19.

[38] R. Doc. 223 at p. 15.

[39] *Henry v. Duane Morris, LLC*, 210 Fed.Appx. 356, 359 (5th Cir. 2006) (citing *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 354 (La. 1992)).

investigating and correcting the malpractice, which was when the plaintiff hired new counsel.[40]

This Court previously determined that Plaintiffs had one year from when their newly-retained counsel, The Block Law Firm, gained access to Plaintiffs' DHECC portal and the documents contained therein to file their legal malpractice claims.[41] Plaintiffs assert in their Opposition brief that The Block Law Firm gained access to Bonvillain's DHECC portal on June 11, 2019.[42] The Nations Defendants do not contest that assertion.[43] Thus, under Article 3492, Bonvillain had until June 11, 2020 to file his legal malpractice claim. As previously recognized by the Court,[44] and acknowledged by both parties,[45] in response to the COVID-19 pandemic the Louisiana legislature enacted La. R.S. 9:5829, effective June 9, 2020, which provides, in pertinent part, that, "The right to file a pleading or motion to enforce any right, claim, or action which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020."[46] Because Bonvillain's legal malpractice claim would have prescribed on June 11, 2020 under Article 3492, the prescriptive period was suspended until July 6, 2020 under La. R.S. 9:5829. The Nations Defendants concede in their Motion that Bonvillain filed this suit on July 6, 2020.[47] Accordingly, the Nations Defendants have failed to show that they are entitled to

---

[40] *Henry*, 210 Fed.Appx at 359 (citing *Harvey*, 593 So.2d at 355).
[41] R. Doc. 223 at pp. 17-18.
[42] R. Doc. 413 at p. 12.
[43] *See*, R. Docs. 268 & 513.
[44] R. Doc. 223 at p. 18.
[45] R. Doc. 158-1 at pp. 7-8; R. Doc. 173 at p. 8.
[46] La. R.S. 9:5829(A).
[47] R. Doc. 268-1 at p. 11 (*citing* R. Doc. 268-17). *See*, R. Doc. 1-1 at pp. 5-20.

summary judgment and the dismissal with prejudice of Bonvillain's legal malpractice claim because it is time-barred under Article 3492.

The Court further finds that, for the reasons stated in the Opposition brief,[48] Plaintiffs have raised a genuine issue of material fact regarding whether Cooper and Gressett are qualified to render expert opinions regarding the standard of care for Bonvillain's legal malpractice claim and whether the Nations Defendants breached that standard of care. Plaintiffs have also raised a genuine issue of material fact regarding causation through the expert reports of Cooper and Gressett,[49] as well as Plaintiffs' allegations that the Nations Defendants manipulated claim form data[50] and the Denial Notice issued by DHECC to Bonvillain, stating that his BP Subsistence Claim was denied because "The Field Visit Team could not verify that you fished and/or hunted the *quantities* of Seafood and/or Game you claimed in your Claim Form or Subsistence Claimant Sworn Written Statement."[51] Finally, there is sufficient evidence before the Court to raise a genuine issue of material fact regarding the damages Bonvillain incurred as a result of the alleged legal malpractice of the Nations Defendants. Specifically, the expert report regarding the Plaintiffs' economic damages, prepared by Charles C. Theriot and Edward J. Comeaux, indicates that they have prepared two calculations of each plaintiff's lost compensation based upon: (1) the information contained in the earliest BP Subsistence Claim Form submitted to DHECC; and (2) the most recent information provided to DHECC by the Nations

---

[48] R. Doc. 413 at pp. 37-38 (*citing* R. Docs. 413-59 & 413-60).

[49] R. Docs. 413-59 & 413-60.

[50] *See*, R. Doc. 139 & R. Doc. 413 at pp. 38-41.

[51] R. Doc. 268-15 at p. 1 (emphasis added); R. Doc. 413-61 at p. 5 (emphasis added).

Defendants.[52]  Although the exhibits referenced in the expert report that contain these calculations were not submitted in connection with the instant Motion, neither party disputes the existence of those exhibits.[53]  While the Nations Defendants assert that Bonvillain has no evidence of damages because he denies the accuracy of the claim form data upon which these calculations are based,[54] the Court disagrees and finds that Bonvillain's testimony questioning the accuracy of the claim form data submitted by the Nations Defendants[55] raises a genuine dispute sufficient to preclude summary judgment at this time.  Accordingly, the Motion for Summary Judgment must be denied.

## III.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment Against Plaintiff Keith Bonvillain[56] is **DENIED.**

New Orleans, Louisiana, December 2, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[52] *See*, R. Doc. 268-20 at pp. 8-9.
[53] *See, generally*, R. Docs. 268-1, 413, & 513.
[54] R. Doc. 513 at p. 5.
[55] R. Doc. 268-11 at p. 17, l. 22 - p. 18, l.7 ("Q. Now, what -- what do you think your damages are in this case. . . . . A. To be honest with you, I don't - - I don't know, because like -- tell you the -- I was totally being honest when I first went over there and wrote my numbers down, and - - and *they called me wanting to up the numbers* or whatever, and I think it was  - - their numbers were up and then down and I don't know.") (emphasis added).
[56] R. Doc. 268.