## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**BRANDON HENRY, ET AL.**                    **CIVIL ACTION**

                                             **NO. 2:20-02995-WBV-JVM**
                                             **c/w 20-2997-WBV-JVM**
**VERSUS**                                   **c/w 20-2998-WBV-JVM**


**MAXUM INDEMNITY CO, ET AL.**               **SECTION: D (1)**

### ORDER and REASONS[1]

Before the Court is a Motion for Summary Judgment Against Plaintiff Allen Kaluza, filed by Howard L. Nations, APC, Howard L. Nations, Cindy L. Nations, Gregory D. Rueb, Rueb & Motta, APLC, and Rueb Law Firm, APLC (collectively, the "Nations Defendants").[2]  The Motion was adopted by defendants, Joseph A. Motta and Joseph A. Motta, Attorney at Law, APLC,[3] and by the Nicks Law Firm and Shantrell Nicks.[4]  Plaintiffs oppose the Motion,[5] and the Nations Defendants have filed a Reply.[6]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 20-cv-2995.

[2] R. Doc. 269.

[3] R. Docs. 271 & 277.

[4] R. Docs. 272 & 278.  The Court further notes that also pending before this Court is the Insurer Defendants' Motion for Summary Judgment (Adopting Motions for Summary Judgment Filed by Nations Defendants), in which Maxum Indemnity Company, QBE Insurance Corporation, Capitol Specialty Insurance Corporation, and Landmark American Insurance Company seek to adopt 28 motions filed by the Nations Defendants, including the instant Motion.  *See*, R. Doc. 327.

[5] R. Doc. 413.

[6] R. Doc. 505.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[7]

The Nations Defendants assert that Allen Kaluza's claims should be dismissed with prejudice and at Plaintiffs' cost because his legal malpractice claim is prescribed under La. Civ. Code art. 3492 and is extinguished by peremption under La. R.S. 9:5605, since he did not bring this action until more than a year after he obtained actual or constructive knowledge of the alleged legal malpractice.[8]   The Nations Defendants contend that the one-year prescriptive period under Article 3492 began to run on Kaluza's legal malpractice claim "around August 18, 2017," when Kaluza learned that his BP Subsistence Claim had been denied after failing his field visit interview.[9]   The Nations Defendants assert that Kaluza learned about the denial of his claim when his wife received written notice in the mail, and further claim that, "The Failed Field Interview letter was mailed on August 8, 2017, after DHECC had issued its 'Post-Reconsideration Denial Notice' on July 28, 2017."[10]   The Nations Defendants rely upon their "Client Contact Log" that purportedly indicates that Kaluza's wife inquired about the appeal process but never pursued an appeal.[11]   The Nations Defendants also rely upon a portion of Kaluza's deposition transcript

---

[7] The factual background of this case was extensively detailed in several orders previously issued by this Court (*See,* R. Docs. 223 & 226) and, for the sake of brevity, will not be repeated here.

[8] R. Doc. 269-1 at pp. 6-9.

[9] *Id*. at pp. 7-8.

[10] *Id*. at p. 7.

[11] *Id*. (*citing* R. Doc. 269-12).  According to the 28 U.S.C. § 1746 Declaration Under Penalty of Perjury, submitted as R. Doc. 269-12, the Contact Logs were created "to memorialize communications between the joint venture's workers with other persons including clients and representatives of the Deepwater Horizon Economic Claims Center ('DHECC')."  R. Doc. 269-12 at p. 1.  The Court notes that Plaintiffs have filed a Motion in Limine to Exclude Defendants' "Call Logs," which remains pending before the Court.  R. Doc. 364.

purportedly showing that Kaluza was suspicious when his claim was denied.[12] According to the Nations Defendants, Kaluza "sustained the damages he alleges to have been caused by Defendants, when he thought that something was wrong."[13] The Nations Defendants argue that Kaluza did not file his legal malpractice claim until July 6, 2020, such that the claim is time-barred under La. Civ. Code art. 3492 and extinguished under La. R.S. 9:5605.[14]

