UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON HENRY, ET AL.** | **CIVIL ACTION** |
| | **NO. 2:20-02995-WBV-JVM**<br>**c/w 20-2997-WBV-JVM** |
| **VERSUS** | **c/w 20-2998-WBV-JVM** |
| **MAXUM INDEMNITY CO, ET AL.** | **SECTION: D (1)** |

### ORDER and REASONS[1]

Before the Court is a Motion for Summary Judgment Against Plaintiff Leonard Holcomb, filed by Howard L. Nations, APC, Howard L. Nations, Cindy L. Nations, Gregory D. Rueb, Rueb & Motta, APLC, and Rueb Law Firm, APLC (collectively, the "Nations Defendants").[2] The Motion was adopted by defendants, Joseph A. Motta and Joseph A. Motta, Attorney at Law, APLC,[3] and by the Nicks Law Firm and Shantrell Nicks.[4] Plaintiffs oppose the Motion,[5] and the Nations Defendants have filed a Reply.[6]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 20-cv-2995.
[2] R. Doc. 270.
[3] R. Docs. 271 & 277.
[4] R. Docs. 272 & 278. The Court further notes that also pending before this Court is the Insurer Defendants' Motion for Summary Judgment (Adopting Motions for Summary Judgment Filed by Nations Defendants), in which Maxum Indemnity Company, QBE Insurance Corporation, Capitol Specialty Insurance Corporation, and Landmark American Insurance Company seek to adopt 28 motions filed by the Nations Defendants, including the instant Motion. *See*, R. Doc. 327.
[5] R. Doc. 413.
[6] R. Doc. 506.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**[7]

The Nations Defendants assert that Leonard Holcomb's claims should be dismissed with prejudice and at Plaintiffs' cost because his legal malpractice claim is prescribed under La. Civ. Code art. 3492 and is extinguished by peremption under La. R.S. 9:5605.[8] The Nations Defendants contend that the one-year prescriptive period under Article 3492 began to run on Holcomb's legal malpractice claim on April 4, 2018 because the Nations Defendants' Client Call Log shows that on that date, which was after the discretionary appeal period on his claim denial had expired, Holcomb "(1) was emailed 'a copy of his file, FWA denial notice,[9] and closure letter' and (2) Jeanett Resendiz told him that his 'intake numbers were too high' and that the 'claims center did not believe his claim because it was so high.'"[10] The Nations Defendants also rely on a portion of Holcomb's deposition testimony, in which he admitted that he found out that his BP Subsistence Claim had been denied before the 30-day appeal period had run, that he knows an appeal process is time-sensitive, and that he "was pissed" when he found out that his claim had been denied.[11] According to the Nations Defendants, "April 4, 2018 marks the date when Holcomb had constructive knowledge of facts indicating to a reasonable person that he or she is the

---

[7] The factual background of this case was extensively detailed in several orders previously issued by this Court (*See,* R. Docs. 223 & 226) and, for the sake of brevity, will not be repeated here.
[8] R. Doc. 270-1 at pp. 6-9.
[9] While not explained by the Nations Defendants, their Motion subsequently references a "Fraud Waste Abuse" investigation conducted by DHECC into Holcomb's claim (R. Doc. 270-1 at p. 15), so the Court believes "FWA" is a reference to the DHECC's Fraud, Waste, and Abuse investigation.
[10] *Id.* at p. 8 (*citing* R. Docs. 270-20 & 270-21).
[11] R. Doc. 270-1 at pp. 7-9 (*citing* R. Doc. 270-5 at pp. 11, 12-13, 14, & 16).

victim of a tort" because:

> Holcomb could just as easily have consulted any attorney to examine the facts and evaluate the claim the day after he learned of his denial (when he was "pissed" that his appeal period had expired), as he did on the day when he actually consulted the Block firm and authorized them to take over the representation, with the change in representation he signed on August 21, 2019.[12]

The Nations Defendants assert that Holcomb did not file his legal malpractice claim until July 6, 2020, so the claim is time-barred under La. Civ. Code art. 3492 and extinguished under La. R.S. 9:5605.[13]

