UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRANDON HENRY, ET AL.**                               **CIVIL ACTION**

                                                        **NO. 2:20-02995-WBV-JVM**
                                                            **c/w 20-2997-WBV-JVM**
**VERSUS**                                              **c/w 20-2998-WBV-JVM**

**MAXUM INDEMNITY CO, ET AL.**                          **SECTION: D (1)**

### ORDER and REASONS[1]

Before the Court is a Motion for Summary Judgment Against Plaintiff Travis Price, filed by Howard L. Nations, APC, Howard L. Nations, Cindy L. Nations, Gregory D. Rueb, Rueb & Motta, APLC, and Rueb Law Firm, APLC (collectively, the "Nations Defendants").[2] The Motion was adopted by defendants, Joseph A. Motta and Joseph A. Motta, Attorney at Law, APLC,[3] and by the Nicks Law Firm and Shantrell Nicks.[4] Plaintiffs oppose the Motion,[5] and the Nations Defendants have filed a Reply.[6]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 20-cv-2995.
[2] R. Doc. 286.
[3] R. Docs. 309 & 340.
[4] R. Docs. 292 & 303. The Court further notes that also pending before this Court is the Insurer Defendants' Motion for Summary Judgment (Adopting Motions for Summary Judgment Filed by Nations Defendants), in which Maxum Indemnity Company, QBE Insurance Corporation, Capitol Specialty Insurance Corporation, and Landmark American Insurance Company seek to adopt 28 motions filed by the Nations Defendants, including the instant Motion. *See*, R. Doc. 327.
[5] R. Doc. 413.
[6] R. Doc. 503.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[7]

The Nations Defendants assert that Travis Price's claims should be dismissed with prejudice and at Plaintiffs' cost because his legal malpractice claim is prescribed under La. Civ. Code art. 3492 and is extinguished by peremption under La. R.S. 9:5605.[8] The Nations Defendants contend that the one-year prescriptive period under Article 3492 began to run on Price's legal malpractice claim on August 17, 2018 because the Nations Defendants' Client Call Log shows that on that date: (1) Price left a voicemail requesting a status update; (2) Tara Washington returned his call an advised that "all claims have either been paid or denied;" and (3) Price called back saying he would like to speak with someone else.[9] The Nations Defendants contend that "This objective documentary evidence is sufficient satisfy [sic] Defendants [sic] burden in their motion to establish August 17, 2018 as the date the prescription and peremption periods commenced."[10] The Nations Defendants also rely on a portion of Price's deposition testimony, in which he was equivocal about when he learned that his BP Subsistence Claim had been denied.[11] The Nations Defendants argue that Plaintiffs "cannot create a genuine issue as to the August 17, 2018 date based on Mr. Price's uncertain recollection, in light of his admission that he did make a call and did learn that his claim had been denied, causing him to believe that something was

---

[7] The factual background of this case was extensively detailed in several orders previously issued by this Court (*See,* R. Docs. 223 & 226) and, for the sake of brevity, will not be repeated here.
[8] R. Doc. 286-1 at pp. 4-9.
[9] *Id.* at p. 8 (*citing* R. Doc. 286-22).
[10] R. Doc. 286-1 at p. 8.
[11] *Id.* at pp. 7-8 (*quoting* R Doc. 286-5).

wrong because he did a lot of fishing."[12]  The Nations Defendants further assert that:

> Because Price could just as easily have consulted any attorney to examine the facts and evaluate the claim the day after he learned of his denial (when he had "suspicions"), as he did on the day when he actually consulted the Block firm and authorized them to take over the representation, with the change in representation he signed in August, 2019.[13]

The Nations Defendants assert that Price did not file his legal malpractice claim until July 6, 2020, so the claim is time-barred under La. Civ. Code art. 3492 and extinguished under La. R.S. 9:5605.[14]

The Nations Defendants further assert that Price's legal malpractice claim should be dismissed because he cannot meet his burden of proving: (1) the standard of care that the Nations Defendants allegedly breached in handling his BP Subsistence Claim; (2) that the actions or inaction of the Nations Defendants caused the denial of his BP Subsistence Claim; or (3) what his allegedly viable BP Subsistence Claim would have been worth if it had been successful.[15]  The Nations Defendants contend that Plaintiffs' legal expert, Benjamin Cooper, is not qualified to testify regarding the standard of care for the Nations Defendants or the alleged breach of that standard by the Nations Defendants, and further claim that they intend to file a *Daubert* motion to exclude Cooper's testimony.[16]

---

[12] R. Doc. 286-1 at p. 8.
[13] R. Doc. 286-1 at p. 9 (*citing* R. Doc. 223).
[14] R. Doc. 286-1 at p. 9.
[15] *Id.* at pp. 9-19.
[16] *Id.* at pp. 10-12.  The Court notes that the Nations Defendants have since filed a *Daubert* motion to exclude the legal opinions and testimony of Cooper, which is pending before the Court.  *See*, R. Doc. 314.

