UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRANDON HENRY, ET AL.**                                   **CIVIL ACTION**

                                                         **NO. 2:20-02995-WBV-JVM**
                                                              **c/w 20-2997-WBV-JVM**
**VERSUS**                                                    **c/w 20-2998-WBV-JVM**

**MAXUM INDEMNITY CO, ET AL.**                             **SECTION: D (1)**

## ORDER and REASONS[1]

Before the Court is a Motion for Summary Judgment Against Plaintiff Brandon Henry, filed by Howard L. Nations, APC, Howard L. Nations, Cindy L. Nations, Gregory D. Rueb, Rueb & Motta, APLC, and Rueb Law Firm, APLC (collectively, the "Nations Defendants").[2] The Motion was adopted by defendants, Joseph A. Motta and Joseph A. Motta, Attorney at Law, APLC,[3] and by the Nicks Law Firm and Shantrell Nicks.[4] Plaintiffs oppose the Motion,[5] and the Nations Defendants have filed a Reply.[6]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 20-cv-2995.
[2] R. Doc. 290.
[3] R. Docs. 309 & 340.
[4] R. Docs. 291 & 302. The Court further notes that also pending before this Court is the Insurer Defendants' Motion for Summary Judgment (Adopting Motions for Summary Judgment Filed by Nations Defendants), in which Maxum Indemnity Company, QBE Insurance Corporation, Capitol Specialty Insurance Corporation, and Landmark American Insurance Company seek to adopt 28 motions filed by the Nations Defendants, including the instant Motion. *See*, R. Doc. 327.
[5] R. Doc. 413.
[6] R. Doc. 488.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**[7]

The Nations Defendants assert that Brandon Henry's claims should be dismissed with prejudice and at Plaintiffs' cost because his legal malpractice claim is prescribed under La. Civ. Code art. 3492 and is extinguished by peremption under La. R.S. 9:5605.[8] According to the Nations Defendants, Howard L. Nations wrote to Henry on July 12, 2018 to advise that his BP Subsistence Claim was denied,[9] and the Nations Defendants' Contact Log shows that Melissa Garza spoke to Henry by phone on July 12, 2018 and explained why his claim was denied.[10] The Nations Defendants claim that the Contact Log reflets that Garza reported that Henry was a "little upset" and asked for his file, which was provided.[11] The Nations Defendants contend that the one-year prescriptive period under Article 3492 began to run on Henry's legal malpractice claim on July 23, 2018, when he sent a letter to DHECC "complaining about Defendants' representation."[12] According to the Nations Defendants, Henry's July 23, 2018 letter asked for claims, denials, correspondence, or other written communications.[13] The Nations Defendants assert that Henry failed to file his legal malpractice claim "within one year of his July 23, 2018 discovery of alleged malpractice," pointing out that he did not file suit until July 6, 2020.[14] As such, the

---

[7] The factual background of this case was extensively detailed in several orders previously issued by this Court (*See,* R. Docs. 223 & 226) and, for the sake of brevity, will not be repeated here.
[8] R. Doc. 290-1 at pp. 7-10.
[9] *Id*. at pp. 7-8 (*citing* R. Doc. 290-7).
[10] . Doc. 290-1 at p. 8 (*citing* R. Doc. 290-5).
[11] R. Doc. 290-1 at p. 8.
[12] *Id*. at p. 8 (*citing* R. Doc. 290-8).
[13] R. Doc. 290-1 at pp. 9-10.
[14] *Id*. at p. 10 (*citing* R. Doc. 290-10).

2

Nations Defendants argue that Henry's legal malpractice claim is time-barred under La. Civ. Code art. 3492 and extinguished under La. R.S. 9:5605.[15]

The Nations Defendants further assert that Henry's legal malpractice claim should be dismissed because he cannot meet his burden of proving: (1) the standard of care that the Nations Defendants allegedly breached in handling his BP Subsistence Claim; or (2) that the actions or inaction of the Nations Defendants caused the denial of his BP Subsistence Claim.[16] The Nations Defendants contend that Plaintiffs' legal expert, Benjamin Cooper, is not qualified to testify regarding the standard of care for the Nations Defendants or the alleged breach of that standard by the Nations Defendants, and further claim that they intend to file a *Daubert* motion to exclude Cooper's testimony.[17]

