## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**BRANDON HENRY, ET AL.**                    **CIVIL ACTION**

                                         **NO. 2:20-02995-WBV-JVM**
                                         **c/w 20-2997-WBV-JVM**
**VERSUS**                                   **c/w 20-2998-WBV-JVM**

**MAXUM INDEMNITY CO, ET AL.**              **SECTION: D (1)**

### ORDER and REASONS[1]

Before the Court is a Motion for Summary Judgment Against Plaintiff Roddy Duplantis, filed by Howard L. Nations, APC, Howard L. Nations, Cindy L. Nations, Gregory D. Rueb, Rueb & Motta, APLC, and Rueb Law Firm, APLC (collectively, the "Nations Defendants").[2]  The Motion was adopted by defendants, Joseph A. Motta and Joseph A. Motta, Attorney at Law, APLC,[3] and by the Nicks Law Firm and Shantrell Nicks.[4]  Plaintiffs oppose the Motion,[5] and the Nations Defendants have filed a Reply.[6]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 20-cv-2995.

[2] R. Doc. 293.

[3] R. Docs. 309 & 340.

[4] R. Docs. 329 & 342.  The Court further notes that also pending before this Court is the Insurer Defendants' Motion for Summary Judgment (Adopting Motions for Summary Judgment Filed by Nations Defendants), in which Maxum Indemnity Company, QBE Insurance Corporation, Capitol Specialty Insurance Corporation, and Landmark American Insurance Company seek to adopt 28 motions filed by the Nations Defendants, including the instant Motion.  *See,* R. Doc. 327.

[5] R. Doc. 413.

[6] R. Doc. 490.

## I.      FACTUAL AND PROCEDURAL BACKGROUND[7]

The Nations Defendants assert that Roddy Duplantis' claims should be dismissed with prejudice and at Plaintiffs' cost because his legal malpractice claim is prescribed under La. Civ. Code art. 3492 and is extinguished by peremption under La. R.S. 9:5605.[8]  The Nations Defendants assert that the one-year prescriptive period under Article 3492 began to run on September 11, 2017, when the Nations Defendants informed him that his claim was denied.[9]  The Nations Defendants claim that Duplantis did not file his legal malpractice claim until July 6, 2020, so the claim is time-barred under La. Civ. Code art. 3492 and extinguished under La. R.S. 9:5605.[10]  The Nations Defendants further assert that Duplantis' legal malpractice claim should be dismissed because he cannot meet his burden of proving: (1) the standard of care that the Nations Defendants allegedly breached in handling his BP Subsistence Claim; (2) that the actions or inaction of the Nations Defendants caused the denial of his BP Subsistence Claim; or (3) what his allegedly viable BP Subsistence Claim would have been worth if it had been successful.[11]  The Nations Defendants contend that Plaintiffs' legal expert, Benjamin Cooper, is not qualified to testify regarding the standard of care for Louisiana attorneys or the alleged breach

---

[7] The factual background of this case was extensively detailed in several orders previously issued by this Court (*See,* R. Docs. 223 & 226) and, for the sake of brevity, will not be repeated here.
[8] R. Doc. 293-1 at pp. 6-7.
[9] *Id*. at p. 7 (*citing* R. Docs. 293-9 & 293-10).
[10] R. Doc. 293-1 at p. 7 (*citing* R. Doc. 293-11).
[11] R. Doc. 293-1 at pp. 7-16.

of that standard by the Nations Defendants, and further claim that they intend to file a *Daubert* motion to exclude Cooper's testimony.[12]

The Nations Defendants assert that summary judgment is also proper because Duplantis cannot prove that the actions or inaction of the Nations Defendants were the proximate cause of his damages.[13]  Instead, the Nations Defendants claim that Duplantis' BP Subsistence Claim was denied because he failed to supply a registration for the boat from which he claimed to catch all fish and because he reported a harvest of unreasonable quantities.[14]  The Nations Defendants cite extensively from the expert report of Evan Weems, their standard of care expert, to support their position that Duplantis' claim was denied based upon his own actions and the information he included in his initial intake form.[15]  In the portion of his report cited by the Nations Defendants, Weems references the Nations Defendants' Contact Logs to show when the Nations Defendants contacted Duplantis regarding the status of his claim.[16]  The Nations Defendants further assert that they are entitled to summary judgment because Duplantis cannot establish his alleged damages, as he was unable to substantiate his alleged losses to DHECC and he has no evidence of his alleged losses or a way to calculate them.[17]  The Nations Defendants point to a portion of Duplantis' deposition testimony, in which Duplantis testified that

