UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRANDON HENRY, ET AL.**　　　　　　　　　**CIVIL ACTION**

　　　　　　　　　　　　　　　　　　　　　　**NO. 2:20-02995-WBV-JVM**
　　　　　　　　　　　　　　　　　　　　　　　**c/w 20-2997-WBV-JVM**
**VERSUS**　　　　　　　　　　　　　　　　　　**c/w 20-2998-WBV-JVM**

**MAXUM INDEMNITY CO, ET AL.**　　　　　　**SECTION: D (1)**

## ORDER and REASONS[1]

Before the Court is a Motion for Summary Judgment Against Plaintiff Mark Savoie, filed by Howard L. Nations, APC, Howard L. Nations, Cindy L. Nations, Gregory D. Rueb, Rueb & Motta, APLC, and Rueb Law Firm, APLC (collectively, the "Nations Defendants").[2] The Motion was adopted by defendants, Joseph A. Motta and Joseph A. Motta, Attorney at Law, APLC,[3] and by the Nicks Law Firm and Shantrell Nicks.[4] Plaintiffs oppose the Motion,[5] and the Nations Defendants have filed a Reply.[6]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 20-cv-2995.
[2] R. Doc. 304.
[3] R. Docs. 309 & 340.
[4] R. Docs. 329 & 342. The Court further notes that also pending before this Court is the Insurer Defendants' Motion for Summary Judgment (Adopting Motions for Summary Judgment Filed by Nations Defendants), in which Maxum Indemnity Company, QBE Insurance Corporation, Capitol Specialty Insurance Corporation, and Landmark American Insurance Company seek to adopt 28 motions filed by the Nations Defendants, including the instant Motion. *See*, R. Doc. 327.
[5] R. Doc. 413.
[6] R. Doc. 518.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[7]

The Nations Defendants assert that Mark Savoie's claims should be dismissed with prejudice and at Plaintiffs' cost because his legal malpractice claim is prescribed under La. Civ. Code art. 3492 and is extinguished by peremption under La. R.S. 9:5605.[8] The Nations Defendants argue that the one-year prescriptive period prescriptive period under Article 3492 began to run on Savoie's legal malpractice claim on or about May 15, 2018, when had actual knowledge that his BP Subsistence Claim was denied and that he may have been a victim of legal malpractice.[9] The Nations Defendants cite to a portion of Savoie's deposition testimony, wherein he was asked what he believed the Nations Defendants did wrong regarding his BP Subsistence Claim, to which he responded, "Well, I thought they were doing me right by representing me *up until the point of my denial*."[10] The Nations Defendants assert that, despite having actual knowledge of facts indicating to a reasonable person that he may be able to allege a legal malpractice claim, Savoie waited more than two years to file his petition for damages against the Nations Defendants.[11] As such, the Nations Defendants argue that Savoie's legal malpractice claim is time-barred under La. Civ. Code art. 3492 and extinguished under La. R.S. 9:5605.

The Nations Defendants further assert that Savoie's legal malpractice claim should be dismissed because he cannot meet his burden of proving: (1) the standard

---

[7] The factual background of this case was extensively detailed in several orders previously issued by this Court (*See,* R. Docs. 223 & 226) and, for the sake of brevity, will not be repeated here.
[8] R. Doc. 304-1 at pp. 1-9.
[9] *Id.* at pp. 7-8.
[10] *Id.* at p. 8 (*quoting* R. Doc. 304-13 at p. 7) (emphasis added by Nations Defendants).
[11] R. Doc. 304-1 at p. 9 (*citing* R. Doc. 304-19).

of care that the Nations Defendants allegedly breached in handling his BP Subsistence Claim; or (2) that the actions or inaction of the Nations Defendants caused the denial of his BP Subsistence Claim.[12] The Nations Defendants contend that Plaintiffs' legal expert, Benjamin Cooper, is not qualified to testify regarding the standard of care for the Nations Defendants or the alleged breach of that standard by the Nations Defendants, and further claim that they intend to file a *Daubert* motion to exclude Cooper's testimony.[13]

