UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON HENRY, ET AL.** | **CIVIL ACTION** |
| | **NO. 2:20-02995-WBV-JVM**<br>**c/w 20-2997-WBV-JVM** |
| **VERSUS** | **c/w 20-2998-WBV-JVM** |
| **MAXUM INDEMNITY CO, ET AL.** | **SECTION: D (1)** |

### ORDER and REASONS[1]

Before the Court is a Motion for Summary Judgment Against Plaintiff Gary Pierce, filed by Howard L. Nations, APC, Howard L. Nations, Cindy L. Nations, Gregory D. Rueb, Rueb & Motta, APLC, and Rueb Law Firm, APLC (collectively, the "Nations Defendants").[2] The Motion was adopted by defendants, Joseph A. Motta and Joseph A. Motta, Attorney at Law, APLC,[3] and by the Nicks Law Firm and Shantrell Nicks.[4] Plaintiffs oppose the Motion,[5] and the Nations Defendants have filed a Reply.[6]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 20-cv-2995.
[2] R. Doc. 315.
[3] R. Docs. 337 & 358.
[4] R. Docs. 329 & 342. The Court further notes that also pending before this Court is the Insurer Defendants' Motion for Summary Judgment (Adopting Motions for Summary Judgment Filed by Nations Defendants), in which Maxum Indemnity Company, QBE Insurance Corporation, Capitol Specialty Insurance Corporation, and Landmark American Insurance Company seek to adopt 28 motions filed by the Nations Defendants, including the instant Motion. *See*, R. Doc. 327.
[5] R. Doc. 413.
[6] R. Doc. 511.

## I. FACTUAL AND PROCEDURAL BACKGROUND[7]

In the Motion, the Nations Defendants assert that all of Gary Pierce's claims should be dismissed with prejudice and at Plaintiffs' cost because his legal malpractice claim is prescribed under La. Civ. Code art. 3492 and extinguished by peremption under La. R.S. 9:5605 because he did not bring this action until more than a year after he obtained actual or constructive knowledge of the alleged malpractice.[8] The Nations Defendants contend that the one-year prescriptive period under Article 3492 began to run on Pierce's legal malpractice claim on December 6, 2018, when Pierce received a written letter from the Nations Defendants explaining that his BP Subsistence Claim had been denied.[9] The Nations Defendants aver that Pierce "could have easily consulted an attorney to examine the facts and evaluate the claim, as he did on the date when she [sic] actually consulted the Block firm and authorized them to take over the representation."[10] The Nations Defendants argue that Pierce's legal malpractice claim was not timely-filed because he did not file the claim until July 7, 2020.[11]

The Nations Defendants further assert that Pierce's legal malpractice claim should be dismissed because he cannot meet his burden of proving: (1) the standard of care that the Nations Defendants allegedly breached; (2) that the denial of his BP Subsistence Claim was caused by the Nations Defendant's fault in handling the

---

[7] The factual background of this case was extensively detailed in several orders previously issued by this Court (*See,* R. Docs. 223 & 226) and, for the sake of brevity, will not be repeated here.
[8] R. Doc. 315 at pp. 1 & 3; R. Doc. 315-1 at pp. 1-2 & 4-10.
[9] R. Doc. 315-1 at p. 5.
[10] *Id*. at pp. 5-6 (citation omitted).
[11] *Id*. at p. 6.

claim; or (3) what his allegedly viable BP Subsistence Claim would have been worth if it had been successful.[12] The Nations Defendants contend that Plaintiffs' attorney experts, Benjamin Cooper and Alan Gressett, are not qualified to testify regarding the standard of care for Louisiana attorneys or the alleged breach of that standard by the Nations Defendants, and state that they intend to file *Daubert* motions to exclude the expert testimony of Cooper and Gressett.[13] The Nations Defendants further assert that Pierce cannot show that his BP Subsistence Claim was denied due to the actions or inaction of the Nations Defendants because his claim denial was the result of his failure to supply DHECC with evidence of valid fishing licenses and/or permits, and his attempt to obtain compensation for tuna despite not having a valid, species-specific license for harvesting tuna.[14] The Nations Defendants point out that Pierce's claim was denied despite their best efforts at getting yellowfin tuna removed as a species for which Pierce sought compensation.[15] Relying upon Pierce's deposition testimony, the Nations Defendants further assert that his claim would have been denied even if he had provided a valid license for the tuna because he sought subsistence compensation for crab and shrimp for which he also lacked the required licensing.[16]

Finally, the Nations Defendants contend that Pierce cannot establish his alleged damages because he was unable to substantiate his alleged losses to DHECC

