UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRANDON HENRY, ET AL.**                                    **CIVIL ACTION**

                                                                                           **NO. 2:20-02995-WBV-JVM**
                                                                                              **c/w 20-2997-WBV-JVM**
**VERSUS**                                                                        **c/w 20-2998-WBV-JVM**

**MAXUM INDEMNITY CO, ET AL.**                        **SECTION: D (1)**

### ORDER and REASONS[1]

Before the Court is a Motion for Summary Judgment Against Plaintiff Pamela Lyons, filed by Howard L. Nations, APC, Howard L. Nations, Cindy L. Nations, Gregory D. Rueb, Rueb & Motta, APLC, and Rueb Law Firm, APLC (collectively, the "Nations Defendants").[2] The Motion was adopted by defendants, Joseph A. Motta and Joseph A. Motta, Attorney at Law, APLC,[3] and by the Nicks Law Firm and Shantrell Nicks.[4] Plaintiffs oppose the Motion,[5] and the Nations Defendants have filed a Reply.[6]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 20-cv-2995.
[2] R. Doc. 279.
[3] R. Docs. 285 & 295.
[4] R. Docs. 281 & 294. The Court further notes that also pending before this Court is the Insurer Defendants' Motion for Summary Judgment (Adopting Motions for Summary Judgment Filed by Nations Defendants), in which Maxum Indemnity Company, QBE Insurance Corporation, Capitol Specialty Insurance Corporation, and Landmark American Insurance Company seek to adopt 28 motions filed by the Nations Defendants, including the instant Motion. *See*, R. Doc. 327.
[5] R. Doc. 413.
[6] R. Doc. 501.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**[7]

In the Motion, the Nations Defendants assert that all of Pamela Lyons' claims should be dismissed with prejudice and at Plaintiffs' cost because her legal malpractice claim is prescribed under La. Civ. Code art. 3492 and extinguished by peremption under La. R.S. 9:5605 because she did not bring this action until more than a year after she obtained actual or constructive knowledge of the alleged malpractice.[8] Relying upon Lyons' deposition testimony, the Nations Defendants claim that Lyons' legal malpractice claim began to accrue by September 6, 2017, when Lyons knew she had failed her field visit and when the Nations Defendants informed her that if she wanted to appeal the decision, she needed to submit the appeal and pay the fine herself.[9] The Nations Defendants assert that Lyons claimed to have harvested 66,096 pounds of catch in her original claim form, which they amended several times to reduce the total harvested amount to 37,240 pounds and then to 5,814 pounds.[10] The Nations Defendants point out that Lyons was issued an Eligibility Notice for $3,711.54 on March 28, 2017, but that the DHECC was aware that her recovery potentially exceeded $10,000 because on June 1, 2017, the DHECC issued a field visit interview notice.[11] The Nations Defendants argue that Lyons' claim was ultimately denied due to statements she made during her field visit interview, and that she failed the field visit because "she wildly altered her

---

[7] The factual background of this case was extensively detailed in several orders previously issued by this Court (*See,* R. Docs. 223 & 226) and, for the sake of brevity, will not be repeated here.
[8] R. Doc. 279 at p. 1; R. Doc. 279-1 at p. 20.
[9] R. Doc. 279-1 at pp. 6-7 (*citing* R. Docs. 279-4, 279-5, 279-18, 279-21, & 279-26).
[10] R. Doc. 279-1 at p. 8 (*citing* R. Doc. 279-3).
[11] R. Doc. 279-1 at p. 8 (*citing* R. Doc. 279-15).

information with the testimony that she gave at the Field Visit Interview" and because "she did not demonstrate the knowledge of a fisherman."[12] The Nations Defendants claim that Lyons filed an unsuccessful appeal on September 6, 2017 and learned that the appeal had been denied by December 2017,[13] such that her legal malpractice claim, filed on July 6, 2020, is time-barred.[14]

The Nations Defendants further assert that Lyons' legal malpractice claim should be dismissed because she cannot meet her burden of proving: (1) the standard of care that the Nations Defendants allegedly breached; (2) that the denial of her BP Subsistence Claim was caused by the Nations Defendant's fault in handling the claim; or (3) what her allegedly viable BP Subsistence Claim would have been worth if it had been successful.[15] The Nations Defendants contend that Plaintiffs' attorney experts, Benjamin Cooper and Alan Gressett, are not qualified to testify regarding the standard of care for Louisiana attorneys or the alleged breach of that standard by the Nations Defendants, and state that they intend to file *Daubert* motions to exclude the expert testimony of Cooper and Gressett.[16] The Nations Defendants further assert that Lyons cannot show that her BP Subsistence Claim was denied due to the actions or inaction of the Nations Defendants because the claim denial was the result of her own actions, namely her statements to the DHECC field visit team

