**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**BRANDON HENRY, ET AL.**                    **CIVIL ACTION**

                                             **NO. 2:20-02995-WBV-JVM**
                                             **c/w 20-2997-WBV-JVM**
**VERSUS**                                   **c/w 20-2998-WBV-JVM**


**MAXUM INDEMNITY CO, ET AL.**              **SECTION: D (1)**

<u>**ORDER and REASONS**</u>[1]

Before the Court is a Motion for Summary Judgment Against Plaintiff Jessi Marcel, filed by Howard L. Nations, APC, Howard L. Nations, Cindy L. Nations, Gregory D. Rueb, Rueb & Motta, APLC, and Rueb Law Firm, APLC (collectively, the "Nations Defendants").[2]  The Motion was adopted by defendants, Joseph A. Motta and Joseph A. Motta, Attorney at Law, APLC,[3] and by the Nicks Law Firm and Shantrell Nicks.[4]  Plaintiffs oppose the Motion,[5] and the Nations Defendants have filed a Reply.[6]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 20-cv-2995.

[2] R. Doc. 317.

[3] R. Docs. 337 & 358.

[4] R. Docs. 319 & 341.  The Court further notes that also pending before this Court is the Insurer Defendants' Motion for Summary Judgment (Adopting Motions for Summary Judgment Filed by Nations Defendants), in which Maxum Indemnity Company, QBE Insurance Corporation, Capitol Specialty Insurance Corporation, and Landmark American Insurance Company seek to adopt 28 motions filed by the Nations Defendants, including the instant Motion.  *See*, R. Doc. 327.

[5] R. Doc. 413.

[6] R. Doc. 517.

## I.      FACTUAL AND PROCEDURAL BACKGROUND[7]

In the Motion, the Nations Defendants assert that all of Jessi Marcel's claims should be dismissed with prejudice and at Plaintiffs' cost because his legal malpractice claim is prescribed under La. Civ. Code art. 3492 and extinguished by peremption under La. R.S. 9:5605 because he did not bring this action until more than a year after he obtained actual or constructive knowledge of the alleged malpractice.[8]  Relying upon a portion of Marcel's deposition testimony, the Nations Defendants contend that the one-year prescriptive period under Article 3492 began to run on Marcel's legal malpractice claim "in 2018," when "he began to suspect that there was something wrong with Defendants' handling of his BP subsistence claim, when he claims that the Defendants failed to return his calls and emails, and when he sought out new counsel in the Block Law Firm."[9]  The Nations Defendants assert that Marcel had "until 2019" to file his legal malpractice claim, but failed to do so, and did not file his claim until July 6, 2020.[10]

The Nations Defendants further assert that Marcel's legal malpractice claim should be dismissed because he cannot meet his burden of proving: (1) the standard of care that the Nations Defendants allegedly breached; (2) that the denial of his BP Subsistence Claim was caused by the Nations Defendant's fault in handling the claim; or (3) what his allegedly viable BP Subsistence Claim would have been worth

---

[7] The factual background of this case was extensively detailed in several orders previously issued by this Court (*See,* R. Docs. 223 & 226) and, for the sake of brevity, will not be repeated here.
[8] R. Doc. 317 at pp. 1 & 3; R. Doc. 317-1 at pp. 1 & 21.
[9] R. Doc. 317-1 at pp. 5-7 (*citing* R. Doc. 317-15 at pp. 5-6 & 7).
[10] R. Doc. 317-1 at pp. 6-7 (*citing* R. Doc. 317-14).

if it had been successful.[11]  The Nations Defendants contend that Plaintiffs' attorney experts, Benjamin Cooper and Alan Gressett, are not qualified to testify regarding the standard of care for Louisiana attorneys or the alleged breach of that standard by the Nations Defendants, and state that they intend to file *Daubert* motions to exclude the expert testimony of Cooper and Gressett.[12]  The Nations Defendants further assert that Marcel cannot show that his BP Subsistence Claim was denied due to the actions or inaction of the Nations Defendants because his claim denial was the result of his failure to supply DHECC with evidence of a valid fishing license.[13] The Nations Defendants further assert that even if Marcel had supplied a valid fishing license to the DHECC, his claim still would have been denied for seeking compensation for crab, which required a species-specific license that Marcel did not possess.[14]  As such, the Nations Defendants argue that Marcel cannot show that the actions or inaction of the Nations Defendants proximately caused his claim denial. Finally, the Nations Defendants assert, in passing, the Marcel cannot establish what his BP Subsistence Claim would have been worth had it been successful.[15]

