## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BRANDON HENRY, ET AL.**　　　　　　**CIVIL ACTION**

　　　　　　　　　　　　　　　　　　**NO. 2:20-02995-WBV-JVM**
　　　　　　　　　　　　　　　　　　**c/w 20-2997-WBV-JVM**
**VERSUS**　　　　　　　　　　　　　**c/w 20-2998-WBV-JVM**


**MAXUM INDEMNITY CO, ET AL.**　　　**SECTION: D (1)**

### ORDER and REASONS[1]

　　Before the Court is a Motion for Summary Judgment Against Plaintiff Brett Bascle, filed by Howard L. Nations, APC, Howard L. Nations, Cindy L. Nations, Gregory D. Rueb, Rueb & Motta, APLC, and Rueb Law Firm, APLC (collectively, the "Nations Defendants").[2]  The Motion was adopted by defendants, Joseph A. Motta and Joseph A. Motta, Attorney at Law, APLC,[3] and by the Nicks Law Firm and Shantrell Nicks.[4]  Plaintiffs oppose the Motion,[5] and the Nations Defendants have filed a Reply.[6]

　　After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 20-cv-2995.

[2] R. Doc. 322.

[3] R. Docs. 337 & 358.

[4] R. Docs. 329 & 342.  The Court further notes that also pending before this Court is the Insurer Defendants' Motion for Summary Judgment (Adopting Motions for Summary Judgment Filed by Nations Defendants), in which Maxum Indemnity Company, QBE Insurance Corporation, Capitol Specialty Insurance Corporation, and Landmark American Insurance Company seek to adopt 28 motions filed by the Nations Defendants, including the instant Motion.  *See*, R. Doc. 327.

[5] R. Doc. 413.

[6] R. Doc. 498.

## I.     FACTUAL AND PROCEDURAL BACKGROUND[7]

In the Motion, the Nations Defendants assert that all of Brett Bascle's claims should be dismissed with prejudice and at Plaintiffs' cost because his legal malpractice claim is prescribed under La. Civ. Code art. 3492 and extinguished by peremption under La. R.S. 9:5605 because he did not bring this action until more than a year after he obtained actual or constructive knowledge of the alleged malpractice.[8]   Relying upon Bascle's deposition testimony, the Nations Defendants contend that the one-year prescriptive period under Article 3492 began to run on Bascle's legal malpractice claim on September 7, 2018, when he knew his BP Subsistence Claim had been denied.[9]   The Nations Defendants assert that Bascle called the Nations Defendants on that date to ask about a claim denial letter and that he "knew then, or suspected, that the Defendants had allegedly failed to do what they should have done and that was why his claim was denied."[10]   The Nations Defendants point out that when asked what he thought the Nations Defendants had done wrong, Bascle testified that his claim was denied because he missed a field visit interview and that he thought the Nations Defendants did not do enough to reschedule the field visit interview.[11]   According to the Nations Defendants, Bascle confirmed that he received the denial letter sent by the Nations Defendants and that their own records, including their call log records, show that they sent Bascle a claim denial letter on

---

[7] The factual background of this case was extensively detailed in several orders previously issued by this Court (*See,* R. Docs. 223 & 226) and, for the sake of brevity, will not be repeated here.
[8] R. Doc. 322 at pp. 1 & 2; R. Doc. 322-1 at pp. 1-2 & 4-11.
[9] R. Doc. 322-1 at p. 5.
[10] *Id.*
[11] *Id.* (*quoting* R. Doc. 322-14 at pp. 7 & 8).