The Nations Defendants further assert that Kaluza's legal malpractice claim should be dismissed because he cannot meet his burden of proving: (1) the standard of care that the Nations Defendants allegedly breached in handling his BP Subsistence Claim; (2) that the actions or inaction of the Nations Defendants caused the denial of his BP Subsistence Claim; or (3) what his allegedly viable BP Subsistence Claim would have been worth if it had been successful.[15] The Nations Defendants contend that Plaintiffs' legal expert, Benjamin Cooper, is not qualified to testify regarding the standard of care for Louisiana attorneys or the alleged breach of that standard by the Nations Defendants, and further claim that they intend to file a *Daubert* motion to exclude Cooper's testimony.[16] The Nations Defendants assert that summary judgment is also proper because Kaluza cannot prove that the actions or inaction of the Nations Defendants were the proximate cause of Kaluza's

---

[12] R. Doc. 269-1 at pp. 7-8 (*citing* R. Doc. 269-5). The Court notes that the portion of Kaluza's deposition testimony quoted by the Nations Defendants in their Motion was not included in the over 200 pages of exhibits submitted in support of their Motion. *See*, R. Doc. 269-1 at pp. 7-8; R. Doc. 269-5.
[13] R. Doc. 269-1 at p. 8.
[14] *Id*. at p. 8.
[15] *Id*. at pp. 8-9.
[16] *Id*. at pp. 9-11. The Court notes that the Nations Defendants have since filed a *Daubert* motion to exclude the legal opinions and testimony of Cooper, which is pending before the Court. *See*, R. Doc. 314.

damages.[17]   Instead, the Nations Defendants claim that Kaluza's BP Subsistence Claim was denied because he failed his field visit interview and he failed to submit the required licenses.  The Nations Defendants argue that Kaluza failed the interview because the field team was unable to verify the quantities of seafood he claimed to have lost, and that Kaluza's claim "was denied because of the words from his own mouth in answering questions posed by the DHECC."[18]   Finally, the Nations Defendants contend that Kaluza cannot establish his alleged damages because he was unable to substantiate his alleged losses to DHECC and he has no evidence of his alleged losses or a way to calculate them.[19]   Although Plaintiffs have submitted an expert report from a Certified Public Accountant, Charles C. Theriot, the Nations Defendants argue that the only documents relied upon by Theriot in calculating damages are claim forms that the Plaintiffs allege are inaccurate.[20]   As such, the Nations Defendants argue they are entitled to summary judgment and dismissal of Kaluza's legal malpractice claim.

Plaintiffs oppose the Motion, asserting that the Contact Logs are inadmissible and should be excluded from the Court's consideration, that issues of prescription and peremption have already been decided by this Court, that Cooper is qualified to testify as an expert, and that they will be able to prove all of the elements of Kaluza's legal malpractice claim at trial.[21]   Incorporating by reference the arguments made in

---

[17] R. Doc. 269-1 at pp. 11-13.
[18] *Id.* at p. 14.
[19] *Id.* at p. 16.
[20] *Id.* at pp. 15-16 (*citing* R. Docs. 269-23 & 269-24).
[21] R. Doc. 413.

their pending Motion in Limine to Exclude Defendants' "Call Logs," Plaintiffs assert that the call log statements constitute inadmissible hearsay and that no exception applies that would deem them admissible.[22]  Plaintiffs then contend that this Court has already rejected the Nations Defendants' arguments regarding prescription and peremption, and has denied reconsideration of those arguments, so the Court should not consider those same arguments raised in the instant Motion.[23]  Nonetheless, Plaintiffs argue that the Nations Defendants conflate Kaluza's knowledge of a claim denial with his knowledge that legal malpractice had been committed, and assert that Kaluza was unaware of any steps that could be taken after his claim denial until he heard that The Block Law Firm was investigating claims.[24]  Plaintiffs aver that The Block Law Firm did not gain access to Kaluza's DHECC portal until July 16, 2019, and subsequently notified him, for the first time, that his claim denial was the result of his the Nations Defendants' malpractice.[25]  As such, Plaintiffs argue that Kaluza's legal malpractice claim was timely- filed.

Plaintiffs further assert that Kaluza will be able to prove the elements of his legal malpractice claim at trial, and that Cooper is qualified to testify as an expert under Fed. R. Evid. 702.[26]  Plaintiffs claim that Kaluza was deemed eligible to recover for his BP Subsistence Claim and that his claim was denied because the Nations Defendants manipulated the data on his claim form.[27]  Plaintiffs assert that Kaluza's

---

[22] *Id.* at pp. 4-6.  *See*, R. Doc. 364.
[23] R. Doc. 413 at pp.  6-8 (*citing* R. Docs. 223 & 242).
[24] R. Doc. 413 at p. 19.
[25] *Id.* (*citing* R. Doc. 413-23).
[26] R. Doc. 413 at pp. 37-38.
[27] *Id.* at p. 39.