The Nations Defendants further assert that Holcomb's legal malpractice claim should be dismissed because he cannot meet his burden of proving: (1) the standard of care that the Nations Defendants allegedly breached in handling his BP Subsistence Claim; (2) that the actions or inaction of the Nations Defendants caused the denial of his BP Subsistence Claim; or (3) what his allegedly viable BP Subsistence Claim would have been worth if it had been successful.[14] The Nations Defendants contend that Plaintiffs' legal expert, Benjamin Cooper, is not qualified to testify regarding the standard of care for Louisiana attorneys or the alleged breach of that standard by the Nations Defendants, and further claim that they intend to file a *Daubert* motion to exclude Cooper's testimony.[15]

---

[12] R. Doc. 270-1 at p. 9 (*quoting* R. Docs. 270-28, 270-20, & 270-21 and *citing* R. Doc. 223) (internal quotation marks omitted).
[13] R. Doc. 270-1 at p. 9.
[14] *Id.* at pp. 9-10.
[15] *Id.* at pp. 10-12. The Court notes that the Nations Defendants have since filed a *Daubert* motion to exclude the legal opinions and testimony of Cooper, which is pending before the Court. *See*, R. Doc. 314.

The Nations Defendants assert that summary judgment is also proper because Holcomb cannot prove that the actions or inaction of the Nations Defendants were the proximate cause of Holcomb's damages.[16] Instead, the Nations Defendants claim that Holcomb's BP Subsistence Claim was denied "because he submitted highly improbable harvest losses on his Initial Intake Form."[17] The Nations Defendants rely on a portion of Holcomb's deposition testimony, in which he admitted that he signed his Initial Intake Form and that the information on the first page was in his own handwriting, but he disputed that he provided the information contained on the second page of the form.[18] The Nations Defendants contend that his testimony is problematic because Holcomb signed the Teal Form[19] under oath and under penalty of perjury, and the numbers on the Teal Form are identical to the numbers on the Initial Intake Form.[20] The Nations Defendants claim that, "The calculations, based on Mr. Holcomb's interview, produced 'highly improbable' totals, the Defendants later had to correct," and that the Nations Defendants were unable to persuade the DHECC that the reduced quantities submitted were reasonable and that the original totals in the Initial Intake Form were based on a calculation error.[21] The Nations Defendants aver that the DHECC's Fraud Waste Abuse investigation "made a credibility call, based specifically on Mr. Holcomb's certification, and denied his claim.

---

[16] R. Doc. 270-1 at pp. 12-15.
[17] *Id.* at p. 13.
[18] *Id.* at pp. 13-14 (*quoting* R. Doc. 170-5 at pp. 2, 3 & 4-5).
[19] The Teal Form is the name for the Deepwater Horizon Economic and Property Settlement Subsistence Claim Form.  *See*, R. Doc. 270-4.
[20] R. Doc. 270-1 at pp. 14-15.
[21] *Id.* at p. 15.

The fault lies with Mr. Holcomb, not with Defendants."[22]  The Nations Defendants assert that Holcomb has no evidence to show that his claim was denied as a result of the actions or inaction of the Nations Defendants and, as such, they are entitled to summary judgment.  Finally, the Nations Defendants assert that they are entitled to summary judgment because Holcomb cannot establish his alleged damages, as he was unable to substantiate his alleged losses to DHECC and he has no evidence of his alleged losses or a way to calculate them.[23]

Plaintiffs oppose the Motion, asserting that the Contact Logs are inadmissible and should be excluded from the Court's consideration, that issues of prescription and peremption have already been decided by this Court, that Cooper is qualified to testify as an expert, and that they will be able to prove all of the elements of Holcomb's legal malpractice claim at trial.[24]  Incorporating by reference the arguments made in their pending Motion in Limine to Exclude Defendants' "Call Logs," Plaintiffs assert that the call log statements constitute inadmissible hearsay and that no exception applies that would deem them admissible.[25]  Plaintiffs then contend that this Court has already rejected the Nations Defendants' arguments regarding prescription and peremption, and has denied reconsideration of those arguments, so the Court should not consider those same arguments raised in the instant Motion.[26]  Nonetheless, Plaintiffs dispute the Nations Defendants' assertion that Holcomb knew or should

---

[22] *Id.*
[23] *Id.* at p. 17.
[24] R. Doc. 413.
[25] *Id.* at pp. 4-6.  *See*, R. Doc. 364.
[26] R. Doc. 413 at pp. 6-8 (*citing* R. Docs. 223 & 242).

have known of the legal malpractice by April 4, 2018 based on his receipt of an alleged e-mail notifying him that his claim had been denied.[27] Plaintiffs point out that when Holcomb was asked during his deposition if he thought his attorneys were doing something wrong, he testified, "No, I didn't suspect they were doing anything wrong, I just thought they were either . . . inundated with these questions and people calling, they just hadn't had time to follow up on it, or just that they were haphazardly doing their work, but I didn't think they were doing anything wrong."[28] Plaintiffs claim that Holcomb did not know what had occurred or of any legal malpractice until The Block Law Firm gained access to his DHECC portal on October 15, 2019.[29] As such, Plaintiffs argue that Holcomb's legal malpractice claim was timely- filed.