The Nations Defendants assert that summary judgment is also proper because Price cannot prove that the actions or inaction of the Nations Defendants were the proximate cause of his damages.[17] Instead, the Nations Defendants claim that Price's BP Subsistence Claim was denied because he claimed that he caught offshore species of fish in an inland body of water and he submitted highly improbable harvest losses on his Initial Intake Affidavit of Subsistence Fisherman Form.[18] The Nations Defendants also rely on a portion of Price's deposition testimony, wherein he stated that it was his wife, not the Nations Defendants, who wrote the original harvest amounts on his form, which she filled out and signed for Price on May 19, 2015.[19] The Nations Defendants assert that the information on Price's form resulted in a total of 15,860 pounds of lost seafood harvest, which was revised to 5,260 pounds on the Teal Form that Defendants submitted on May 22, 2015, "based on the revised numbers hand-written in blue ink on Price's original May 19, 2015 [sic]."[20] The Nations Defendants claim that Price testified that he did not write the revised numbers in blue ink, nor did he authorize the modifications, and further assert that Price verified the 15,860 pounds of lost seafood harvest written by his wife.[21] The Nations Defendants assert that Price also testified that the numbers written by his wife were "probably fairly accurate."[22] The Nations Defendants argue that Price's claim would have been denied even without the Nations Defendants' reductions because DHECC

---

[17] R. Doc. 286-1 at pp. 12-17.
[18] *Id*. at pp. 14-17; *See*, R. Doc. 286-3.
[19] R. Doc. 286-1 at pp. 14-15 (*quoting* R. Doc. 286-5 at pp. 2-5).
[20] R. Doc. 286-1 at p. 15 (*citing* R Doc. 286-4).
[21] R. Doc. 286-1 at p. 15.
[22] *Id*. (*quoting* R. Doc. R. Doc. 286-5 at p. 5).

was skeptical of the reduced totals as "highly improbable" quantities, and assert that Price's claim "simply was not credible to begin with."[23] The Nations Defendants assert that Price has no evidence to show that his claim was denied as a result of the actions or inaction of the Nations Defendants and, as such, they are entitled to summary judgment. Finally, the Nations Defendants assert that they are entitled to summary judgment because Price cannot establish his alleged damages, as he was unable to substantiate his alleged losses to DHECC and he has no evidence of his alleged losses or a way to calculate them.[24]

Plaintiffs oppose the Motion, asserting that the Contact Logs are inadmissible and should be excluded from the Court's consideration, that issues of prescription and peremption have already been decided by this Court, that Cooper is qualified to testify as an expert, and that they will be able to prove all of the elements of Price's legal malpractice claim at trial.[25] Incorporating by reference the arguments made in their pending Motion in Limine to Exclude Defendants' "Call Logs," Plaintiffs assert that the call log statements constitute inadmissible hearsay and that no exception applies that would deem them admissible.[26] Plaintiffs then contend that this Court has already rejected the Nations Defendants' arguments regarding prescription and peremption, and has denied reconsideration of those arguments, so the Court should not consider those same arguments raised in the instant Motion.[27] Nonetheless,

---

[23] R. Doc. 286-1 at p. 16 (*citing* R. Doc. 286-32).
[24] R. Doc. 286-1 at pp. 17-19.
[25] R. Doc. 413.
[26] *Id.* at pp. 4-6. *See*, R. Doc. 364.
[27] R. Doc. 413 at pp. 6-8 (*citing* R. Docs. 223 & 242).

Plaintiffs assert that the Nations Defendants conflate the date Price allegedly learned his claim was denied with the date he should have had constructive knowledge that malpractice caused his claim denial.[28] Plaintiffs argue that the Nations Defendants have not established the date on which Price learned about his claim denial, and submit that Price was informed of his claim denial in February or March 2019.[29] Plaintiffs, however, point out that when he was asked during his deposition if he thought his attorneys had done anything wrong after receiving a denial letter from the Nations Defendants, Price testified, "At the time, I didn't."[30] Plaintiffs claim that Price was unaware of the Nations Defendants' legal malpractice until The Block Law Firm gained access to his DHECC portal documents and advised him of the malpractice.[31] Plaintiffs assert that The Block Law Firm gained access to his DHECC portal on September 9, 2019.[32] As such, Plaintiffs argue that Price's legal malpractice claim was timely- filed.