The Nations Defendants assert that summary judgment is also proper because Henry cannot prove that the actions or inaction of the Nations Defendants were the proximate cause of his damages.[18] Instead, the Nations Defendants claim that Henry's BP Subsistence Claim was denied based upon his reported catch being *per se* unreasonable.[19] The Nations Defendants rely upon a portion of Henry's deposition testimony, in which Henry confirmed that his catch totals were his best estimate of loss and that he believed his claim was denied because he listed crabs on his initial

---

[15] R. Doc. 290-1 at p. 10.
[16] *Id.* at pp. 10-11.
[17] *Id.* at pp. 11-12. The Court notes that the Nations Defendants have since filed a *Daubert* motion to exclude the legal opinions and testimony of Cooper, which is pending before the Court. *See*, R. Doc. 314.
[18] R. Doc. 290-1 at pp. 12-16.
[19] *Id.* at p. 14.

3

claim form.[20] The Nations Defendants assert that, "Like many other Plaintiffs in this case, he fails to point to anything the Defendants did wrong, he is just upset with the ultimate outcome of his claim."[21] The Nations Defendants argue that, despite their best efforts, including their successful effort to amend the claim to remove crab, Henry's claim was denied based on the information he put on his initial form.[22] The Nations Defendants assert that Henry has no evidence to show that his claim was denied as a result of the actions or inaction of the Nations Defendants and, as such, they are entitled to summary judgment.

Plaintiffs oppose the Motion, asserting that the Contact Logs are inadmissible and should be excluded from the Court's consideration, that issues of prescription and peremption have already been decided by this Court, that Cooper is qualified to testify as an expert, and that they will be able to prove all of the elements of Henry's legal malpractice claim at trial.[23] Incorporating by reference the arguments made in their pending Motion in Limine to Exclude Defendants' "Call Logs," Plaintiffs assert that the call log statements constitute inadmissible hearsay and that no exception applies that would deem them admissible.[24] Plaintiffs then contend that this Court has already rejected the Nations Defendants' arguments regarding prescription and peremption, and has denied reconsideration of those arguments, so the Court should

---

[20] *Id.* at pp. 14-15 (*citing* R. Doc. 290-12 at 74). The Court notes that the Nations Defendants cite to "Exhibit 11 at 74" to support this statement, but Exhibit 11 is a copy of Henry's Joint Petition for Damages, which is only 16 pages long. *See*, R. Doc. 290-12.
[21] R. Doc. 290-1 at p. 15.
[22] R. Doc. 290-1 at pp. 15-16 (*citing* R. Doc. 290-15 at p. 10; R. Doc. 290-6).
[23] R. Doc. 413.
[24] *Id.* at pp. 4-6. *See*, R. Doc. 364.

not consider those same arguments raised in the instant Motion.[25] Nonetheless, Plaintiffs assert that Henry became curious about the status of his claim when his brother and sister received compensation for their subsistence losses.[26] Plaintiffs claim that Henry sought clarification regarding whether his claim had been filed and that once he received his file, he was satisfied that his claim had been filed.[27] Plaintiffs contend that, at that point, Henry had no reason to suspect that the reason for his denial was his lawyers' malpractice, and that it was not until he learned that The Block Law Firm was looking into potential mishandling of subsistence claims did he seek new counsel to investigate the reasons for his claim denial.[28] Plaintiffs assert that The Block Law Firm gained access to Henry's DHECC portal on July 25, 2019, and subsequently notified Henry, for the first time, that his claim denial was the result of his lawyers' malpractice.[29] As such, Plaintiffs argue that Henry's legal malpractice claim was timely- filed.[30]

Plaintiffs further assert that Henry will be able to prove the elements of his legal malpractice claim at trial, and that Cooper is qualified to testify as an expert under Fed. R. Evid. 702.[31] Although Plaintiffs do not reference Henry specifically, Plaintiffs contend that, "For Plaintiffs who had inflated harvest amounts, these amounts were provided by, approved by, and attested to by Defendants," and that, "Defendants attempt to shift the blame to Plaintiffs by claiming their harvest

---

[25] R. Doc. 413 at pp. 6-8 (*citing* R. Docs. 223 & 242).
[26] R. Doc. 413 at p. 8 (*citing* R. Doc. 413-4 at p. 3).
[27] R. Doc. 413 at p. 8 (*citing* R. Doc. 413-4 at pp. 3 & 4).
[28] R. Doc. 413 at p. 8.
[29] *Id.* at p. 9.
[30] *Id.*
[31] R. Doc. 413 at pp. 37-38.