---

[12] *Id*. at pp. 8-9.  The Court notes that the Nations Defendants have since filed a *Daubert* motion to exclude the legal opinions and testimony of Cooper, which is pending before the Court.  *See*, R. Doc. 314.
[13] R. Doc. 293-1 at pp. 10-14.
[14] *Id*. at p. 12 (*citing* R. Doc. 293-10).
[15] R. Doc. 293-1 at pp. 13-14 (*quoting* R. Doc. 293-13).
[16] R. Doc. 293-1 at pp. 13-14 (*quoting* R. Doc. 293-13).
[17] R. Doc. 293-1 at pp. 14-16.

the harvest amounts listed in his intake form "were not actual numbers or even averages for the fish he caught but simply estimates of the fishing limits."[18]

Plaintiffs oppose the Motion, asserting that the Contact Logs are inadmissible and should be excluded from the Court's consideration, that issues of prescription and peremption have already been decided by this Court, that Cooper is qualified to testify as an expert, and that they will be able to prove all of the elements of Duplantis' legal malpractice claim at trial.[19]   Incorporating by reference the arguments made in their pending Motion in Limine to Exclude Defendants' "Call Logs," Plaintiffs assert that the call log statements constitute inadmissible hearsay and that no exception applies that would deem them admissible.[20]   Plaintiffs then contend that this Court has already rejected the Nations Defendants' arguments regarding prescription and peremption, and has denied reconsideration of those arguments, so the Court should not consider those same arguments raised in the instant Motion.[21]   Nonetheless, Plaintiffs assert that the Nations Defendants conflate Duplantis' knowledge of a claim denial with knowledge of his attorneys' malpractice, and argue that Duplantis had no knowledge of the legal malpractice and did not remember much about the claims process or his claim.[22]   Plaintiffs contend that Duplantis received an eligibility award from DHECC that was never disclosed to him, which he did not discover until The Block Law Firm gained access to his DHECC

---

[18] *Id*. at pp. 15-16 (*quoting* R. Doc. 293-4).  The Court notes that the Nations Defendants quote "Exhibit 3 at 73-74," but the deposition transcript submitted by the Nations Defendants does not include page 73 of his deposition.  *See*, R. Doc. 293-4.
[19] R. Doc. 413.
[20] *Id*. at pp. 4-6.  *See*, R. Doc. 364.
[21] R. Doc. 413 at pp. 6-8 (*citing* R. Docs. 223 & 242).
[22] R. Doc. 413 at pp. 14-15 (*citing* R. Doc. 413-14 at pp. 2-3).

portal on August 20, 2019.[23]   As such, Plaintiffs argue that Duplantis' legal malpractice claim was timely- filed.

Plaintiffs further assert that Duplantis will be able to prove the elements of his legal malpractice claim at trial, and that Cooper is qualified to testify as an expert under Fed. R. Evid. 702.[24]   Plaintiffs argue that Duplantis was deemed eligible to recover his subsistence loss by DHECC, but that his subsistence claim was denied because the Nations Defendants manipulated his claim.[25]   Plaintiffs further assert that, "Plaintiffs' losses would *not* have occurred if the Defendants had properly handled their claims," and that, "each Plaintiff met the criteria to receive a subsistence award and they can satisfy each element of their malpractice claim."[26] Plaintiffs point out that the DHECC Denial Notices specify the reason for the denial of each plaintiff's BP Subsistence Claim, thereby dispelling the Nations Defendants' contention that factors other than their own actions or inaction caused the denial of Plaintiffs' BP Subsistence Claims.[27]   Plaintiffs claim that, without their knowledge or consent, the Nations Defendants "manipulated amounts, submitted bogus data, amended claim forms, and took other Machiavellian actions to increase their fees, which were based on percentages of recovery."[28]   As such, Plaintiffs argue that whether each plaintiff can meet the criteria to receive a subsistence award is a disputed issue of material fact that precludes summary judgment.[29]

---

[23] R. Doc. 413 at p. 15 (*citing* R. Doc. 413-14 & 413-15).
[24] R. Doc. 413 at pp. 37-38.
[25] *Id*. at p. 39.
[26] *Id*. (emphasis in original).
[27] *Id*. at p. 40 (*citing* R. Doc. 413-61).
[28] R. Doc. 413 at p. 40.
[29] *Id*. at pp. 40-41.