The Nations Defendants assert that summary judgment is also proper because Savoie cannot prove that the actions or inaction of the Nations Defendants were the proximate cause of his damages.[14] Instead, the Nations Defendants claim that Savoie's BP Subsistence Claim was denied based upon his unrealistic and inconsistent loss figures, citing a June 27, 2017 Notice of Fraud, Waste, and Abuse Claim Denial issued to Savoie.[15] Although Savoie testified that he did not come up with the loss figures listed on his intake forms,[16] the Nations Defendants assert that Savoie admitted to an investigator during the Fraud, Waste, and Abuse field visit that he came up with the figures provided.[17] As such, the Nations Defendants argue that the denial of Savoie's BP Subsistence Claim was not the result of the actions or

---

[12] R. Doc. 304-1 at pp. 9-18.
[13] *Id*. at pp. 10-12. The Court notes that the Nations Defendants have since filed a *Daubert* motion to exclude the legal opinions and testimony of Cooper, which is pending before the Court. *See*, R. Doc. 314.
[14] R. Doc. 304-1 at pp. 12-18.
[15] *Id*. at pp. 15-16 (*citing* R. Doc. 304-14).
[16] R. Doc. 304-1 at p. 16 (*citing* R. Doc. 304-13 at pp. 3-4).
[17] R. Doc. 304-1 at pp. 16-17 (*citing* R. Doc. 304-13 at p. 5; R. Doc. 304-14; R. Doc. 304-16).

inaction of the Nations Defendants, that Savoie has no evidence to suggest otherwise, and that they are entitled to summary judgment.[18]

Plaintiffs oppose the Motion, asserting that issues of prescription and peremption have already been decided by this Court, that Cooper is qualified to testify as an expert, and that they will be able to prove all of the elements of Savoie's legal malpractice claim at trial.[19]  Plaintiffs contend that this Court has already rejected the Nations Defendants' arguments regarding prescription and peremption, and has denied reconsideration of those arguments, so the Court should not consider those same arguments raised in the instant Motion.[20]  Nonetheless, Plaintiffs assert that the Nations Defendants took portions of Savoie's deposition out of context, and that the full colloquy shows that Savoie was disappointed with his claim denial, but that he had no knowledge of the reasons for the denial.[21]  Plaintiffs argue that it was not until his co-worker, Timothy Butler, told him someone was questioning the denial of some of the BP Subsistence Claims in 2019 that Savoie even considered hiring new counsel, and that he did so only to further investigate why his claim had been denied.[22]  Plaintiffs assert that The Block Firm gained access to Savoie's DHECC portal on June 11, 2019, and subsequently notified him, for the first time, of the malpractice claims.[23]

---

[18] R. Doc. 304-1 at pp. 17-18.
[19] R. Doc. 413.
[20] R. Doc. 413 at pp. 6-8 (*citing* R. Docs. 223 & 242).
[21] R. Doc. 413 at pp. 32-33 (*citing* R. Doc. 413-51 at pp. 2-3).
[22] R. Doc. 413 at p. 33.
[23] *Id.* (*citing* R. Doc. 413-52).

Plaintiffs further assert that Savoie will be able to prove the elements of his legal malpractice claim at trial, and that Cooper is qualified to testify as an expert under Fed. R. Evid. 702.[24] Although Plaintiffs do not reference Savoie specifically, Plaintiffs contend that, "For Plaintiffs who had inflated harvest amounts, these amounts were provided by, approved by, and attested to by Defendants," and that, "Defendants attempt to shift the blame to Plaintiffs by claiming their harvest amounts were 'excessive.'"[25] Plaintiffs assert that, "Defendants fail to mention these amounts were submitted to DHECC by Defendants, most often without client knowledge or approval."[26] Plaintiffs further assert that, "Plaintiffs' losses would *not* have occurred if the Defendants had properly handled their claims," and that, "each Plaintiff met the criteria to receive a subsistence award and they can satisfy each element of their malpractice claim."[27] Plaintiffs point out that the DHECC Denial Notices specify the reason for the denial of each plaintiff's BP Subsistence Claim, thereby dispelling the Nations Defendants' contention that factors other than their own actions or inaction caused the denial of Plaintiffs' BP Subsistence Claims.[28] Plaintiffs claim that, without their knowledge or consent, the Nations Defendants "manipulated amounts, submitted bogus data, amended claim forms, and took other Machiavellian actions to increase their fees, which were based on percentages of recovery."[29] As such, Plaintiffs argue that whether each plaintiff can meet the criteria