---

[12] R. Doc. 315-1 at pp. 10-25.
[13] *Id.* at p. 13. The Court notes that the Nations Defendants have since filed *Daubert* motions to exclude all evidence from Gressett and to exclude the legal opinions and testimony of Cooper. *See*, R. Docs. 314 & 320. Those motions remain pending before the Court.
[14] R. Doc. 315-1 at p. 16 (*citing* R. Docs. 315-9, 315-12 & 315-15).
[15] R. Doc. 315-1 at p. 17 (*citing* R. Doc. 315-10).
[16] R. Doc. 315-1 at pp. 18-21 (*citing* R. Doc. 315-6 at pp. 6-7 & 8-13).

and he has no evidence regarding his alleged subsistence losses or how to calculate them.[17] As such, the Nations Defendants argue they are entitled to summary judgment and dismissal of Pierce's legal malpractice claim.

Plaintiffs oppose the Motion, asserting that issues of prescription and peremption have already been decided by this Court, that their experts are qualified to testify, and that they will be able to prove all of the elements of Pierce's legal malpractice claim at trial.[18] Plaintiffs assert that this Court has already rejected the Nations Defendants' arguments regarding prescription and peremption, and has denied reconsideration of those arguments, so the Court should not consider those same arguments raised in the instant Motion.[19] Nonetheless, Plaintiffs argue that it is "absurd" for the Nations Defendants to compare Pierce's knowledge of his claim denial with constructive knowledge that his attorneys committed legal malpractice.[20] Plaintiffs assert that Pierce's deposition testimony "makes clear that he was advised [on December 6, 2018] only that all claims had either been accepted or denied and he would be receiving a letter notifying him of the determination made for his claim," and that the letter he received from the Nations Defendants only notified him that his claim fell into the latter category.[21] Plaintiffs argue that this information did not place Pierce on notice that legal malpractice had been committed, and point to a portion of Pierce's deposition testimony during which he repeatedly stated that he did

---

[17] R. Doc. 315-1 at pp. 23-25.
[18] R. Doc. 413.
[19] *Id.* at pp. 6-8 (*citing* R. Docs. 223 & 242).
[20] R. Doc. 413 at p. 35.
[21] *Id.* at p. 36 (*citing* R. Doc. 413-57 at pp. 2-3).

not suspect anything was wrong when he received his denial letter.[22] Plaintiffs contend that Pierce was not advised of the mishandling of his subsistence claim until The Block Law Firm gained access to his DHECC portal on September 9, 2019 and subsequently notified him, for the first time, of the malpractice cause of action.[23]

Plaintiffs further assert that Cooper and Gressett are both qualified to testify as experts under Fed. R. Evid. 702.[24] Although Plaintiffs do not reference Pierce specifically, Plaintiffs contend that, "For Plaintiffs who had inflated harvest amounts, these amounts were provided by, approved by, and attested to by Defendants," and that, "Defendants attempt to shift the blame to Plaintiffs by claiming their harvest amounts were 'excessive.'"[25] Plaintiffs assert that, "Defendants fail to mention these amounts were submitted to DHECC by Defendants, most often without client knowledge or approval."[26] Plaintiffs further assert that, "Plaintiffs' losses would *not* have occurred if the Defendants had properly handled their claims," and that, "each Plaintiff met the criteria to receive a subsistence award and they can satisfy each element of their malpractice claim."[27] Plaintiffs point out that the DHECC Denial Notices specify the reason for the denial of each plaintiff's BP Subsistence Claim, thereby dispelling the Nations Defendants' contention that factors other than their own actions or inaction caused the denial of Plaintiffs' BP Subsistence Claims.[28] Plaintiffs claim that, without their knowledge or consent, the Nations Defendants

---

[22] R. Doc. 413 at pp. 36-37 (*citing* R. Doc. 413-57 at pp. 4 & 5).
[23] R. Doc. 413 at p. 37.
[24] *Id.* at pp. 37-38.
[25] *Id.* at p. 39 (*citing* R. Doc. 323-1 at p. 18).
[26] R. Doc. 413 at p. 39.
[27] *Id.* (emphasis in original).
[28] *Id.* at p. 40 (*citing* R. Doc. 413-61).

"manipulated amounts, submitted bogus data, amended claim forms, and took other Machiavellian actions to increase their fees, which were based on percentages of recovery."[29] As such, Plaintiffs argue that whether each plaintiff can meet the criteria to receive a subsistence award is a disputed issue of material fact that precludes summary judgment.[30]

In response, the Nations Defendants re-urge the arguments raised in their Motion, and argue that Pierce has failed to raise a genuine issue of material fact regarding the breach, causation, or damages elements of his legal malpractice claim.[31] Thus, the Nations Defendants maintain that they are entitled to summary judgment and dismissal of all of Pierce's claims.