---

[12] R. Doc. 279-1 at pp. 8 & 9 (*citing* R. Docs. 279-18 & 279-11). *See also*, R. Doc. 279-1 at pp. 8-11.
[13] R. Doc. 279-1 at pp. 9-11 (*citing* R. Doc. 279-4).
[14] R. Doc. 279-1 at p. 11 (*citing* R. Doc. 279-28).
[15] R. Doc. 279-1 at pp. 12-20.
[16] *Id*. at pp. 13-14. The Court notes that the Nations Defendants have since filed *Daubert* motions to exclude all evidence from Gressett and to exclude the legal opinions and testimony of Cooper. *See*, R. Docs. 314 & 320. Those motions remain pending before the Court.

during her field visit interview.[17] The Nations Defendants contend that Lyons' claim was denied because she added shrimp and crab back into her subsistence claim, which had been removed by the Nations Defendants, and she increased the species and pounds of her subsistence claim above the amounts in her amended claim form.[18] Although the Nations Defendants admit that "The Field Team" concluded that the history of Lyons' claim in decreasing/increasing poundages and species was not reasonably explained, they emphasize that, "Defendants *only* decreased the poundage and the species. All increases were by Plaintiff."[19] Thus, the Nations Defendants contend that their actions did not cause Lyons' claim denial. Finally, the Nations Defendants contend that Lyons cannot establish her damages because she was unable to substantiate her alleged losses to DHECC and she has no evidence regarding her alleged subsistence losses or how to calculate them.[20] The Nations Defendants assert that Lyons' proffered damages expert, Charles Theriot, bases his entire damage calculation on subsistence claim forms, the accuracy of which Lyons completely disavows.[21] As such, the Nations Defendants argue they are entitled to summary judgment and dismissal of Lyons' legal malpractice claim.

Plaintiffs oppose the Motion, asserting that the Nations Defendants' Contact Logs, cited in their Motion, are inadmissible and should be excluded from the Court's consideration, that issues of prescription and peremption have already been decided

---

[17] R. Doc. 279-1 at p. 16.
[18] R. Doc. 279-1 at p. 17 (*citing* R. Doc. 279-2) (emphasis in original).
[19] R. Doc. 279-1 at p. 17 (*citing* R. Doc. 279-11).
[20] R. Doc. 279-1 at p. 19.
[21] *Id.* (*citing* R. Doc. 139 at p. 30, ¶ 18k).

by this Court, that their experts are qualified to testify, and that they will be able to prove all of the elements of Lyons' legal malpractice claim at trial.[22] Incorporating by reference the arguments made in their pending Motion in Limine to Exclude Defendants' "Call Logs," Plaintiffs assert that the call log statements constitute inadmissible hearsay and that no exception applies that would deem them admissible.[23] Plaintiffs then assert that this Court has already rejected the Nations Defendants' arguments regarding prescription and peremption, and has denied reconsideration of those arguments, so the Court should not consider those same arguments raised in the instant Motion.[24] Nonetheless, Plaintiffs argue that the Nations Defendants conflate Lyons' knowledge of a claim denial/failed field visit with her knowledge that legal malpractice was the causative factor.[25] Plaintiffs assert that Lyons was unaware of any malpractice committed in her case, and that she did not testify that she knew or was the least bit suspicious of any wrongdoing by her attorneys.[26] Plaintiffs claim that The Block Law Firm gained access to Lyons' DHECC portal on August 20, 2019, and subsequently notified her, for the first time, that her claim denial was the result of her lawyers' malpractice.[27]

Plaintiffs further assert that Cooper and Gressett are both qualified to testify as experts under Fed. R. Evid. 702.[28] Plaintiffs claim that several plaintiffs, including Lyons, were deemed eligible by DHECC to recover for their subsistence loss, but that

---

[22] R. Doc. 413.
[23] *Id.* at pp. 4-6. *See*, R. Doc. 364.
[24] R. Doc. 413 at pp. 6-8 (*citing* R. Docs. 223 & 242).
[25] R. Doc. 413 at p. 19.
[26] *Id.*
[27] *Id.* at p. 20 (*citing* R. Doc. 413-25).
[28] R. Doc. 413 at pp. 37-38.