Plaintiffs oppose the Motion, asserting that issues of prescription and peremption have already been decided by this Court, that their experts are qualified to testify, and that they will be able to prove all of the elements of Marcel's legal

---

[11] R. Doc. 317-1 at pp. 1-2.
[12] *Id*. at pp. 13-14.  The Court notes that the Nations Defendants have since filed *Daubert* motions to exclude all evidence from Gressett and to exclude the legal opinions and testimony of Cooper.  *See*, R. Docs. 314 & 320.  Those motions remain pending before the Court.
[13] R. Doc. 317-1 at pp. 17-19 (*citing* R. Docs. 317-4, 317-15, & 317-17).
[14] R. Doc. 317-1 at pp. 19-20 (*citing* R. Doc. 317-5).
[15] R. Doc. 317-1 at pp. 2 & 22.

malpractice claim at trial.[16]  Plaintiffs assert that this Court has already rejected the Nations Defendants' arguments regarding prescription and peremption, and has denied reconsideration of those arguments, so the Court should not consider those same arguments raised in the instant Motion.[17]  Nonetheless, Plaintiffs argue that the Nations Defendants' "flawed conclusion" that Marcel's legal malpractice claim began to accrue sometime in 2018 is based upon a mischaracterization of Marcel's deposition testimony.[18]  Plaintiffs point out that Marcel testified that it was not until after he spoke with an attorney from The Block Law Firm that he realized his claim may not have been handled properly.[19]  Plaintiffs assert that The Block Law Firm first advised Marcel of the malpractice after gaining access to his DHECC portal on August 20, 2019.[20]  Plaintiffs claim that Marcel did not even know that his claim had been denied until after The Block Law Firm gained access to his portal documents.[21] Plaintiffs assert that Marcel "had no clue" that his claim had been handled improperly when he first met with someone from The Block Law Firm, and that he was inquiring about the status of his claim at that time.[22]

Plaintiffs further assert that Cooper and Gressett are both qualified to testify as experts under Fed. R. Evid. 702.[23]  Although Plaintiffs do not reference Marcel specifically, Plaintiffs contend that, "For Plaintiffs who had inflated harvest amounts,

---

[16] R. Doc. 413.
[17] *Id.* at pp. 6-8 (*citing* R. Docs. 223 & 242).
[18] R. Doc. 413 at p. 20.
[19] *Id.* at pp. 20-21 (*citing* R. Doc. R. Doc. 413-26 at pp. 3-4 & 5).
[20] R. Doc. 413 at p. 20.
[21] *Id.* at pp. 20-21 (*citing* R. Doc. 413-26 at pp. 2 & 4).
[22] R. Doc. 413 at p. 21.
[23] *Id.* at pp. 37-38.

these amounts were provided by, approved by, and attested to by Defendants," and that, "Defendants attempt to shift the blame to Plaintiffs by claiming their harvest amounts were 'excessive.'"[24]   Plaintiffs assert that, "Defendants fail to mention these amounts were submitted to DHECC by Defendants, most often without client knowledge or approval."[25]   Plaintiffs further assert that, "Plaintiffs' losses would *not* have occurred if the Defendants had properly handled their claims," and that, "each Plaintiff met the criteria to receive a subsistence award and they can satisfy each element of their malpractice claim."[26]   Plaintiffs point out that the DHECC Denial Notices specify the reason for the denial of each plaintiff's BP Subsistence Claim, thereby dispelling the Nations Defendants' contention that factors other than their own actions or inaction caused the denial of Plaintiffs' BP Subsistence Claims.[27] Plaintiffs claim that, without their knowledge or consent, the Nations Defendants "manipulated amounts, submitted bogus data, amended claim forms, and took other Machiavellian actions to increase their fees, which were based on percentages of recovery."[28] As such, Plaintiffs argue that whether each plaintiff can meet the criteria to receive a subsistence award is a disputed issue of material fact that precludes summary judgment.[29]

In response, the Nations Defendants re-urge the arguments raised in their Motion, and assert that Marcel has failed to raise a genuine issue of material fact

---

[24] *Id*. at p. 39 (*citing* R. Doc. 323-1 at p. 18).
[25] R. Doc. 413 at p. 39.
[26] *Id*. (emphasis in original).
[27] *Id*. at p. 40 (*citing* R. Doc. 413-61).
[28] R. Doc. 413 at p. 40.
[29] *Id*. at pp. 40-41.

regarding the breach, causation, or damages elements of his legal malpractice claim.[30]  Thus, the Nations Defendants maintain that they are entitled to summary judgment and dismissal of all of Marcel's claims.