September 7, 2018 and spoke with him about it that same day.[12]  Thus, the Nations Defendants argue Bascle obtained actual or constructive knowledge of his alleged legal malpractice claim on September 7, 2018, and that his claim is time-barred because he did not file it until July 6, 2020.[13]

The Nations Defendants further assert that Bascle's legal malpractice claim should be dismissed because he cannot meet his burden of proving: (1) the standard of care that the Nations Defendants allegedly breached; (2) that the denial of his BP Subsistence Claim was caused by the Nations Defendant's fault in handling the claim; or (3) what his allegedly viable BP Subsistence Claim would have been worth if it had been successful.[14]  The Nations Defendants contend that Plaintiffs' attorney experts, Benjamin Cooper and Alan Gressett, are not qualified to testify regarding the standard of care for Louisiana attorneys or the alleged breach of that standard by the Nations Defendants, and state that they intend to file *Daubert* motions to exclude the expert testimony of Cooper and Gressett.[15]  The Nations Defendants further assert that Bascle cannot show that his BP Subsistence Claim was denied due to the actions or inaction of the Nations Defendants because his claim denial was the result of his own actions, namely his failure to submit to a field visit within the deadline required by DHECC.[16]  The Nations Defendants claim that their call logs and Bascle's deposition testimony demonstrate that, despite repeated calls, emails,

---

[12] R. Doc. 322-1 at p. 6 (*citing* R. Doc. 322-14 at p. 6; R. Doc. 322-13).

[13] R. Doc. 322-1 at p. 6 (*citing* R. Doc. 322-16).

[14] R. Doc. 322-1 at pp. 11-20.

[15] *Id*. at pp. 13-14.  The Court notes that the Nations Defendants have since filed *Daubert* motions to exclude all evidence from Gressett and to exclude the legal opinions and testimony of Cooper.  *See*, R. Docs. 314 & 320.  Those motions remain pending before the Court.

[16] R. Doc. 322-1 at pp. 16-17 (*citing* R. Docs. 322-8 through 322-11).

and voicemails from the Nations Law Firm, Bascle never scheduled a field visit interview and, thus, the Field Visit Team "could not verify that [he] fished and/or hunted the quantities of Seafood and/or Game [he] claimed in [his] Claim Form or Subsistence Claimant Sworn Written Statement."[17]   The Nations Defendants also rely upon their own expert report prepared by their standard of care expert, Evan Weems, who opined that the Nations Defendants complied with the standard of care with respect to Bascle's BP Subsistence Claim.[18]

Finally, the Nations Defendants contend that Bascle cannot establish his damages because he was unable to substantiate his alleged losses to DHECC and he has no evidence regarding his alleged subsistence losses or how to calculate them.[19] The Nations Defendants note that they intend to file a motion to exclude the expert testimony of Plaintiffs' damages expert, Charles Theriot, "since his calculations are based on completely unreliable and inaccurate claim forms."[20]   As such, the Nations Defendants argue they are entitled to summary judgment and dismissal of Bascle's legal malpractice claim.

Plaintiffs oppose the Motion, asserting that the Contact Logs are inadmissible and should be excluded from the Court's consideration, that issues of prescription and peremption have already been decided by this Court, that their experts are qualified to testify, and that they will be able to prove all of the elements of Bascle's legal

---

[17] R. Doc. 322-1 at p. 17 (*quoting* R. Doc. 322-12 and *citing* R. Doc. 322-13) (internal quotation marks omitted).
[18] R. Doc. 322-1 at p. 18 (*citing* R. Doc. 322-18 at pp. 2-3).
[19] R. Doc. 322-1 at pp. 19-20.
[20] *Id*. at pp. 19-20, n.26.

malpractice claim at trial.[21]  Incorporating by reference the arguments made in their pending Motion in Limine to Exclude Defendants' "Call Logs," Plaintiffs assert that the call log statements constitute inadmissible hearsay and that no exception applies that would deem them admissible.[22]  Plaintiffs then assert that this Court has already rejected the Nations Defendants' arguments regarding prescription and peremption, and has denied reconsideration of those arguments, so the Court should not consider those same arguments raised in the instant Motion.[23]  Nonetheless, Plaintiffs argue that the Nations Defendants conflate Bascle's knowledge of his claim denial with his knowledge that his attorneys committed malpractice, and argue that Bascle had no knowledge of the malpractice until The Block Law Firm accessed his DHECC portal.[24] Plaintiffs cite Bascle's deposition testimony, in which he was asked whether he thought something was wrong when his claim was denied and Bascle responded, "No, I didn't think nothing was wrong, I just thought I lost out and everybody - - you know, just figured I missed my turn, you know."[25]  Plaintiffs assert that Bascle was unaware of his attorneys' malpractice until The Block Law Firm gained access to his DHECC portal on August 18, 2019.[26]