losses would not have occurred if the Nations Defendants had properly handled his BP Subsistence Claim, since he met all of the criteria to receive a subsistence award.[28] Plaintiffs point out that the DHECC Denial Notices specify the reason for the denial of each plaintiff's BP Subsistence Claim, thereby dispelling the Nations Defendants' contention that factors other than their own actions or inaction caused the denial of Plaintiffs' BP Subsistence Claims.[29]  Plaintiffs claim that, without their knowledge or consent, the Nations Defendants "manipulated amounts, submitted bogus data, amended claim forms, and took other Machiavellian actions to increase their fees, which were based on percentages of recovery."[30]  As such, Plaintiffs argue that whether each plaintiff can meet the criteria to receive a subsistence award is a disputed issue of material fact that precludes summary judgment.[31]

In response, the Nations Defendants re-urge their argument that Kaluza's legal malpractice claim is prescribed and/or perempted under Louisiana law, and further assert that Kaluza has failed to raise a genuine issue of material fact regarding the causation and damages elements of his legal malpractice claim.[32]  Thus, the Nations Defendants maintain that they are entitled to summary judgment and dismissal of Kaluza's claims.

---

[28] *Id.*
[29] *Id.* at p. 40 (*citing* R. Doc. 413-61).
[30] R. Doc. 413 at p. 40.
[31] *Id.* at pp. 40-41.
[32] R. Doc. 505.

## II.   LAW AND ANALYSIS

After careful review of the parties' memoranda, the record, and the applicable law, the Court finds that, for many of the reasons stated in Plaintiffs' Opposition brief,[33] the Nations Defendants have failed to show that they are entitled to summary judgment as to Kaluza's claims under Fed. R. Civ. P. 56.  As an initial matter, it is unclear to the Court whether the Nations Defendants seek the dismissal of all of Kaluza's claims or only his legal malpractice claim, as their Motion and Reply brief seek the dismissal of Kaluza's "claims"[34] and Kaluza's "legal malpractice claims."[35] To the extent the Nations Defendants seek the dismissal of all of Kaluza's claims in this matter, the Motion is denied because it does not address the sufficiency of Kaluza's breach of contract claim.[36]  The Motion is also denied to the extent that the Nations Defendants argue Kaluza's legal malpractice claim is time-barred based on the peremptive period set forth in R.S. 9:5605.  As the Nations Defendants concede, albeit begrudgingly,[37] this Court has twice considered, and has twice rejected, the Nations Defendants' assertion that La. R.S. 9:5605 applies to Plaintiffs' legal malpractice claims.[38]   Notably, the Court issued both of those rulings *before* the Nations Defendants filed the instant Motion.[39]  The Court declines to waste judicial

---

[33] R. Doc. 413.
[34] R. Doc. 269 at p. 3; R. Doc. 269-1 at p. 17; R. Doc. 505 at p. 7.
[35] R. Doc. 269-1 at pp. 5-16.
[36] *See*, R. Doc. 139.
[37] R. Doc. 269-1 at p. 4, nn. 20 & 21.
[38] *See*, R. Docs. 223 and 242.
[39] The Court denied the Defendants' Motion to Dismiss on March 17, 2022 (R. Doc. 223), and denied Defendants' Motion for Reconsideration on April 26, 2022 (R. Doc. 242).  The Nations Defendants filed the instant Motion on May 19, 2022 (R. Doc. 269).

resources to entertain a third reiteration of those arguments, and instead directs the Nations Defendants to review the Court's two prior orders.

The Court further finds that the Nations Defendants have failed to show that Kaluza's legal malpractice claim must be dismissed because it is time-barred by the one-year prescriptive period set forth in La. Civ. Code 3492. This Court previously determined that Article 3492 applies to Plaintiffs' legal malpractice claims in this case.[40]  As the Court previously pointed out,[41] the Fifth Circuit has held that the doctrine of *contra non valentem* is applicable to the prescriptive period set forth in Article 392, such that if the plaintiff "could show that he was unaware of his cause of action until a year before the date he filed the malpractice suit, he could escape the application of article 3492."[42]  Relying upon precedent from the Louisiana Supreme Court, the Fifth Circuit in that case determined that the plaintiff's legal malpractice claim began accruing when the plaintiff began to incur legal expenses as a result of investigating and correcting the malpractice, which was when the plaintiff hired new counsel.[43]