Plaintiffs further assert that Holcomb will be able to prove the elements of his legal malpractice claim at trial, and that Cooper is qualified to testify as an expert under Fed. R. Evid. 702.[30] Although Plaintiffs do not reference Holcomb specifically, Plaintiffs contend that, "For Plaintiffs who had inflated harvest amounts, these amounts were provided by, approved by, and attested to by Defendants," and that, "Defendants attempt to shift the blame to Plaintiffs by claiming their harvest amounts were 'excessive.'"[31] Plaintiffs assert that, "Defendants fail to mention these amounts were submitted to DHECC by Defendants, most often without client knowledge or approval."[32] Plaintiffs further assert that, "Plaintiffs' losses would *not*

---

[27] R. Doc. 413 at p. 18.
[28] *Id*. (*quoting* R. Doc. 413-20 at p. 2) (internal quotation marks omitted).
[29] R. Doc. 413 at p. 18 (*citing* R. Doc. 413-21).
[30] R. Doc. 413 at pp. 37-38.
[31] *Id*. at p. 39 (*citing* R. Doc. 323-1 at p. 18).
[32] R. Doc. 413 at p. 39.

have occurred if the Defendants had properly handled their claims," and that, "each Plaintiff met the criteria to receive a subsistence award and they can satisfy each element of their malpractice claim."[33]  Plaintiffs point out that the DHECC Denial Notices specify the reason for the denial of each plaintiff's BP Subsistence Claim, thereby dispelling the Nations Defendants' contention that factors other than their own actions or inaction caused the denial of Plaintiffs' BP Subsistence Claims.[34] Plaintiffs claim that, without their knowledge or consent, the Nations Defendants "manipulated amounts, submitted bogus data, amended claim forms, and took other Machiavellian actions to increase their fees, which were based on percentages of recovery."[35] As such, Plaintiffs argue that whether each plaintiff can meet the criteria to receive a subsistence award is a disputed issue of material fact that precludes summary judgment.[36]

In response, the Nations Defendants re-urge their arguments that Holcomb's legal malpractice claim is prescribed and/or perempted under Louisiana law, and further assert that Holcomb has failed to raise a genuine issue of material fact regarding the causation and damages elements of his legal malpractice claim.[37] Thus, the Nations Defendants maintain that they are entitled to summary judgment and dismissal of Holcomb's claims.

---

[33] *Id.* (emphasis in original).
[34] *Id.* at p. 40 (*citing* R. Doc. 413-61).
[35] R. Doc. 413 at p. 40.
[36] *Id.* at pp. 40-41.
[37] R. Doc. 506.

## II. LAW AND ANALYSIS

After careful review of the parties' memoranda, the record, and the applicable law, the Court finds that, for many of the reasons stated in Plaintiffs' Opposition brief,[38] the Nations Defendants have failed to show that they are entitled to summary judgment as to Holcomb's claims under Fed. R. Civ. P. 56. As an initial matter, it is unclear to the Court whether the Nations Defendants seek the dismissal of all of Holcomb's claims or only his legal malpractice claim, as their Motion and Reply brief seek the dismissal of Holcomb's "claims"[39] and Holcomb's "legal malpractice claims."[40] To the extent the Nations Defendants seek the dismissal of all of Holcomb's claims in this matter, the Motion is denied because it does not address the sufficiency of Holcomb's breach of contract claim.[41] The Motion is also denied to the extent that the Nations Defendants argue Holcomb's legal malpractice claim is time-barred based on the peremptive period set forth in R.S. 9:5605. As the Nations Defendants concede, albeit begrudgingly,[42] this Court has twice considered, and has twice rejected, the Nations Defendants' assertion that La. R.S. 9:5605 applies to Plaintiffs' legal malpractice claims.[43] Notably, the Court issued both of those rulings *before* the Nations Defendants filed the instant Motion.[44] The Court declines to waste judicial