Plaintiffs further assert that Price will be able to prove the elements of his legal malpractice claim at trial, and that Cooper is qualified to testify as an expert under Fed. R. Evid. 702.[33] Although Plaintiffs do not reference Price specifically, Plaintiffs contend that, "For Plaintiffs who had inflated harvest amounts, these amounts were provided by, approved by, and attested to by Defendants," and that, "Defendants attempt to shift the blame to Plaintiffs by claiming their harvest

---

[28] R. Doc. 413 at p. 23.
[29] *Id.*
[30] *Id.* (*quoting* R. Doc. 413-32 at p. 2).
[31] R. Doc. 413 at p. 24.
[32] *Id.* (*citing* R. Doc. 413-33).
[33] R. Doc. 413 at pp. 37-38.

amounts were 'excessive.'"[34] Plaintiffs assert that, "Defendants fail to mention these amounts were submitted to DHECC by Defendants, most often without client knowledge or approval."[35] Plaintiffs further assert that, "Plaintiffs' losses would *not* have occurred if the Defendants had properly handled their claims," and that, "each Plaintiff met the criteria to receive a subsistence award and they can satisfy each element of their malpractice claim."[36] Plaintiffs point out that the DHECC Denial Notices specify the reason for the denial of each plaintiff's BP Subsistence Claim, thereby dispelling the Nations Defendants' contention that factors other than their own actions or inaction caused the denial of Plaintiffs' BP Subsistence Claims.[37] Plaintiffs claim that, without their knowledge or consent, the Nations Defendants "manipulated amounts, submitted bogus data, amended claim forms, and took other Machiavellian actions to increase their fees, which were based on percentages of recovery."[38] As such, Plaintiffs argue that whether each plaintiff can meet the criteria to receive a subsistence award is a disputed issue of material fact that precludes summary judgment.[39]

In response, the Nations Defendants re-urge their arguments that Price's legal malpractice claim is prescribed and/or perempted under Louisiana law, and further assert that Price has failed to raise a genuine issue of material fact regarding the causation and damages elements of his legal malpractice claim.[40] Thus, the

---

[34] *Id.* at p. 39 (*citing* R. Doc. 323-1 at p. 18).
[35] R. Doc. 413 at p. 39.
[36] *Id.* (emphasis in original).
[37] *Id.* at p. 40 (*citing* R. Doc. 413-61).
[38] R. Doc. 413 at p. 40.
[39] *Id.* at pp. 40-41.
[40] R. Doc. 503.

Nations Defendants maintain that they are entitled to summary judgment and dismissal of Price's claims.

## II. LAW AND ANALYSIS

After careful review of the parties' memoranda, the record, and the applicable law, the Court finds that, for many of the reasons stated in Plaintiffs' Opposition brief,[41] the Nations Defendants have failed to show that they are entitled to summary judgment as to Price's claims under Fed. R. Civ. P. 56.  As an initial matter, it is unclear to the Court whether the Nations Defendants seek the dismissal of all of Price's claims or only his legal malpractice claim, as their Motion and Reply brief seek the dismissal of Price's "claims"[42] and Price's "legal malpractice claims."[43]  To the extent the Nations Defendants seek the dismissal of all of Price's claims in this matter, the Motion is denied because it does not address the sufficiency of Price's breach of contract claim.[44]  The Motion is also denied to the extent that the Nations Defendants argue Price's legal malpractice claim is time-barred based on the peremptive period set forth in R.S. 9:5605.  As the Nations Defendants concede, albeit begrudgingly,[45] this Court has twice considered, and has twice rejected, the Nations Defendants' assertion that La. R.S. 9:5605 applies to Plaintiffs' legal malpractice claims.[46]  Notably, the Court issued both of those rulings *before* the Nations

---

[41] R. Doc. 413.
[42] R. Doc. 286-1 at p. 20; R. Doc. 503 at p. 7.
[43] R. Doc. 286-1 at pp. 6-19; R. Doc. 503 at p. 7.
[44] *See*, R. Doc. 139.
[45] R. Doc. 286-1 at p. 4, nn. 21 & 22.
[46] *See*, R. Docs. 223 and 242.

Defendants filed the instant Motion.[47]  The Court declines to waste judicial resources to entertain a third reiteration of those arguments, and instead directs the Nations Defendants to review the Court's two prior orders.