amounts were 'excessive.'"[32]  Plaintiffs assert that, "Defendants fail to mention these amounts were submitted to DHECC by Defendants, most often without client knowledge or approval."[33]  Plaintiffs further assert that, "Plaintiffs' losses would *not* have occurred if the Defendants had properly handled their claims," and that, "each Plaintiff met the criteria to receive a subsistence award and they can satisfy each element of their malpractice claim."[34]  Plaintiffs point out that the DHECC Denial Notices specify the reason for the denial of each plaintiff's BP Subsistence Claim, thereby dispelling the Nations Defendants' contention that factors other than their own actions or inaction caused the denial of Plaintiffs' BP Subsistence Claims.[35]  Plaintiffs claim that, without their knowledge or consent, the Nations Defendants "manipulated amounts, submitted bogus data, amended claim forms, and took other Machiavellian actions to increase their fees, which were based on percentages of recovery."[36]  As such, Plaintiffs argue that whether each plaintiff can meet the criteria to receive a subsistence award is a disputed issue of material fact that precludes summary judgment.[37]

In response, the Nations Defendants re-urge their arguments that Henry's legal malpractice claim is prescribed and/or perempted under Louisiana law, and further assert that Henry has failed to raise a genuine issue of material fact regarding the causation element of his legal malpractice claim.[38]  Thus, the Nations Defendants

---

[32] *Id.* at p. 39 (*citing* R. Doc. 323-1 at p. 18).
[33] R. Doc. 413 at p. 39.
[34] *Id.* (emphasis in original).
[35] *Id.* at p. 40 (*citing* R. Doc. 413-61).
[36] R. Doc. 413 at p. 40.
[37] *Id.* at pp. 40-41.
[38] R. Doc. 488.

maintain that they are entitled to summary judgment and dismissal of Henry's claims.

## II. LAW AND ANALYSIS

After careful review of the parties' memoranda, the record, and the applicable law, the Court finds that, for many of the reasons stated in Plaintiffs' Opposition brief,[39] the Nations Defendants have failed to show that they are entitled to summary judgment as to Henry's claims under Fed. R. Civ. P. 56. As an initial matter, it is unclear to the Court whether the Nations Defendants seek the dismissal of all of Henry's claims or only his legal malpractice claim, as their Motion and Reply brief seek the dismissal of Henry's "claim"[40] and Henry's "legal malpractice claims."[41] To the extent the Nations Defendants seek the dismissal of all of Henry's claims in this matter, the Motion is denied because it does not address the sufficiency of Henry's breach of contract claim.[42] The Motion is also denied to the extent that the Nations Defendants argue Henry's legal malpractice claim is time-barred based on the peremptive period set forth in R.S. 9:5605. While the Nations Defendants have chosen to completely ignore two prior rulings from this Court on this issue, this Court has twice considered, and has twice rejected, the Nations Defendants' assertion that La. R.S. 9:5605 applies to Plaintiffs' legal malpractice claims.[43] Notably, the Court

---

[39] R. Doc. 413.
[40] R. Doc. 290 at p. 2; R. Doc. 488 at p. 6.
[41] R. Doc. 290-1 at pp. 7-16; R. Doc. 488 at p. 6.
[42] *See*, R. Doc. 139.
[43] *See*, R. Docs. 223 and 242.

issued both of those rulings *before* the Nations Defendants filed the instant Motion.[44] The Court declines to waste judicial resources to entertain a third reiteration of those arguments, and instead directs the Nations Defendants to familiarize themselves with the Court's two prior orders.

The Court further finds that the Nations Defendants have failed to show that Henry's legal malpractice claim must be dismissed because it is time-barred by the one-year prescriptive period set forth in La. Civ. Code 3492. This Court previously determined that Article 3492 applies to Plaintiffs' legal malpractice claims in this case.[45] As the Court previously pointed out,[46] the Fifth Circuit has held that the doctrine of *contra non valentem* is applicable to the prescriptive period set forth in Article 392, such that if the plaintiff "could show that he was unaware of his cause of action until a year before the date he filed the malpractice suit, he could escape the application of article 3492."[47] Relying upon precedent from the Louisiana Supreme Court, the Fifth Circuit in that case determined that the plaintiff's legal malpractice claim began accruing when the plaintiff began to incur legal expenses as a result of investigating and correcting the malpractice, which was when the plaintiff hired new counsel.[48]

---

[44] The Court denied the Defendants' Motion to Dismiss on March 17, 2022 (R. Doc. 223), and denied Defendants' Motion for Reconsideration on April 26, 2022 (R. Doc. 242). The Nations Defendants filed the instant Motion on May 24, 2022 (R. Doc. 290).
[45] *See*, R. Doc. 223 at pp. 15-19.
[46] *Id.* at p. 15.
[47] *Henry v. Duane Morris, LLC*, 210 Fed.Appx. 356, 359 (5th Cir. 2006) (citing *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 354 (La. 1992)).
[48] *Henry*, 210 Fed.Appx at 359 (citing *Harvey*, 593 So.2d at 355).