In response, the Nations Defendants re-urge their arguments that Duplantis' legal malpractice claim is prescribed and/or perempted under Louisiana law, and further assert that Duplantis has failed to raise a genuine issue of material fact regarding the causation element of his legal malpractice claim.[30]  Thus, the Nations Defendants maintain that they are entitled to summary judgment and dismissal of Duplantis' claims.

## II.   LAW AND ANALYSIS

After careful review of the parties' memoranda, the record, and the applicable law, the Court finds that, for many of the reasons stated in Plaintiffs' Opposition brief,[31] the Nations Defendants have failed to show that they are entitled to summary judgment as to Duplantis' claims under Fed. R. Civ. P. 56.  As an initial matter, it is unclear to the Court whether the Nations Defendants seek the dismissal of all of Duplantis' claims or only his legal malpractice claim, as their Motion and Reply brief seek the dismissal of both Duplantis' "claims"[32] and Duplantis' "legal malpractice claims."[33]  To the extent the Nations Defendants seek the dismissal of all of Duplantis' claims in this matter, the Motion is denied because it does not address the sufficiency of Duplantis' breach of contract claim.[34]  The Motion is also denied to the extent that the Nations Defendants argue Duplantis' legal malpractice claim is time-barred based on the peremptive period set forth in R.S. 9:5605.  As the Nations Defendants

---

[30] R. Doc. 490.
[31] R. Doc. 413.
[32] R. Doc. 293 at p. 1; R. Doc. 490 at p. 5.
[33] R. Doc. 293-1 at pp. 6-16; R. Doc. 490 at pp. 1-4 & 5.
[34] *See*, R. Doc. 139.

seem to concede, almost begrudgingly,[35] this Court has twice considered, and has twice rejected, the Nations Defendants' assertion that La. R.S. 9:5605 applies to Plaintiffs' legal malpractice claims.[36]  Notably, the Court issued both of those rulings *before* the Nations Defendants filed the instant Motion.[37]   While the Nations Defendants' argue that they are maintaining, preserving and re-urging those arguments in this Motion, the Court declines to waste judicial resources to entertain a third reiteration of those very same arguments, without further support, and instead directs the Nations Defendants to familiarize themselves with the Court's two prior orders.

The Court further finds that the Nations Defendants have failed to show that Duplantis' legal malpractice claim must be dismissed because it is time-barred by the one-year prescriptive period set forth in La. Civ. Code 3492.  This Court previously determined that Article 3492 applies to Plaintiffs' legal malpractice claims in this case.[38]  As the Court previously pointed out,[39] the Fifth Circuit has held that the doctrine of *contra non valentem* is applicable to the prescriptive period set forth in Article 392, such that if the plaintiff "could show that he was unaware of his cause of action until a year before the date he filed the malpractice suit, he could escape the application of article 3492."[40]   Relying upon precedent from the Louisiana Supreme

---

[35] R. Doc. 293-1 at p. 4, nn. 20 & 21.

[36] *See*, R. Docs. 223 and 242.

[37] The Court denied the Defendants' Motion to Dismiss on March 17, 2022 (R. Doc. 223), and denied Defendants' Motion for Reconsideration on April 26, 2022 (R. Doc. 242).  The Nations Defendants filed the instant Motion on May 25, 2022 (R. Doc. 293).

[38] *See*, R. Doc. 223 at pp. 15-19.

[39] *Id.* at p. 15.

[40] *Henry v. Duane Morris, LLC*, 210 Fed.Appx. 356, 359 (5th Cir. 2006) (citing *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 354 (La. 1992)).