---

[24] R. Doc. 413 at pp. 37-38.
[25] *Id*. at p. 39 (*citing* R. Doc. 323-1 at p. 18).
[26] R. Doc. 413 at p. 39.
[27] *Id.* (emphasis in original).
[28] *Id*. at p. 40 (*citing* R. Doc. 413-61).
[29] R. Doc. 413 at p. 40.

to receive a subsistence award is a disputed issue of material fact that precludes summary judgment.[30]

In response, the Nations Defendants re-urge their arguments that Savoie's legal malpractice claim is prescribed and/or perempted under Louisiana law, and further assert that Savoie has failed to raise a genuine issue of material fact regarding the standard of care and causation elements of his legal malpractice claim.[31] Thus, the Nations Defendants maintain that they are entitled to summary judgment and dismissal of Savoie's claims.

## II. LAW AND ANALYSIS

After careful review of the parties' memoranda, the record, and the applicable law, the Court finds that, for many of the reasons stated in Plaintiffs' Opposition brief,[32] the Nations Defendants have failed to show that they are entitled to summary judgment as to Savoie's claims under Fed. R. Civ. P. 56. As an initial matter, it is unclear to the Court whether the Nations Defendants seek the dismissal of all of Savoie's claims or only his legal malpractice claim, as their Motion and Reply brief seek the dismissal of Savoie's legal malpractice claim,[33] but the Reply brief seeks the dismissal of "all of Savoie's claims with prejudice."[34] To the extent the Nations Defendants seek the dismissal of all of Savoie's claims in this matter, the Motion is denied because it does not address the sufficiency of Savoie's breach of contract

---

[30] *Id.* at pp. 40-41.
[31] R. Doc. 518.
[32] R. Doc. 413.
[33] R. Docs. 304, 304-1, & 518.
[34] R. Doc. 518 at p. 10.

claim.³⁵ The Motion is also denied to the extent that the Nations Defendants argue Savoie's legal malpractice claim is time-barred based on the peremptive period set forth in R.S. 9:5605. As the Nations Defendants seem to concede, almost begrudgingly,³⁶ this Court has twice considered, and has twice rejected, the Nations Defendants' assertion that La. R.S. 9:5605 applies to Plaintiffs' legal malpractice claims.³⁷ Notably, the Court issued both of those rulings *before* the Nations Defendants filed the instant Motion.³⁸ While the Nations Defendants' argue that they are maintaining, preserving and re-urging those arguments in this motion, the Court declines to waste judicial resources to entertain a third reiteration of those very same arguments, without further support, and instead directs the Nations Defendants to familiarize themselves with the Court's two prior orders.

The Court further finds that the Nations Defendants have failed to show that Savoie's legal malpractice claim must be dismissed because it is time-barred by the one-year prescriptive period set forth in La. Civ. Code 3492. This Court previously determined that Article 3492 applies to Plaintiffs' legal malpractice claims in this case.³⁹ As the Court previously pointed out,⁴⁰ the Fifth Circuit has held that the doctrine of *contra non valentem* is applicable to the prescriptive period set forth in Article 392, such that if the plaintiff "could show that he was unaware of his cause of

---

³⁵ *See*, R. Doc. 139.
³⁶ R. Doc. 304-1 at p. 1, n.1 & p. 5, nn. 22 & 23.
p. 4, nn. 20 & 21.
³⁷ *See*, R. Docs. 223 and 242.
³⁸ The Court denied the Defendants' Motion to Dismiss on March 17, 2022 (R. Doc. 223), and denied Defendants' Motion for Reconsideration on April 26, 2022 (R. Doc. 242). The Nations Defendants filed the instant Motion on May 25, 2022 (R. Doc. 304).
³⁹ *See*, R. Doc. 223 at pp. 15-19.
⁴⁰ *Id.* at p. 15.