## II. LAW AND ANALYSIS

After careful review of the parties' memoranda, the record, and the applicable law, the Court finds that, for many of the reasons stated in Plaintiffs' Opposition brief,[32] the Nations Defendants have failed to show that they are entitled to summary judgment as to all of Pierce's claims under Fed. R. Civ. P. 56. As an initial matter, and as Plaintiffs point out,[33] the Motion must be denied to the extent that the Nations Defendants seek dismissal of "all of Pierce's claims" because the Motion does not address the sufficiency of Pierce's breach of contract claim.[34] The Motion is also denied to the extent that the Nations Defendants argue Pierce's claims are time-

---

[29] R. Doc. 413 at p. 40.
[30] *Id*. at pp. 40-41.
[31] R. Doc. 511.
[32] R. Doc. 413.
[33] R. Doc. 413 at p. 41.
[34] *See*, R. Doc. 139.

barred based on the peremptive period set forth in R.S. 9:5605. As the Nations Defendants concede, albeit begrudgingly,[35] this Court has twice considered, and has twice rejected, the Nations Defendants' assertion that La. R.S. 9:5605 applies to Plaintiffs' legal malpractice claims.[36] Notably, the Court issued both of those rulings *before* the Nations Defendants filed the instant Motion.[37] While the Nations Defendants' argue that they are maintaining, preserving and re-urging those arguments in this Motion, the Court declines to waste judicial resources to entertain a third reiteration of those arguments, without further support, and instead directs the Nations Defendants to review the Court's in-depth analysis set forth in those two orders.

The Court further finds that the Nations Defendants have failed to show that Pierce's legal malpractice claim must be dismissed because it is time-barred by the one-year prescriptive period set forth in La. Civ. Code 3492. This Court previously determined that Article 3492 applies to Plaintiffs' legal malpractice claims in this case.[38] As the Court previously pointed out,[39] the Fifth Circuit has held that the doctrine of *contra non valentem* is applicable to the prescription period set forth in Article 392, such that if the plaintiff "could show that he was unaware of his cause of action until a year before the date he filed the malpractice suit, he could escape the

---

[35] R. Doc. 315-1 at p. 7, nn. 4 & 5.
[36] *See*, R. Docs. 223 and 242.
[37] The Court denied the Defendants' Motion to Dismiss on March 17, 2022 (R. Doc. 223), and denied Defendants' Motion for Reconsideration on April 26, 2022 (R. Doc. 242). The Nations Defendants filed the instant Motion on May 27, 2022 (R. Doc. 315).
[38] *See*, R. Doc. 223 at pp. 15-19.
[39] R. Doc. 223 at p. 15.

application of article 3492."[40]  Relying upon precedent from the Louisiana Supreme Court, the Fifth Circuit in that case determined that the plaintiff's legal malpractice claim began accruing when the plaintiff began to incur legal expenses as a result of investigating and correcting the malpractice, which was when the plaintiff hired new counsel.[41]

This Court previously determined that Plaintiffs had one year from when their newly-retained counsel, The Block Law Firm, gained access to Plaintiffs' DHECC portal and the documents contained therein to file their legal malpractice claims.[42] Plaintiffs assert in their Opposition brief that The Block Law Firm gained access to Pierce's DHECC portal on September 9, 2019.[43]  The Nations Defendants challenge the veracity of that assertion because it is based upon the affidavit of Plaintiffs' counsel.[44]  The Court notes, however, that the Nations Defendants did not contest this assertion in prior briefing to this Court.[45]  Based upon the evidence before the Court and the Court's prior ruling, the Nations Defendants have failed to show that they are entitled to summary judgment on the basis that Pierce's legal malpractice claim is time-barred under Article 3492.

The Court further finds that, for the reasons stated in the Opposition brief,[46] Plaintiffs have raised a genuine issue of material fact regarding whether Cooper and

---

[40] *Henry v. Duane Morris, LLC*, 210 Fed.Appx. 356, 359 (5th Cir. 2006) (citing *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 354 (La. 1992)).
[41] *Henry*, 210 Fed.Appx at 359 (citing *Harvey*, 593 So.2d at 355).
[42] R. Doc. 223 at pp. 17-18.
[43] R. Doc. 413 at p. 37.
[44] R. Doc. 511 at pp. 3-4.
[45] *See*, R. Doc. 223 at p. 17.
[46] R. Doc. 413 at pp. 37-38 (*citing* R. Docs. 413-59 & 413-60).