their claims were ultimately denied due to the manipulation of the claims by the Nations Defendants.[29] Plaintiffs assert that, "Plaintiffs' losses would *not* have occurred if the Defendants had properly handled their claims," and that, "each Plaintiff met the criteria to receive a subsistence award and they can satisfy each element of their malpractice claim."[30] Plaintiffs point out that the DHECC Denial Notices specify the reason for the denial of each plaintiff's BP Subsistence Claim, thereby dispelling the Nations Defendants' contention that factors other than their own actions or inaction caused the denial of Plaintiffs' BP Subsistence Claims.[31] Plaintiffs claim that, without their knowledge or consent, the Nations Defendants "manipulated amounts, submitted bogus data, amended claim forms, and took other Machiavellian actions to increase their fees, which were based on percentages of recovery."[32] As such, Plaintiffs argue that whether each plaintiff can meet the criteria to receive a subsistence award is a disputed issue of material fact that precludes summary judgment.[33]

In response, the Nations Defendants re-urge the arguments raised in their Motion, and argue that Lyons has failed to raise a genuine issue of material fact regarding the standard of care, causation, or damages elements of her legal malpractice claim.[34] Thus, the Nations Defendants maintain that they are entitled to summary judgment and dismissal of all of Lyons' claims.

---

[29] R. Doc. 413 at p. 39.
[30] *Id.* (emphasis in original).
[31] *Id.* at p. 40 (*citing* R. Doc. 413-61).
[32] R. Doc. 413 at p. 40.
[33] *Id.* at pp. 40-41.
[34] R. Doc. 501.

## II. LAW AND ANALYSIS

After careful review of the parties' memoranda, the record, and the applicable law, the Court finds that, for many of the reasons stated in Plaintiffs' Opposition brief,[35] the Nations Defendants have failed to show that they are entitled to summary judgment as to all of Lyons' claims under Fed. R. Civ. P. 56. As an initial matter, and as Plaintiffs point out,[36] the Motion must be denied to the extent that the Nations Defendants seek dismissal of "all of Lyons' claims" because the Motion does not address the sufficiency of Lyons' breach of contract claim.[37] The Motion is also denied to the extent that the Nations Defendants argue Lyons' legal malpractice claim is time-barred based on the peremptive period set forth in La. R.S. 9:5605. As the Nations Defendants concede, albeit begrudgingly,[38] this Court has twice considered, and has twice rejected, the Nations Defendants' assertion that La. R.S. 9:5605 applies to Plaintiffs' legal malpractice claims.[39] Notably, the Court issued both of those rulings *before* the Nations Defendants filed the instant Motion.[40] While the Nations Defendants argue that they are maintaining, preserving and re-urging those arguments in this Motion, the Court declines to waste judicial resources to entertain a third reiteration of those arguments, without further support, and instead directs

---

[35] R. Doc. 413.
[36] *Id.* at p. 41.
[37] *See*, R. Doc. 139.
[38] R. Doc. 279-1 at p. 4, nn. 18 & 19.
[39] *See*, R. Docs. 223 and 242.
[40] The Court denied the Defendants' Motion to Dismiss on March 17, 2022 (R. Doc. 223), and denied Defendants' Motion for Reconsideration on April 26, 2022 (R. Doc. 242). The Nations Defendants filed the instant Motion on May 20, 2022 (R. Doc. 279).

the Nations Defendants to review the Court's in-depth analysis set forth in those two orders.

The Court further finds that the Nations Defendants have failed to show that Lyons' legal malpractice claim must be dismissed because it is time-barred by the one-year prescriptive period set forth in La. Civ. Code 3492. This Court previously determined that Article 3492 applies to Plaintiffs' legal malpractice claims in this case.[41] As the Court previously pointed out,[42] the Fifth Circuit has held that the doctrine of *contra non valentem* is applicable to the prescription period set forth in Article 392, such that if the plaintiff "could show that he was unaware of his cause of action until a year before the date he filed the malpractice suit, he could escape the application of article 3492."[43] Relying upon precedent from the Louisiana Supreme Court, the Fifth Circuit in that case determined that the plaintiff's legal malpractice claim began accruing when the plaintiff began to incur legal expenses as a result of investigating and correcting the malpractice, which was when the plaintiff hired new counsel.[44]

This Court previously determined that Plaintiffs had one year from when their newly-retained counsel, The Block Law Firm, gained access to Plaintiffs' DHECC portal and the documents contained therein to file their legal malpractice claims.[45] Plaintiffs assert in their Opposition brief that The Block Law Firm gained access to

---

[41] *See*, R. Doc. 223 at pp. 15-19.
[42] R. Doc. 223 at p. 15.
[43] *Henry v. Duane Morris, LLC*, 210 Fed.Appx. 356, 359 (5th Cir. 2006) (citing *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 354 (La. 1992)).
[44] *Henry*, 210 Fed.Appx at 359 (citing *Harvey*, 593 So.2d at 355).
[45] R. Doc. 223 at pp. 17-18.