## II.    LAW AND ANALYSIS

After careful review of the parties' memoranda, the record, and the applicable law, the Court finds that, for many of the reasons stated in Plaintiffs' Opposition brief,[31] the Nations Defendants have failed to show that they are entitled to summary judgment as to all of Marcel's claims under Fed. R. Civ. P. 56.  As an initial matter, and as Plaintiffs point out,[32] the Motion must be denied to the extent that the Nations Defendants seek dismissal of "all of Marcel's claims"[33] because the Motion does not address the sufficiency of Marcel's breach of contract claim.[34]  The Motion is also denied to the extent that the Nations Defendants argue Marcel's claims are time-barred based on the peremptive period set forth in La. R.S. 9:5605.  As the Nations Defendants concede, albeit begrudgingly,[35] this Court has twice considered, and has twice rejected, the Nations Defendants' assertion that La. R.S. 9:5605 applies to Plaintiffs' legal malpractice claims.[36]  Notably, the Court issued both of those rulings *before* the Nations Defendants filed the instant Motion.[37]    While the Nations

---

[30] R. Doc. 517.
[31] R. Doc. 413.
[32] R. Doc. 413 at p. 41.
[33] R. Doc. 317 at pp. 1 & 3; R. Doc. 317-1 at pp. 1 & 21; R. Doc. 517 at pp. 2 & 10.
[34] *See*, R. Doc. 139.
[35] R. Doc. 317-1 at p. 8, nn. 6 & 7.
[36] *See*, R. Docs. 223 and 242.
[37] The Court denied the Defendants' Motion to Dismiss on March 17, 2022 (R. Doc. 223), and denied Defendants' Motion for Reconsideration on April 26, 2022 (R. Doc. 242).  The Nations Defendants filed the instant Motion on May 28, 2022 (R. Doc. 317).

Defendants' argue that they are maintaining, preserving and re-urging those arguments in this Motion, the Court declines to waste judicial resources to entertain a third reiteration of those arguments, without further support, and instead directs the Nations Defendants to review the Court's in-depth analysis set forth in those two orders.

The Court further finds that the Nations Defendants have failed to show that Marcel's legal malpractice claim must be dismissed because it is time-barred by the one-year prescriptive period set forth in La. Civ. Code 3492. This Court previously determined that Article 3492 applies to Plaintiffs' legal malpractice claims in this case.[38] As the Court previously pointed out,[39] the Fifth Circuit has held that the doctrine of *contra non valentem* is applicable to the prescription period set forth in Article 392, such that if the plaintiff "could show that he was unaware of his cause of action until a year before the date he filed the malpractice suit, he could escape the application of article 3492."[40] Relying upon precedent from the Louisiana Supreme Court, the Fifth Circuit in that case determined that the plaintiff's legal malpractice claim began accruing when the plaintiff began to incur legal expenses as a result of investigating and correcting the malpractice, which was when the plaintiff hired new counsel.[41]

---

[38] *See*, R. Doc. 223 at pp. 15-19.
[39] R. Doc. 223 at p. 15.
[40] *Henry v. Duane Morris, LLC*, 210 Fed.Appx. 356, 359 (5th Cir. 2006) (citing *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 354 (La. 1992)).
[41] *Henry*, 210 Fed.Appx at 359 (citing *Harvey*, 593 So.2d at 355).

This Court previously determined that Plaintiffs had one year from when their newly-retained counsel, The Block Law Firm, gained access to Plaintiffs' DHECC portal and the documents contained therein to file their legal malpractice claims.[42] Plaintiffs assert in their Opposition brief that The Block Law Firm gained access to Marcel's DHECC portal on August 20, 2019.[43] The Nations Defendants challenge the veracity of that assertion because it is based upon the affidavit of Plaintiffs' counsel.[44] There is no dispute, however, that Marcel filed his legal malpractice claim on July 6, 2020.[45] The Court finds that Marcel's deposition testimony indicates that he was unaware of any potential wrongdoing by the Nations Defendants until after his phone calls and emails to the Nations Defendants went unanswered *and* he had spoken to an attorney from The Block Law Firm.[46] Based upon the evidence before the Court and the Court's prior ruling, the Court finds that Nations Defendants have failed to show that they are entitled to summary judgment on the basis that Marcel's legal malpractice claim is time-barred under Article 3492.