Plaintiffs further assert that Cooper and Gressett are both qualified to testify as experts under Fed. R. Evid. 702.[27]  Although Plaintiffs do not reference Bascle specifically, Plaintiffs assert that, "Plaintiffs' losses would *not* have occurred if the

---

[21] R. Doc. 413.
[22] *Id*. at pp. 4-6.  *See*, R. Doc. 364.
[23] R. Doc. 413 at pp. 6-8 (*citing* R. Docs. 223 & 242).
[24] R. Doc. 413 at p. 27.
[25] *Id*. (*quoting* R. Doc. 413-40 at pp. 2-3).
[26] R. Doc. 413 at p. 28 (*citing* R. Doc. 413-41).
[27] R. Doc. 413 at pp. 37-38.

Defendants had properly handled their claims," and that, "each Plaintiff met the criteria to receive a subsistence award and they can satisfy each element of their malpractice claim."[28]  Plaintiffs point out that the DHECC Denial Notices specify the reason for the denial of each plaintiff's BP Subsistence Claim, thereby dispelling the Nations Defendants' contention that factors other than their own actions or inaction caused the denial of Plaintiffs' BP Subsistence Claims.[29]  Plaintiffs claim that, without their knowledge or consent, the Nations Defendants "manipulated amounts, submitted bogus data, amended claim forms, and took other Machiavellian actions to increase their fees, which were based on percentages of recovery."[30]  As such, Plaintiffs argue that whether each plaintiff can meet the criteria to receive a subsistence award is a disputed issue of material fact that precludes summary judgment.[31]

     In response, the Nations Defendants re-urge the arguments raised in their Motion, and argue that Bascle has failed to raise a genuine issue of material fact regarding the causation or damages elements of his legal malpractice claim.[32]  Thus, the Nations Defendants maintain that they are entitled to summary judgment and dismissal of all of Bascle's claims.

---

[28] *Id*. at p. 39 (emphasis in original).
[29] *Id*. at p. 40 (*citing* R. Doc. 413-61).
[30] R. Doc. 413 at p. 40.
[31] *Id*. at pp. 40-41.
[32] R. Doc. 498.

## II.    LAW AND ANALYSIS

After careful review of the parties' memoranda, the record, and the applicable law, the Court finds that, for many of the reasons stated in Plaintiffs' Opposition brief,[33] the Nations Defendants have failed to show that they are entitled to summary judgment as to all of Bascle's claims under Fed. R. Civ. P. 56.  As an initial matter, and as Plaintiffs point out,[34] the Motion must be denied to the extent that the Nations Defendants seek dismissal of "all of Bascle's claims" because the Motion does not address the sufficiency of Bascle's breach of contract claim.[35]  The Motion is also denied to the extent that the Nations Defendants argue Bascle's claims are time-barred based on the peremptive period set forth in La. R.S. 9:5605.  As the Nations Defendants concede, albeit begrudgingly,[36] this Court has twice considered, and has twice rejected, the Nations Defendants' assertion that La. R.S. 9:5605 applies to Plaintiffs' legal malpractice claims.[37]  Notably, the Court issued both of those rulings *before* the Nations Defendants filed the instant Motion.[38]   While the Nations Defendants argue that they are maintaining, preserving and re-urging those arguments in this Motion, the Court declines to waste judicial resources to entertain a third reiteration of those arguments, without further support, and instead directs

---

[33] R. Doc. 413.
[34] *Id.* at p. 41.
[35] *See*, R. Doc. 139.
[36] R. Doc. 322-1 at p. 7, nn. 5 & 6.
[37] *See*, R. Docs. 223 and 242.
[38] The Court denied the Defendants' Motion to Dismiss on March 17, 2022 (R. Doc. 223), and denied Defendants' Motion for Reconsideration on April 26, 2022 (R. Doc. 242).  The Nations Defendants filed the instant Motion on May 29, 2022 (R. Doc. 322).

the Nations Defendants to review the Court's in-depth analysis set forth in those two orders.