This Court previously determined that Plaintiffs had one year from when their newly-retained counsel, The Block Law Firm, gained access to Plaintiffs' DHECC portal and the documents contained therein to file their legal malpractice claims.[44] Plaintiffs assert in their Opposition brief that The Block Law Firm gained access to

---

[40] *See*, R. Doc. 223 at pp. 15-19.
[41] *Id.* at p. 15.
[42] *Henry v. Duane Morris, LLC*, 210 Fed.Appx. 356, 359 (5th Cir. 2006) (citing *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 354 (La. 1992)).
[43] *Henry*, 210 Fed.Appx at 359 (citing *Harvey*, 593 So.2d at 355).
[44] R. Doc. 223 at pp. 17-18.

Kaluza's DHECC portal on July 16, 2019.[45]   The Nations Defendants challenge the veracity of that assertion because it is based upon the affidavit of Plaintiffs' counsel.[46] The Nations Defendants, however, assert in their Reply brief that Kaluza engaged The Block Law Firm on October 24, 2019,[47] and attached a copy of Kaluza's "Claimant Request for Change in Representation Status," dated October 24, 2019, to their Motion.[48]  There is no dispute that Kaluza filed his legal malpractice claim on July 6, 2020.[49]   Based upon the evidence before the Court, the Nations Defendants have failed to show that they are entitled to summary judgment on the basis that Kaluza's legal malpractice claim is time-barred under Article 3492.

The Court further finds that, for the reasons stated in the Opposition brief,[50] Plaintiffs have raised a genuine issue of material fact regarding whether Cooper is qualified to render expert opinions regarding the standard of care for Kaluza's legal malpractice claim and whether the Nations Defendants breached that standard of care.   Plaintiffs have likewise raised a genuine issue of material fact regarding causation through Cooper's expert report.[51]   Plaintiffs have also raised a genuine dispute regarding causation through Plaintiffs' allegations that the Nations Defendants manipulated claim form data[52] and the Denial Notice issued by DHECC to Kaluza, which states that his BP Subsistence Claim was denied because "The Field

---

[45] R. Doc. 413 at p. 19 (*citing* R. Doc. 413-23).
[46] R. Doc. 505 at p. 2.
[47] R. Doc. 505 at p. 5.
[48] R. Doc. 269-16.
[49] R. Doc. 269-1 at p. 8; R. Doc. 413 at pp. 2, 9, 10, & 13; R. Doc. 505 at p. 5.
[50] R. Doc. 413 at pp. 37-38 (*citing* R. Doc. 413-59).
[51] R. Doc. 413-59.
[52] *See*, R. Doc. 139 & R. Doc. 413 at pp. 38-41.

Visit Team could not verify that you fished and/or hunted the *quantities* of Seafood and/or Game you claimed in your Claim Form or Subsistence Claimant Sworn Written Statement."[53]

Finally, there is sufficient evidence before the Court to raise a genuine issue of material fact regarding the damages Kaluza incurred as a result of the alleged legal malpractice of the Nations Defendants. Specifically, the expert report regarding the Plaintiffs' economic damages, prepared by Charles C. Theriot and Edward J. Comeaux, indicates that they have prepared two calculations of each plaintiff's lost compensation based upon: (1) the information contained in the earliest BP Subsistence Claim Form submitted to DHECC; and (2) the most recent information provided to DHECC by the Nations Defendants.[54] Although the exhibits referenced in the expert report that contain these calculations were not submitted in connection with the instant Motion, neither party disputes the existence of those exhibits.[55] While the Nations Defendants assert that Kaluza has no evidence of damages because Plaintiffs deny the accuracy of the claim form data upon which Theriot's calculations are based,[56] the Court disagrees and finds that the evidence before the Court raises a genuine issue of a material fact regarding Kaluza's damages sufficient to preclude summary judgment. Accordingly, the Motion for Summary Judgment must be denied.

---

[53] R. Doc. 269-14 at p. 1 (emphasis added); R. Doc. 413-61 at p. 19 (emphasis added).
[54] *See*, R. Doc. 269-23 at pp. 8-9.
[55] *See, generally*, R. Docs. 269-1, 413, & 505.
[56] R. Doc. 269-1 at pp. 15-16.

## III.    CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment Against Plaintiff Allen Kaluza[57] is **DENIED.**

New Orleans, Louisiana, December 2, 2022.

WENDY B. VITTER
**United States District Judge**

---

[57] R. Doc. 269.