---

[38] R. Doc. 413.
[39] R. Doc. 270-1 at p. 18; R. Doc. 506 at p. 7.
[40] R. Doc. 270-1 at pp. 6-17.
[41] *See*, R. Doc. 139.
[42] R. Doc. 270-1 at p. 4, nn. 21 & 22.
[43] *See*, R. Docs. 223 and 242.
[44] The Court denied the Defendants' Motion to Dismiss on March 17, 2022 (R. Doc. 223), and denied Defendants' Motion for Reconsideration on April 26, 2022 (R. Doc. 242). The Nations Defendants filed the instant Motion on May 19, 2022 (R. Doc. 270).

resources to entertain a third reiteration of those arguments, and instead directs the Nations Defendants to review the Court's two prior orders.

The Court further finds that the Nations Defendants have failed to show that Holcomb's legal malpractice claim must be dismissed because it is time-barred by the one-year prescriptive period set forth in La. Civ. Code 3492. This Court previously determined that Article 3492 applies to Plaintiffs' legal malpractice claims in this case.[45] As the Court previously pointed out,[46] the Fifth Circuit has held that the doctrine of *contra non valentem* is applicable to the prescriptive period set forth in Article 392, such that if the plaintiff "could show that he was unaware of his cause of action until a year before the date he filed the malpractice suit, he could escape the application of article 3492."[47] Relying upon precedent from the Louisiana Supreme Court, the Fifth Circuit in that case determined that the plaintiff's legal malpractice claim began accruing when the plaintiff began to incur legal expenses as a result of investigating and correcting the malpractice, which was when the plaintiff hired new counsel.[48]

This Court previously determined that Plaintiffs had one year from when their newly-retained counsel, The Block Law Firm, gained access to Plaintiffs' DHECC portal and the documents contained therein to file their legal malpractice claims.[49] Plaintiffs assert in their Opposition brief that The Block Law Firm gained access to

---

[45] *See*, R. Doc. 223 at pp. 15-19.
[46] *Id.* at p. 15.
[47] *Henry v. Duane Morris, LLC*, 210 Fed.Appx. 356, 359 (5th Cir. 2006) (citing *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 354 (La. 1992)).
[48] *Henry*, 210 Fed.Appx at 359 (citing *Harvey*, 593 So.2d at 355).
[49] R. Doc. 223 at pp. 17-18.

Holcomb's DHECC portal on October 15, 2019.[50] The Nations Defendants challenge the veracity of that assertion because it is based upon the affidavit of Plaintiffs' counsel.[51] However, the Nations Defendants assert in their Motion that Holcomb signed a change in representation form on August 21, 2019,[52] and attached a copy of Holcomb's "Claimant Request for Change in Representation Status," dated August 21, 2019, to their Motion.[53] There is no dispute that Holcomb filed his legal malpractice claim on July 6, 2020.[54] Based upon the evidence before the Court and the Court's prior ruling, the Nations Defendants have failed to show that they are entitled to summary judgment on the basis that Holcomb's legal malpractice claim is time-barred under Article 3492.

The Court further finds that, for the reasons stated in the Opposition brief,[55] Plaintiffs have raised a genuine issue of material fact regarding whether Cooper is qualified to render expert opinions regarding the standard of care for Holcomb's legal malpractice claim and whether the Nations Defendants breached that standard of care. Plaintiffs have likewise raised a genuine issue of material fact regarding causation through Cooper's expert report.[56] Plaintiffs have also raised a genuine dispute regarding causation through Plaintiffs' allegations that the Nations Defendants manipulated claim form data,[57] the March 6, 2017 Notice of FWA Claim

---

[50] R. Doc. 413 at p. 18 (*citing* R. Doc. 413-21).
[51] R. Doc. 506 at p. 2.
[52] R. Doc. 270-1 at p. 9.
[53] R. Doc. 270-21.
[54] R. Doc. 270-1 at p. 9; R. Doc. 413 at pp. 2, 9, 10, & 13; R. Doc. 506 at p. 6.
[55] R. Doc. 413 at pp. 37-38 (*citing* R. Doc. 413-59).
[56] R. Doc. 413-59.
[57] *See*, R. Doc. 139 & R. Doc. 413 at pp. 38-41.