The Court further finds that the Nations Defendants have failed to show that Price's legal malpractice claim must be dismissed because it is time-barred by the one-year prescriptive period set forth in La. Civ. Code 3492.  This Court previously determined that Article 3492 applies to Plaintiffs' legal malpractice claims in this case.[48]  As the Court previously pointed out,[49] the Fifth Circuit has held that the doctrine of *contra non valentem* is applicable to the prescriptive period set forth in Article 392, such that if the plaintiff "could show that he was unaware of his cause of action until a year before the date he filed the malpractice suit, he could escape the application of article 3492."[50]  Relying upon precedent from the Louisiana Supreme Court, the Fifth Circuit in that case determined that the plaintiff's legal malpractice claim began accruing when the plaintiff began to incur legal expenses as a result of investigating and correcting the malpractice, which was when the plaintiff hired new counsel.[51]

This Court previously determined that Plaintiffs had one year from when their newly-retained counsel, The Block Law Firm, gained access to Plaintiffs' DHECC

---

[47] The Court denied the Defendants' Motion to Dismiss on March 17, 2022 (R. Doc. 223), and denied Defendants' Motion for Reconsideration on April 26, 2022 (R. Doc. 242).  The Nations Defendants filed the instant Motion on May 23, 2022 (R. Doc. 286).
[48] *See*, R. Doc. 223 at pp. 15-19.
[49] *Id.* at p. 15.
[50] *Henry v. Duane Morris, LLC*, 210 Fed.Appx. 356, 359 (5th Cir. 2006) (citing *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 354 (La. 1992)).
[51] *Henry*, 210 Fed.Appx at 359 (citing *Harvey*, 593 So.2d at 355).

portal and the documents contained therein to file their legal malpractice claims.[52] Plaintiffs assert in their Opposition brief that The Block Law Firm gained access to Price's DHECC portal on September 9, 2019.[53] The Nations Defendants challenge the veracity of that assertion because it is based upon the affidavit of Plaintiffs' counsel.[54] However, the Nations Defendants assert in their Motion that Price signed a change in representation form in August 2019,[55] and attached a copy of Price's "Claimant Request for Change in Representation Status," dated August 20, 2019, to their Motion.[56] There is no dispute that Price filed his legal malpractice claim on July 6, 2020.[57] Based upon the evidence before the Court and the Court's prior ruling, the Nations Defendants have failed to show that they are entitled to summary judgment on the basis that Price's legal malpractice claim is time-barred under Article 3492. The Court finds additional support for this conclusion in the contradictory positions taken by the Nations Defendants in their Motion, arguing on the one hand that Price obtained actual or constructive knowledge of their alleged legal malpractice upon notice of his claim denial,[58] while simultaneously arguing that, "Adjudicatory proceedings, even those made available in the BP Oil Settlement, often turn on credibility evaluations of the claimants. *That they lose is not evidence of malpractice*; it is evidence only of credibility deficiencies in the plaintiff's presentation."[59]

---

[52] R. Doc. 223 at pp. 17-18.
[53] R. Doc. 413 at p. 24 (*citing* R. Doc. 413-33).
[54] R. Doc. 503 at p. 2.
[55] R. Doc. 286-1 at p. 9.
[56] R. Doc. 286-23.
[57] R. Doc. 286-1 at p. 9; R. Doc. 413 at pp. 2, 9, 10, & 13; R. Doc. 503 at p. 5.
[58] R. Doc. 286-1 at pp. 6-9.
[59] *Id.* at p. 16 (emphasis added).

The Court further finds that, for the reasons stated in the Opposition brief,[60] Plaintiffs have raised a genuine issue of material fact regarding whether Cooper is qualified to render expert opinions regarding the standard of care for Price's legal malpractice claim and whether the Nations Defendants breached that standard of care. Plaintiffs have likewise raised a genuine issue of material fact regarding causation through Cooper's expert report.[61] Plaintiffs have also raised a genuine dispute regarding causation through Plaintiffs' allegations that the Nations Defendants manipulated claim form data,[62] Price's deposition testimony that documents were submitted on his behalf without his knowledge or approval,[63] the April 11, 2017 Notice of FWA Claim Denial issued by DHECC to Price,[64] a November 2, 2017 Summary of FWA Findings purportedly issued by the Fraud, Waste, and Abuse Department,[65] and the June 26, 2018 Notice of Appeal Panel Decision of FWA Denial issued by DHECC to Price.[66] The April 11, 2017 Notice of FWA Claim Denial references a "third submission of alleged losses" by Price, and concludes that, "The claimant alleged the loss of an offshore species to increase his award from the CSSP. *Additionally, the claimant amended his alleged losses multiple times, severely impacting the credibility of the entire claim.* For these reasons, this claim is being denied."[67] The November 2, 2017 Summary of FWA Findings purportedly issued by