This Court previously determined that Plaintiffs had one year from when their newly-retained counsel, The Block Law Firm, gained access to Plaintiffs' DHECC portal and the documents contained therein to file their legal malpractice claims.[49] Plaintiffs assert in their Opposition brief that The Block Law Firm gained access to Henry's DHECC portal on July 25, 2019.[50] The Nations Defendants challenge the veracity of that assertion because it is based upon the affidavit of Plaintiffs' counsel.[51] To the extent the Nations Defendants assert that the prescriptive period began to run on July 23, 2018, based upon a letter sent by Henry to the DHECC requesting documentation regarding why his claim was denied,[52] the deposition testimony submitted by both sides raises a genuine dispute regarding when Henry obtained constructive knowledge of the Nations Defendants' legal malpractice. Specifically, Henry was asked whether he thought "that somebody with Nations had messed something up with your claim or done something wrong?" to which he replied, "I just - - I just didn't think it got filed and I figured there was no reason that it should have gotten denied. . . . No, I mean, I assume they always - - you know, lawyers always, you know, file their paperwork right."[53] Further, the Nations Defendants attached to their Motion a copy of Henry's "Claimant Request for Change in Representation Status," which appears to be dated July 10, 2019.[54] There is no dispute that Henry filed his legal malpractice claim on July 6, 2020.[55] Based upon the evidence before

---

[49] R. Doc. 223 at pp. 17-18.
[50] R. Doc. 413 at p. 9 (*citing* R. Doc. 413-5).
[51] R. Doc. 488 at p. 2.
[52] *See*, R. Doc. 290-8.
[53] R. Doc. 290-9 at pp. 3-4; R. Doc. 413-4 at pp. 3-4.
[54] R. Doc. 290-11 at p. 2.
[55] R. Doc. 290-1 at p. 10; R. Doc. 413 at pp. 2, 9, 10, & 13.

the Court and the Court's prior ruling, the Nations Defendants have failed to show that they are entitled to summary judgment on the basis that Henry's legal malpractice claim is time-barred under Article 3492.

The Court further finds that, for the reasons stated in the Opposition brief,[56] Plaintiffs have raised a genuine issue of material fact regarding whether Cooper is qualified to render expert opinions regarding the standard of care for Henry's legal malpractice claim and whether the Nations Defendants breached that standard of care. Plaintiffs have likewise raised a genuine issue of material fact regarding causation through Cooper's expert report.[57] Plaintiffs have also raised a genuine dispute regarding causation through Plaintiffs' allegations that the Nations Defendants manipulated claim form data[58] and the "Written Reasons and Opinion" dated January 25, 2017 purportedly issued by a DHECC appeal panel.[59] In the January 25, 2017 Written Reasons and Opinion, the panel explained that, Henry had "failed to provide a license or exemption to harvest crab although he was properly licensed for the remaining finfish which he claimed," and further explained that Henry's claim was denied for failure to have licenses for all claimed species, his request for reconsideration was denied, and he filed an amended claim form which deleted crab.[60] The panel concluded that, "such claims should be remanded for consideration on the merits with the unlicensed species deleted."[61] Notably, the panel

---

[56] R. Doc. 413 at pp. 37-38 (*citing* R. Doc. 413-59).
[57] R. Doc. 413-59.
[58] *See*, R. Doc. 139 & R. Doc. 413 at pp. 38-41.
[59] R. Doc. 290-6. *See*, R. Doc. 290-1 at p. 16, n. 59.
[60] R. Doc. 290-6.
[61] *Id.*

further stated that, "In this case, claimant's original claim form, prepared in his own hand, recited relatively modest finfish weight losses. *His first and second amended forms reported exorbitant increases for a single individual utilizing 'rods, reels, nets, boat.*"[62] The Court finds that the foregoing evidence, submitted by the Nations Defendants, is sufficient to raise a genuine issue of material fact as to causation. Accordingly, the Motion for Summary Judgment must be denied.

## III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment Against Plaintiff Brandon Henry[63] is **DENIED.**

New Orleans, Louisiana, December 2, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[62] *Id*.
[63] R. Doc. 290.