Court, the Fifth Circuit in that case determined that the plaintiff's legal malpractice claim began accruing when the plaintiff began to incur legal expenses as a result of investigating and correcting the malpractice, which was when the plaintiff hired new counsel.[41]

This Court previously determined that Plaintiffs had one year from when their newly-retained counsel, The Block Law Firm, gained access to Plaintiffs' DHECC portal and the documents contained therein to file their legal malpractice claims.[42] Plaintiffs assert in their Opposition brief that The Block Law Firm gained access to Duplantis' DHECC portal on August 20, 2019.[43]  The Nations Defendants challenge the veracity of that assertion because it is based upon the affidavit of Plaintiffs' counsel.[44]  There is no dispute that Duplantis filed his legal malpractice claim on July 6, 2020.[45]  Based upon the evidence before the Court and the Court's prior ruling, the Nations Defendants have failed to show that they are entitled to summary judgment on the basis that Duplantis' legal malpractice claim is time-barred under Article 3492.

The Court further finds that, for the reasons stated in the Opposition brief,[46] Plaintiffs have raised a genuine issue of material fact regarding whether Cooper is qualified to render expert opinions regarding the standard of care for Duplantis' legal malpractice claim and whether the Nations Defendants breached that standard of

---

[41] *Henry*, 210 Fed.Appx at 359 (citing *Harvey*, 593 So.2d at 355).
[42] R. Doc. 223 at pp. 17-18.
[43] R. Doc. 413 at p. 15 (*citing* R. Doc. 413-15).
[44] R. Doc. 490 at p. 2.
[45] R. Doc. 293-1 at p. 7; R. Doc. 413 at pp. 2, 9, 10, & 13.
[46] R. Doc. 413 at pp. 37-38 (*citing* R. Doc. 413-59).

care.  Plaintiffs have likewise raised a genuine issue of material fact regarding causation through Cooper's expert report.[47]  Plaintiffs have also raised a genuine dispute regarding causation through Plaintiffs' allegations that the Nations Defendants manipulated claim form data,[48] the February 23, 2017 Eligibility Notice issued by DHECC to Duplantis,[49] and the September 6, 2017 Post-Reconsideration Denial Notice issued by DHECC to Duplantis.[50]  The February 23, 2017 Eligibility Notice provides that, "We have reviewed this claim and find that it qualifies for payment under the terms of the Economic and Property Damages Settlement Agreement ('Settlement Agreement')."[51]  The Nations Defendants also submitted a September 6, 2017 Post-Reconsideration Denial Notice, which provides that, "The Field Visit Team could not verify that you fished and/or hunted the quantities of Seafood and/or Game you claimed in your Claim Form or Subsistence Claimant Sworn Written Statement."[52]  The Court finds that this seemingly contradictory evidence is sufficient to raise a genuine issue of material fact as to causation.

Finally, there is sufficient evidence before the Court to raise a genuine issue of material fact regarding the damages Duplantis incurred as a result of the alleged legal malpractice of the Nations Defendants.  In support of other, identical motions for summary judgment filed by the Nations Defendants, the Nations Defendants have submitted a copy of Plaintiffs' expert report prepared by Charles C. Theriot and

---

[47] R. Doc. 413-59.
[48] *See*, R. Doc. 139 & R. Doc. 413 at pp. 38-41.
[49] R. Doc. 413-14.
[50] R. Doc. 293-10.
[51] R. Doc. 413-14 at p. 1.
[52] R. Doc. 293-10 at p. 1.

Edward J. Comeaux, which contains an analysis of Plaintiffs' economic damages.[53] The report indicates that Comeaux and Theriot have prepared two calculations of each plaintiff's lost compensation based upon: (1) the information contained in the earliest BP Subsistence Claim Form submitted to DHECC; and (2) the most recent information provided to DHECC by the Nations Defendants.[54]  Although the Nations Defendants did not include the exhibits referenced in the expert report that contain these calculations, neither party has disputed the existence of those exhibits.[55]  While the Nations Defendants assert that Duplantis has no evidence of damages or a means by which to calculate his damages, the Court disagrees and finds that the evidence of record raises a genuine issue of a material fact regarding Duplantis' damages sufficient to preclude summary judgment.  Accordingly, the Motion for Summary Judgment must be denied.

## III.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment Against Plaintiff Roddy Duplantis[56] is **DENIED.**

New Orleans, Louisiana, December 5, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[53] *See*, R. Docs. 268-20 & 269-23.
[54] *See*, R. Doc. 268-20 at pp. 8-9; R. Doc. 269-23 at pp. 8-9.
[55] *See, generally*, R. Docs. 268-1, 269-1, 413, 505, & 513.
[56] R. Doc. 293.