action until a year before the date he filed the malpractice suit, he could escape the application of article 3492."[41] Relying upon precedent from the Louisiana Supreme Court, the Fifth Circuit in that case determined that the plaintiff's legal malpractice claim began accruing when the plaintiff began to incur legal expenses as a result of investigating and correcting the malpractice, which was when the plaintiff hired new counsel.[42]

This Court previously determined that Plaintiffs had one year from when their newly-retained counsel, The Block Law Firm, gained access to Plaintiffs' DHECC portal and the documents contained therein to file their legal malpractice claims.[43] Plaintiffs assert in their Opposition brief that The Block Law Firm gained access to Savoie's DHECC portal on June 11, 2019.[44] The Nations Defendants challenge the veracity of that assertion because it is based upon the affidavit of Plaintiffs' counsel.[45] To the extent the Nations Defendants assert that the prescriptive period began to run on May 15, 2018, based upon Savoie's deposition testimony that he thought his attorneys "were doing me right by representing me up until the point of my denial,"[46] the deposition testimony before the Court raises a genuine dispute regarding when Savoie obtained constructive knowledge of the Nations Defendants' legal malpractice.

---

[41] *Henry v. Duane Morris, LLC*, 210 Fed.Appx. 356, 359 (5th Cir. 2006) (citing *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 354 (La. 1992)).
[42] *Henry*, 210 Fed.Appx at 359 (citing *Harvey*, 593 So.2d at 355).
[43] R. Doc. 223 at pp. 17-18.
[44] R. Doc. 413 at p. 33 (*citing* R. Doc. 413-52).
[45] R. Doc. 518 at p. 4.
[46] R. Doc. 304-1 at p. 8 (*quoting* R. Doc. 304-13 at p. 7) (internal quotation marks omitted).

Specifically, Savoie testified that he did not see anything wrong with the claim filing process until he found out that someone was questioning the claim denials in 2019.[47]

Although not mentioned by either party, the Nations Defendants have submitted a Claimant Request for Change in Representation Status for Savoie dated May 30, 2019.[48] As previously recognized by the Court,[49] and acknowledged by both parties,[50] in response to the COVID-19 pandemic the Louisiana legislature enacted La. R.S. 9:5829, effective June 9, 2020, which provides, in pertinent part, that, "The right to file a pleading or motion to enforce any right, claim, or action which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020."[51] Because the one-year prescriptive period on Savoie's legal malpractice claim, set forth in La. Civ. Code art. 3492, would have expired during the time period set forth in La. R.S. 9:5829, the prescriptive period was suspended until July 6, 2020 under the statute. The Court notes that there is no dispute that Savoie filed his legal malpractice claim on July 6, 2020.[52] Based upon the evidence before the Court and the Court's prior ruling, the Nations Defendants have failed to show that they are entitled to summary judgment on the basis that Savoie's legal malpractice claim is time-barred under Article 3492.

The Court further finds that, for the reasons stated in the Opposition brief,[53] Plaintiffs have raised a genuine issue of material fact regarding whether Cooper is

---

[47] R. Doc. 304-13 at p. 7; R. Doc. 413-51 at pp. 2-3.
[48] R. Doc. 304-18.
[49] R. Doc. 223 at p. 18.
[50] R. Doc. 158-1 at pp. 7-8; R. Doc. 173 at p. 8.
[51] La. R.S. 9:5829(A).
[52] R. Doc. 304-1 at p. 7; R. Doc. 413 at pp. 2, 9, 10, & 13.
[53] R. Doc. 413 at pp. 37-38 (*citing* R. Doc. 413-59).

qualified to render expert opinions regarding the standard of care for Savoie's legal malpractice claim and whether the Nations Defendants breached that standard of care. Plaintiffs have likewise raised a genuine issue of material fact regarding causation through Cooper's expert report.[54]