Gressett are qualified to render expert opinions regarding the standard of care for Pierce's legal malpractice claim and whether the Nations Defendants breached that standard of care. Plaintiffs have also raised a genuine issue of material fact regarding causation through the expert reports of Cooper and Gressett,[47] as well as Plaintiffs' allegations that the Nations Defendants manipulated claim form data,[48] the February 23, 2017 Notice of Appeal Panel Decision issued by DHECC to Pierce,[49] and Pierce's deposition testimony.[50] In the February 23, 2017 Notice, the appeal panel observed that, "In a familiar scenario involving countless Subsistence parties represented by the same law firm, Claimant's initial handwritten claim was denied by the Program for failure to show evidence of licensure for at least one of the species he was claiming, namely tuna."[51] The February 23, 2017 Notice explains that Pierce submitted an original claim form asserting lost harvest totaling 21,236 pounds, but subsequently reduced his claimed loss to 20,736 pounds of fish after receiving a denial form, and further amended his claim to seek only 7,368 pounds of lost fish.[52] Notably, the appeal panel concluded that:

> Although different members of his panel have taken different approaches to such scattershot "whack-a-mole" representations by Subsistence claimants, this panel strongly believes that to encourage such tactics by remanding to the Program such palpably manufactured representations would do no justice either to the Program or to those denied based upon the total incredulity that what Claimant has asserted

---

[47] R. Docs. 413-59 & 413-60.
[48] *See*, R. Doc. 139 & R. Doc. 413 at pp. 38-41.
[49] R. Doc. 315-15.
[50] *See*, R. Doc. 315-6; R. Doc. 413-57.
[51] *Id*. at p. 2.
[52] *Id*.

> represents "reasonable consumption rates" under the terms of the Settlement Agreement.[53]

Additionally, Pierce confirmed during his deposition that the catch listed on claim forms submitted on his behalf were not accurate, and testified that:

> The ones submitted that I wrote down were accurate. The percentages or estimates of weight, I did not put that there, and I think that was - - like I said, I don't know how they computed the amounts, the poundage, and maybe it was the misunderstanding, what, but that's - - that's the part I thought was outrageous. All the other things I wrote down were written down by me, and it's best representing what I caught, as I could.
>
> . . . .
>
> Not percentages, it was the estimates of weights. In some kind of way, it was converted to a poundage by - - somewhere along the line, but that wasn't done by me. That's what I thought was outrageous, was the amount of pounds.[54]

When Pierce was asked what the correct estimate would have been, he testified, " I have no idea. I don't know how it was calculated. But I know I didn't catch five or six thousand pounds of speckled trout in a year. That's a lot of fish."[55] The Court finds that the foregoing evidence, which was submitted by the Nations Defendants, is sufficient to raise a genuine issue of material fact as to causation. Accordingly, the Motion for Summary Judgment must be denied.

The Court further finds that there is sufficient evidence before the Court to raise a genuine issue of material fact regarding the damages Pierce incurred as a result of the alleged legal malpractice of the Nations Defendants. Specifically, the expert report regarding the Plaintiffs' economic damages, prepared by Charles C.

---

[53] *Id.*
[54] R. Doc. 315-6 at p. 16.
[55] *Id.*

Theriot and Edward J. Comeaux, which was referenced in a footnote in the instant Motion[56] and submitted by the Nations Defendants in support of identical motions for summary judgment they filed regarding other plaintiffs in this case.[57] The expert report indicates that Theriot and Comeaux have prepared two calculations of each plaintiff's lost compensation based upon: (1) the information contained in the earliest BP Subsistence Claim Form submitted to DHECC; and (2) the most recent information provided to DHECC by the Nations Defendants.[58] Although the Nations Defendants did not include the exhibits referenced in the expert report that contain these calculations, neither party has disputed the existence of those exhibits.[59] While the Nations Defendants assert that Pierce has no evidence of damages or a means by which to calculate his damages, the Court disagrees and finds that the evidence of record raises a genuine issue of material fact regarding Pierce's damages sufficient to preclude summary judgment at this time. Accordingly, the Motion for Summary Judgment must be denied.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment Against Plaintiff Gary Pierce[60] is **DENIED.**

New Orleans, Louisiana, December 5, 2022.

*(signature)*
**WENDY B. VITTER**
**United States District Judge**

---

[56] R. Doc. 315-1 at p. 24, n.37.
[57] *See*, R. Docs. 268-20 & 269-23.
[58] *See*, R. Doc. 268-20 at pp. 8-9; R. Doc. 269-23 at pp. 8-9.
[59] *See, generally*, R. Docs. 268-1, 269-1, 413, 505, & 513.
[60] R. Doc. 315.