Lyons' DHECC portal on August 20, 2019.[46]  The Nations Defendants do not contest this assertion, but maintain that her claim is perempted and prescribed because she knew that her claim had been denied by September 6, 2017.[47]  The Court agrees with Plaintiffs that the Nations Defendants conflate knowledge of a claim denial with constructive knowledge of the Nations Defendants' alleged malpractice in manipulating her claim information.  Based upon the evidence before the Court and the Court's prior ruling, the Nations Defendants have failed to show that they are entitled to summary judgment on the basis that Lyons' legal malpractice claim is time-barred under Article 3492.  The Court finds additional support for this conclusion in the contradictory positions taken by the Nations Defendants in their Motion, arguing on the one hand that Lyons obtained actual or constructive knowledge of their alleged legal malpractice upon notice of that her appeal had been denied,[48] while simultaneously arguing that, "Adjudicatory proceedings, even those made available in the BP Oil Settlement, often turn on credibility evaluations of the claimants.  *That they lose is not evidence of malpractice*; it is evidence only of credibility deficiencies in the plaintiff's presentation."[49]

The Court further finds that, for the reasons stated in the Opposition brief,[50] Plaintiffs have raised a genuine issue of material fact regarding whether Cooper and Gressett are qualified to render expert opinions regarding the standard of care for

---

[46] R. Doc. 413 at p. 413.
[47] R. Doc. 501 at pp. 7-8.
[48] R. Doc. 279-1 at pp. 5-6 & 7-11.
[49] *Id*. at p. 17 (emphasis added).
[50] R. Doc. 413 at pp. 37-38 (*citing* R. Docs. 413-59 & 413-60).

Lyons' legal malpractice claim and whether the Nations Defendants breached that standard of care. Plaintiffs have also raised a genuine issue of material fact regarding causation through the expert reports of Cooper and Gressett,[51] as Cooper has opined that Lyons' BP Subsistence Claim was denied due to the Nations Defendants unilaterally submitting multiple amended claim forms that contained contradictory information.[52] As the Nations Defendants concede in their Motion,[53] DHECC's "Field Team" concluded that, "the history of this claim in decreasing/increasing poundages and species was not reasonably explained, and the poundages reported at the Field Visit were not supported by the Claimant's information."[54] The Court finds this evidence sufficient to raise a genuine issue of material fact regarding causation on Lyons' legal malpractice claim.

The Court further finds that there is sufficient evidence before the Court to raise a genuine issue of material fact regarding the damages Lyons incurred as a result of the alleged legal malpractice of the Nations Defendants. The Nations Defendants reference Plaintiffs' economic damages expert, Charles C. Theriot, in both their Motion and Reply brief, asserting that his opinions should be excluded for failing to satisfy *Daubert* standards.[55] Although the Nations Defendants did not submit a copy of the expert report in support of their Motion, the Nations Defendants submitted a copy of Plaintiffs' expert report on economic damages, prepared by

---

[51] R. Docs. 279-21, 279-22, 413-59, & 413-60.
[52] R. Doc. 279-21 at p. 17; R. Doc. 413-59 at p. 17.
[53] R. Doc. 279-1 at p. 17.
[54] R. Doc. 279-11 at p. 4.
[55] *See*, R. Doc. 279-1 at p. 19 & R. Doc. 501 at p. 7 (*citing* R. Doc. 300).

Theriot and Edward J. Comeaux, in support of identical motions for summary judgment they filed regarding other plaintiffs in this case,[56] and in support of their pending motion in limine to exclude evidence from Theriot and Comeaux.[57] The expert report indicates that Theriot and Comeaux have prepared two calculations of each plaintiff's lost compensation based upon: (1) the information contained in the earliest BP Subsistence Claim Form submitted to DHECC; and (2) the most recent information provided to DHECC by the Nations Defendants.[58] Thus, while the Nations Defendants assert that Lyons has no evidence of damages or a means by which to calculate her damages, the Court disagrees and finds that the evidence of record raises a genuine issue of material fact regarding her damages sufficient to preclude summary judgment at this time.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment Against Plaintiff Pamela Lyons[59] is **DENIED.**

New Orleans, Louisiana, December 7, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[56] *See*, R. Docs. 268-20, 269-23, & 286-30.
[57] *See*, R. Docs. 300 & 300-2.
[58] *See*, R. Doc. 268-20 at pp. 8-9; R. Doc. 269-23 at pp. 8-9; R. Doc. 286-30 at pp. 8-9; R. Doc. 300-2 at pp. 8-9.
[59] R. Doc. 279.