The Court further finds that, for the reasons stated in the Opposition brief,[47] Plaintiffs have raised a genuine issue of material fact regarding whether Cooper and Gressett are qualified to render expert opinions regarding the standard of care for Marcel's legal malpractice claim and whether the Nations Defendants breached that standard of care. Plaintiffs have also raised a genuine issue of material fact regarding

---

[42] R. Doc. 223 at pp. 17-18.
[43] R. Doc. 413 at p. 20.
[44] R. Doc. 517 at p. 4.
[45] R. Doc. 317-1 at p. 7; R. Doc. 413 at pp. 2, 9, 10, & 13.
[46] R. Doc. 317-15 at pp. 5 & 7; R. Doc. 413-26 at p. 5.
[47] R. Doc. 413 at pp. 37-38 (*citing* R. Docs. 413-59 & 413-60).

causation through the expert reports of Cooper and Gressett,[48] as well as Plaintiffs' allegations that the Nations Defendants manipulated claim form data,[49] the October 27, 2015 Incompleteness Notice,[50] and Marcel's deposition testimony.[51]  The Nations Defendants contend that Marcel's claim was denied because he failed to provide the DHECC with a valid fishing license or a valid license for crab.[52]  The Nations Defendants, however, failed to submit Marcel's claim denial notice in support of their Motion.  Instead, the Nations Defendants submitted only the October 27, 2015 Incompleteness Notice, stating that Marcel's BP Subsistence Claim could not be processed because it was missing documents or information needed to evaluate the claim, and advising Marcel that he needed to submit copies of his state and/or federal commercial or recreational fishing or hunting licenses "applicable to all claimed species and valid before and at the beginning of your loss period(s), or a document that identifies your license exemption."[53]  Marcel testified during his deposition that he had a valid saltwater and freshwater fishing license at the time of the oil spill, but he could not recall whether he had a special permit for crabbing.[54]  The Court notes that in the Second Amended Complaint, Plaintiffs allege that the Nations Defendants filed several amended claim forms on behalf of Marcel without his knowledge or approval, removing crab and changing his total loss amount with each amendment.[55]

---

[48] R. Docs. 413-59 & 413-60.
[49] *See*, R. Doc. 139 & R. Doc. 413 at pp. 38-41.
[50] R. Doc. 317-8.
[51] R. Doc. 317-15; R. Doc. 413-26.
[52] R. Doc. 317-1 at pp. 17-21.
[53] R. Doc. 317-8 at p. 1.
[54] R. Doc. 317-15 at p. 2.
[55] *See*, R. Doc. 139 at ¶ 18l., pp. 30-32.

The Court finds that the foregoing evidence raises a genuine issue of material fact regarding causation, thereby precluding summary judgment.

Finally, the Court finds that the Nations Defendants have failed to show that Marcel's legal malpractice claim should be dismissed because he is unable to meet his burden of proof regarding damages. Notably, the Nations Defendants put forth no argument on the issue of damages, asserting only that, "Marcel has also failed to prove his alleged damages with reasonable certainty,"[56] and that Marcel "cannot establish what his BP subsistence claim would have been worth had it been successful."[57] The Nations Defendants offer no evidence to support these assertions. The Court further finds that there is sufficient evidence before the Court to raise a genuine issue of material fact regarding the damages Marcel incurred as a result of the alleged legal malpractice of the Nations Defendants. Specifically, the expert report regarding the Plaintiffs' economic damages, prepared by Charles C. Theriot and Edward J. Comeaux, which was submitted by the Nations Defendants in support of identical motions for summary judgment they filed regarding other plaintiffs in this case.[58] The expert report indicates that Theriot and Comeaux have prepared two calculations of each plaintiff's lost compensation based upon: (1) the information contained in the earliest BP Subsistence Claim Form submitted to DHECC; and (2) the most recent information provided to DHECC by the Nations Defendants.[59] Although the Nations Defendants did not include the exhibits referenced in the expert

---

[56] R. Doc. 317-1 at p. 2.
[57] *Id*. at p. 22.
[58] *See*, R. Docs. 268-20 & 269-23.
[59] *See*, R. Doc. 268-20 at pp. 8-9; R. Doc. 269-23 at pp. 8-9.

report that contain these calculations, neither party has disputed the existence of those exhibits.[60]  The Court finds that the evidence of record raises a genuine issue of material fact regarding Marcel's damages sufficient to preclude summary judgment at this time.  Accordingly, the Motion for Summary Judgment must be denied.

## III.    CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment Against Plaintiff Jessi Marcel[61] is **DENIED.**

New Orleans, Louisiana, December 7, 2022.

*Wendy B Vitter*

**WENDY B. VITTER**
**United States District Judge**

---

[60] *See, generally*, R. Docs. 268-1, 269-1, 413, 505, & 513.
[61] R. Doc. 317.