The Court further finds that the Nations Defendants have failed to show that Bascle's legal malpractice claim must be dismissed because it is time-barred by the one-year prescriptive period set forth in La. Civ. Code 3492. This Court previously determined that Article 3492 applies to Plaintiffs' legal malpractice claims in this case.[39] As the Court previously pointed out,[40] the Fifth Circuit has held that the doctrine of *contra non valentem* is applicable to the prescription period set forth in Article 392, such that if the plaintiff "could show that he was unaware of his cause of action until a year before the date he filed the malpractice suit, he could escape the application of article 3492."[41] Relying upon precedent from the Louisiana Supreme Court, the Fifth Circuit in that case determined that the plaintiff's legal malpractice claim began accruing when the plaintiff began to incur legal expenses as a result of investigating and correcting the malpractice, which was when the plaintiff hired new counsel.[42]

This Court previously determined that Plaintiffs had one year from when their newly-retained counsel, The Block Law Firm, gained access to Plaintiffs' DHECC portal and the documents contained therein to file their legal malpractice claims.[43] Plaintiffs assert in their Opposition brief that The Block Law Firm gained access to

---

[39] *See*, R. Doc. 223 at pp. 15-19.
[40] R. Doc. 223 at p. 15.
[41] *Henry v. Duane Morris, LLC*, 210 Fed.Appx. 356, 359 (5th Cir. 2006) (citing *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 354 (La. 1992)).
[42] *Henry*, 210 Fed.Appx at 359 (citing *Harvey*, 593 So.2d at 355).
[43] R. Doc. 223 at pp. 17-18.

Bascle's DHECC portal on August 18, 2019.[44]  The Nations Defendants do not contest this assertion.[45]  The Court notes, however, that Plaintiffs alleged in a prior pleading that The Block Law Firm obtained access to Bascle's DHECC portal on June 18, 2019.[46]  The Court previously determined that Bascle's legal malpractice claim was timely-filed in light of that June 18, 2019 date.[47]  Specifically, the Court found that Bascle's claim was timely-filed on July 6, 2020 based upon La. R.S. 9:5829(A), which provides, in pertinent part, that, "The right to file a pleading or motion to enforce any right, claim, or action which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020."[48]  Based upon the evidence before the Court and the Court's prior ruling, the Nations Defendants have failed to show that they are entitled to summary judgment on the basis that Bascle's legal malpractice claim is time-barred under Article 3492.

The Court further finds that, for the reasons stated in the Opposition brief,[49] Plaintiffs have raised a genuine issue of material fact regarding whether Cooper and Gressett are qualified to render expert opinions regarding the standard of care for Bascle's legal malpractice claim and whether the Nations Defendants breached that standard of care.  Plaintiffs have also raised a genuine issue of material fact regarding causation through the expert reports of Cooper and Gressett,[50] as well as the

---

[44] R. Doc. 413 at p. 28.
[45] *See, generally*, R. Doc. 498.
[46] *See*, R. Doc. 223 at p. 17 (*citing* R. Doc. 173 at p. 8).
[47] *See*, R. Doc. 223 at pp. 17-18.
[48] *Id*. at p. 18 (*quoting* La. R.S. 9:5829(A)) (internal quotation marks omitted).
[49] R. Doc. 413 at pp. 37-38 (*citing* R. Docs. 413-59 & 413-60).
[50] R. Docs. 413-59 & 413-60.