Denial issued by DHECC to Holcomb,[58] the January 16, 2018 Notice of Appeal Panel Decision of FWA Denial,[59] and Holcomb's deposition testimony.[60] The denial forms indicate that Holcomb's BP Subsistence Claim was denied because he submitted false information on his claim form through "inflated loss amounts."[61] Although not mentioned by the Nations Defendants, the January 16, 2018 Notice of Appeal Panel Decision of FWA Denial specifically provides that, "Claimant admits on appeal that the claimed harvest amount was 'a huge and unbelievable number' and attributes it to errors transported onto the form from a confusing intake form his counsel presented."[62] As previously mentioned, the Nations Defendants have provided the Court with a portion of Holcomb's deposition transcript, wherein Holcomb testified that he did not provide the information on the second page of his Initial Intake Form, which specifies the number and type of catch that Holcomb harvested before ethe oil spill.[63] Holcomb specifically testified that:

> On the second page. Well, I would not have given him this information. Some of the places that it says I've fished, I never fished, that I knowingly fished. I recognize the name of a couple of them, but I've never fished those spots. And I - - I wouldn't have put all these numbers, to begin with. So, no, *that's not my information, I can promise you that.*[64]

The Court is troubled by this testimony, but finds it sufficient to raise a genuine issue of material fact as to causation.

---

[58] R. Doc. 270-13.
[59] R. Doc. 413-61.
[60] R. Doc. 270-5; R. Doc. 413-20.
[61] R. Doc. 270-13 at p. 1.
[62] R. Doc. 413-61 at p. 17.
[63] R. Doc. 270-5 at pp. 3-5. *See,* R. Doc. 270-3 at p. 2.
[64] R. Doc. 270-5 at p. 4 (emphasis added).

The Court is further disturbed by the following statements contained in the January 16, 2018 Notice of Appeal Panel Decision of FWA Denial issued to Holcomb:

> Claimant's counsel has submitted hundreds of appeals of denied Subsistence claims processed by his office and in every one the same pattern of evolving adjustments to amounts and species in involved and attempted to be passed off as the innocent result of mistake, hurry, calculation error, etc. The panelist finds that FWA properly denied this claim based on clear and compelling evidence of material misrepresentations forming a pattern of inconsistent and exaggerated statements designed to obtain compensation beyond any amount Claimant might legitimately been entitled to receive.[65]

The law firm listed on the January 16, 2018 Notice of Appeal Panel Decision of FWA Denial is "Howard L Nations PC."[66] The Court finds that the foregoing evidence further supports the Court's determination that a genuine dispute exists regarding the issue of causation, thereby precluding summary judgment.

Finally, there is sufficient evidence before the Court to raise a genuine issue of material fact regarding the damages Holcomb incurred as a result of the alleged legal malpractice of the Nations Defendants. In support of other, identical motions for summary judgment filed by the Nations Defendants, the Nations Defendants have submitted a copy of Plaintiffs' expert report prepared by Charles C. Theriot and Edward J. Comeaux, which contains an analysis of Plaintiffs' economic damages.[67] The report indicates that Comeaux and Theriot have prepared two calculations of each plaintiff's lost compensation based upon: (1) the information contained in the earliest BP Subsistence Claim Form submitted to DHECC; and (2) the most recent

---

[65] R. Doc. 413-61 at p. 17.
[66] *Id.*
[67] *See*, R. Docs. 268-20 & 269-23.

information provided to DHECC by the Nations Defendants.[68] Although the Nations Defendants did not include the exhibits referenced in the expert report that contain these calculations, neither party has disputed the existence of those exhibits.[69] While the Nations Defendants assert that Holcomb has no evidence of damages or a means by which to calculate his damages, the Court disagrees and finds that the evidence of record raises a genuine issue of a material fact regarding Holcomb's damages sufficient to preclude summary judgment. Accordingly, the Motion for Summary Judgment must be denied.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment Against Plaintiff Leonard Holcomb[70] is **DENIED.**

New Orleans, Louisiana, December 2, 2022.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[68] *See*, R. Doc. 268-20 at pp. 8-9; R. Doc. 269-23 at pp. 8-9.
[69] *See, generally*, R. Docs. 268-1, 269-1, 413, 505, & 513.
[70] R. Doc. 270.