---

[60] R. Doc. 413 at pp. 37-38 (*citing* R. Doc. 413-59).
[61] R. Doc. 413-59.
[62] *See*, R. Doc. 139 & R. Doc. 413 at pp. 38-41.
[63] R. Doc. 286-5 at pp. 3, 5 & 11; R. Doc. 413-32 at p. 2.
[64] R. Doc. 286-16.
[65] R. Doc. 286-20. *See*, R. Doc. 286-32 at ¶ 20 (*citing* R. Doc. 286-20).
[66] R. Doc. 286-21.
[67] R. Doc. 286-16 at p. 1 (emphasis added).

the Fraud, Waste, and Abuse Department to Price likewise provides that, "The Claimant was denied because he asserted the harvest of offshore species from an inshore location *and because of conflicting loss amounts alleged across three sworn statements.*"[68] The Summary of FWA Findings further provides:

> On Appeal, the Claimant provided the following comment:
>
> "Claimant did not intentionally provide false information on his initial Subsistence Claim Form. It was simply a mistake due to the rushed manner of filing and confusion regarding the intake form. Claimant requests the Appeal Panel remand his claim back to the Settlement Program for processing as he never intentionally attempted to defraud the Settlement program."
>
> First, the "intake form" purportedly causing the "confusion" was created and used by Counsel, not the Settlement Program. Additionally, the second Claim Form was submitted approximately 15 months after the Claim Filing deadline and therefore could not have been erroneous because of "the rushed manner of filing" as purported by Counsel. Moreover, the basis of the Claimant's FWA Denial was regarding the alleged harvest of offshore species from an inshore fishing location, *indicating that Counsel did not even take the time to review the facts of the claim prior to submitting the above generic language which has also been submitted by Counsel in support of countless other appeals.*[69]

The June 26, 2018 Notice of Appeal Panel Decision of FWA Denial issued by DHECC to Price likewise references multiple revised claim forms submitted by Price and concludes:

> Which, if any, of Price's sworn claims can be believed? The FWA based its denial on the virtual impossibility of catching offshore species in shallow, brown-water lakes located miles from the shore. This conclusion is backed by experts and is unrebutted by Price. Price's counsel pleads "mistake" but there is no evidence of mistake here, let alone that the false and misleading claims were solely the result of mistake or error. False and misleading statements are generally mistakes, of course. Here, the representations are false in part and

---

[68] R. Doc. 286-20 at p. 3 (emphasis added).
[69] *Id.* at p. 4 (emphasis added).

>misleading in total. This evidences intent to mislead and cupidity, not error and mistake.[70]

While the Court is troubled by the observations made by the DHECC in reviewing Price's BP Subsistence Claim, the Court finds that the foregoing evidence, submitted by the Nations Defendants, is sufficient to raise a genuine issue of material fact as to causation.

Finally, there is sufficient evidence before the Court to raise a genuine issue of material fact regarding the damages Price incurred as a result of the alleged legal malpractice of the Nations Defendants. In support of other, identical motions for summary judgment filed by the Nations Defendants, the Nations Defendants have submitted a copy of Plaintiffs' expert report prepared by Charles C. Theriot and Edward J. Comeaux, which contains an analysis of Plaintiffs' economic damages.[71] The report indicates that Comeaux and Theriot have prepared two calculations of each plaintiff's lost compensation based upon: (1) the information contained in the earliest BP Subsistence Claim Form submitted to DHECC; and (2) the most recent information provided to DHECC by the Nations Defendants.[72] Although the Nations Defendants did not include the exhibits referenced in the expert report that contain these calculations, neither party has disputed the existence of those exhibits.[73] While the Nations Defendants assert that Price has no evidence of damages or a means by which to calculate his damages, the Court disagrees and finds that the evidence of

---

[70] R. Doc. 286-21 at p. 2.
[71] *See*, R. Docs. 268-20 & 269-23.
[72] *See*, R. Doc. 268-20 at pp. 8-9; R. Doc. 269-23 at pp. 8-9.
[73] *See, generally*, R. Docs. 268-1, 269-1, 413, 505, & 513.

record raises a genuine issue of a material fact regarding Price's damages sufficient to preclude summary judgment. Accordingly, the Motion for Summary Judgment must be denied.

### III.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment Against Plaintiff Travis Price[74] is **DENIED.**

New Orleans, Louisiana, December 2, 2022.

*/s/ Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[74] R. Doc. 286.