Plaintiffs have also raised a genuine dispute regarding causation through Plaintiffs' allegations that the Nations Defendants manipulated claim form data,[55] the June 27, 2017 Notice of FWA Claim Denial issued by DHECC to Savoie,[56] the February 28, 2018 Notice of Claimant Appeal of FWA Denial submitted on behalf of Savoie,[57] and the May 18, 2018 Notice of Appeal Panel Decision of FWA Denial issued to Savoie.[58] The June 27, 2017 Notice of FWA Claim Denial provides that, "A Fraud Waste and Abuse review revealed clear and compelling evidence that this claim contains false, misleading, forged, or fabricated documents, information, or statements material to the valuation of the claim, which does not appear to result solely from error or mistake."[59] It further provides that Savoie initially alleged a total loss of 2,102,336lbs over an alleged 609-day loss period," which is a "highly improbable and grossly inflated" harvest amount, and that he subsequently submitted an amended claim form with a new total loss of 47,840 pounds, which was also "highly improbable."[60] The FWA Claim Denial further states that, "No explanation was given as to why this form had drastically reduced loss amounts. The

---

[54] R. Doc. 413-59.
[55] *See*, R. Doc. 139 & R. Doc. 413 at pp. 38-41.
[56] R. Doc. 304-14.
[57] R. Doc. 304-15.
[58] R. Doc. 304-16.
[59] R. Doc. 304-14 at p. 1.
[60] *Id.*

claimant submitted 3 documents rife with inconsistent loss amounts. Such large variations between the documents indicate that this claim lacks credibility."[61]

The February 28, 2018 Notice of Claimant Appeal of FWA Denial provides the following explanation for the appeal:

> Claimant did not intentionally provide false information on his initial Subsistence Claim Form. It was simply a mistake due to the rushed manner of filing and confusion regarding the intake form. Claimant requests the Appeal Panel remand his claim back to the Settlement Program for processing as he never intentionally attempted to defraud the Settlement Program.[62]

The May 18, 2018 Notice of Appeal Panel Decision of FWA Denial, in which the Appeal Panel "upheld the FWA Denial of this claim," provides that, "The FWA also determined that Claimant swore to 'drastically different harvest amounts' and that he 'alleged the use of license exempt gear not previously claimed' in order to obtain compensation for species he was not licensed to harvest."[63] Notably, the Appeal Panel observed that the initial losses of over 2.1 million pounds of seafood, which is the equivalent of 1,000 tons, "is greater than the weight of the Space Shuttle Endeavor (368 tons); the Statute [sic] of Liberty (225 tons); and the blue whale, the largest mammal ever to have lived on the Earth (80-150 tons)," and that, "Even the giant statue of 'Christ the Redeemer' in Rio de Janeiro, Brazil (700 tons) would be dwarfed by Claimant's alleged losses."[64] The Notice of Appeal Panel Decision of FWA Denial

---

[61] *Id.*
[62] R. Doc. 304-15 at p. 1.
[63] R. Doc. 304-16 at p. 1.
[64] *Id.*

concluded that:

> On appeal, Claimant argues that his excessive and inconsistent representations to the Program were the result of various errors and mistakes. Claimant's 'mistake' arguments are not new. *Counsel has submitted the same arguments in countless identical appeals of denied Subsistence claims seeking compensation for excessive and wildly inconsistent losses.* In the multitude of appeals of denied Subsistence claims they all contain the same pattern of and attempt to pass off the obviously false information in the clam as the innocent result of mistake, hurry, calculation error, etc. *As have others, this panelist has had enough of these repetitive, disingenuous mea culpas by this particular firm.* This Panelist finds that there is clear and compelling evidence that a claim contains false, misleading, forged, or fabricated documents, information, or statements material to the evaluation of the claim, which does not appear to result solely from an error or mistake. Thus, this claim was appropriately denied by the FWA, and Claimant offers no credible reason to reverse.[65]

The Court notes that the law firm listed on the May 18, 2018 Notice of Appeal Panel Decision of FWA Denial is "Howard L Nations PC."[66] While the Court is deeply disturbed by the findings of the Appeal Panel, the Court finds that the foregoing evidence, which was submitted by the Nations Defendants, is sufficient to raise a genuine issue of material fact as to causation. Accordingly, the Motion for Summary Judgment must be denied.

---

[65] *Id.* (emphasis added).
[66] *Id.*

## III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment Against Plaintiff Mark Savoie[67] is **DENIED.**

New Orleans, Louisiana, December 5, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[67] R. Doc. 304.