November 17, 2016 Subsistence Field Visit Notice,[51] the January 5, 2017 Post-Reconsideration Denial Notice issued by DHECC to Bascle,[52] and Bascle's deposition testimony.[53]

The November 17, 2016 Subsistence Field Visit Notice states that DHECC reviewed Bascle's claim but could not continue processing it "until you complete a Field Visit with the Field Visit Team. **If you wish to pursue this claim, you must contact the Field Visit Team to schedule your Field Visit appointment no later than the Deadline for Response listed at the top of this Notice.**"[54] According to the Field Visit Notice, the "Deadline for Response" was December 19, 2016.[55] While the Nations Defendants claim that Bascle failed to schedule an interview "[d]espite repeated calls, emails, and voicemails from the Nations Law Firm,"[56] their own contact logs and "Statement of Undisputed Material Facts in Support of Motion for Summary Judgment" reflect that the Nations Defendants did not attempt to contact Bascle regarding the Field Visit Notice until December 19, 2016,[57] Bascle's deadline for responding to the Field Visit Notice. The evidence submitted by the Nations Defendants further shows that they did not attempt to contact Bascle again until December 28, 2016 and January 4, 2017,[58] the day before the DHECC issued a January 5, 2017 Post-Reconsideration Denial Notice to Bascle.[59]

---

[51] R. Doc. 322-11.
[52] R. Doc. 322-12.
[53] R. Docs. 322-14 & 413-40.
[54] R. Doc. 322-11 (emphasis in original).
[55] *Id.*
[56] R. Doc. 322-1 at p. 17.
[57] R. Doc. 322-2 at p. 2, ¶ 10 (*citing* R. Doc. R. Doc. 322-13).
[58] R. Doc. 322-2 at p. 3, ¶¶ 11 & 12 (*citing* R. Doc. 322-13).
[59] R. Doc. 322-12.

Additionally, Bascle testified that he received a phone call from a phone number that he did not recognize and he received a letter "a month or two later" informing him that he had failed to comply with a field test.[60]   Bascle testified that did not think they left him a voicemail and that he "didn't realize what the call was until months later when I got the letter."[61]   Bascle further testified that he did not recall receiving any e-mail regarding the field visit interview, and when asked if he was notified that he had missed his field visit interview, he testified that, "They said they were calling me to set - - when I got the letter, and then I called, months later, they said I missed my turn, and they would - - they would see."[62]   The Court finds this evidence sufficient to raise a genuine issue of material fact as to causation and the reason why Bascle failed to schedule a field visit interview, which was the reason given for his claim denial.

The Court further finds that there is sufficient evidence before the Court to raise a genuine issue of material fact regarding the damages Bascle incurred as a result of the alleged legal malpractice of the Nations Defendants.   The Nations Defendants reference Plaintiffs' economic damages expert, Charles C. Theriot, in both their Motion and Reply brief, asserting that his opinions should be excluded for failing to satisfy *Daubert* standards.[63]   Although the Nations Defendants did not submit a copy of Theriot's expert report in support of their Motion, the Nations Defendants submitted a copy of Plaintiffs' expert report on economic damages, prepared by

---

[60] R. Doc. 322-14 at pp. 2-3.
[61] *Id*. at pp. 3-4.
[62] *Id*. at p. 4.
[63] *See*, R. Doc. 322-1 at p. 20, n.26 & R. Doc. 498 at p. 4.

Theriot and Edward J. Comeaux, in support of identical motions for summary judgment they filed regarding other plaintiffs in this case,[64] and in support of their pending motion in limine to exclude evidence from Theriot and Comeaux.[65]   The expert report indicates that Theriot and Comeaux have prepared two calculations of each plaintiff's lost compensation based upon: (1) the information contained in the earliest BP Subsistence Claim Form submitted to DHECC; and (2) the most recent information provided to DHECC by the Nations Defendants.[66]   Thus, while the Nations Defendants assert that Bascle has no evidence of damages or a means by which to calculate his damages, the Court disagrees and finds that the evidence of record raises a genuine issue of material fact regarding Bascle's damages sufficient to preclude summary judgment at this time.   Accordingly, the Motion for Summary Judgment must be denied.

## III.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment Against Plaintiff Brett Bascle[67] is **DENIED.**

New Orleans, Louisiana, December 7, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[64] *See*, R. Docs. 268-20, 269-23, & 286-30.
[65] *See*, R. Docs. 300 & 300-2.
[66] *See*, R. Doc. 268-20 at pp. 8-9; R. Doc. 269-23 at pp. 8-9; R. Doc. 286-30 at pp. 8-9; R. Doc. 300-2 at pp. 8-9.
[67] R. Doc. 322.