UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRANDON HENRY, ET AL.**          **CIVIL ACTION**

                                         **NO. 2:20-02995-WBV-JVM**
                                                           c/w 20-2997-WBV-JVM
**VERSUS**                                        c/w 20-2998-WBV-JVM

**MAXUM INDEMNITY CO, ET AL.**        **SECTION: D (1)**

### ORDER and REASONS[1]

Before the Court is a Motion for Summary Judgment Against Plaintiff Eugene Andras, filed by Howard L. Nations, APC, Howard L. Nations, Cindy L. Nations, Gregory D. Rueb, Rueb & Motta, APLC, and Rueb Law Firm, APLC (collectively, the "Nations Defendants").[2] The Motion was adopted by defendants, Joseph A. Motta and Joseph A. Motta, Attorney at Law, APLC,[3] and by the Nicks Law Firm and Shantrell Nicks.[4] Plaintiffs oppose the Motion,[5] and the Nations Defendants have filed a Reply.[6]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 20-cv-2995.
[2] R. Doc. 287.
[3] R. Docs. 309 & 340.
[4] R. Docs. 292 & 303. The Court further notes that also pending before this Court is the Insurer Defendants' Motion for Summary Judgment (Adopting Motions for Summary Judgment Filed by Nations Defendants), in which Maxum Indemnity Company, QBE Insurance Corporation, Capitol Specialty Insurance Corporation, and Landmark American Insurance Company seek to adopt 28 motions filed by the Nations Defendants, including the instant Motion. *See*, R. Doc. 327.
[5] R. Doc. 413.
[6] R. Doc. 508.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**[7]

The Nations Defendants assert that Eugene Andras' claims should be dismissed with prejudice and at Plaintiffs' cost because his legal malpractice claim is prescribed under La. Civ. Code art. 3492 and is extinguished by peremption under La. R.S. 9:5605, since he did not bring this action until more than a year after he obtained actual or constructive knowledge of the alleged legal malpractice.[8] Relying upon Andras' deposition testimony and their own Contact Logs, the Nations Defendants contend that Andras' legal malpractice claim accrued on October 17, 2017, when Andras knew that his BP Subsistence Claim had been denied.[9] The Nations Defendants assert that the evidence shows Andras learned about the denial of his claim when they sent him a denial letter on October 17, 2017, and further assert that, "Andras could easily have consulted any attorney to examine the facts and evaluate the claims the day after he learned of the denial as he did on the day he actually consulted the Block firm."[10] The Nations Defendants aver that Andras did not file his legal malpractice claim until July 6, 2020, and that the claim is time-barred under La. Civ. Code art. 3492 and extinguished under La. R.S. 9:5605.[11]

The Nations Defendants further assert that Andras' legal malpractice claim should be dismissed because he cannot meet his burden of proving: (1) the standard of care that the Nations Defendants allegedly breached in handling his BP

---

[7] The factual background of this case was extensively detailed in several orders previously issued by this Court (*See,* R. Docs. 223 & 226) and, for the sake of brevity, will not be repeated here.
[8] R. Doc. 287-1 at pp. 6-7.
[9] *Id.* at pp. 7-9 (*citing* R. Docs. 287-18 & 287-19).
[10] R. Doc. 287-1 at pp. 8-9 (*citing* R. Doc. 287-19 at p. 5 & R. Doc. 223).
[11] R. Doc. 287-1 at p. 9 (*citing* R. Doc. 287-20).

Subsistence Claim; (2) that the actions or inaction of the Nations Defendants caused the denial of his BP Subsistence Claim; or (3) what his allegedly viable BP Subsistence Claim would have been worth if it had been successful.[12] The Nations Defendants contend that Plaintiffs' legal expert, Benjamin Cooper, is not qualified to testify regarding the standard of care for Louisiana attorneys or the alleged breach of that standard by the Nations Defendants, and further claim that they intend to file a *Daubert* motion to exclude Cooper's testimony.[13] The Nations Defendants assert that summary judgment is also proper because Andras cannot prove that the actions or inaction of the Nations Defendants were the proximate cause of his damages.[14] Instead, the Nations Defendants claim that Andras' BP Subsistence Claim was denied due to "his own failure to substantiate his unrealistic, inconsistent and ever decreasing loss figures concerning the quantities of seafood and game he claimed to have lost."[15] Relying upon their Contact Logs, the Nations Defendants claim that Andras failed a field test interview by making "disqualifying statements," such as reporting the harvest of catfish from areas outside of closure, reporting the harvest of red snapper from charter fishing trips, stating that half of his mullet harvest was used as bait, and by reporting an unreasonable harvest.[16] The Nations Defendants assert that, despite repeated requests and three reviews, Andras was never able to

---

[12] R. Doc. 287-1 at pp. 9-17.
[13] *Id.* at pp. 11-12. The Court notes that the Nations Defendants have since filed a *Daubert* motion to exclude the legal opinions and testimony of Cooper, which is pending before the Court. *See*, R. Doc. 314.
[14] R. Doc. 287-1 at pp. 14-16.
[15] *Id.* at p. 14 (*citing* R. Docs. 287-10 through 287-15).
[16] R. Doc. 287-1 at p. 15 (*citing* R. Doc. 287-18).

provide sufficient proof to the Field Visit Team to quantify his alleged losses.[17] Thus, the Nations Defendants argue that, "Andras' claim was denied for want of proof, not want of effort by Defendants."[18] Finally, the Nations Defendants contend that Andras cannot establish his alleged damages because he was unable to substantiate his alleged losses to DHECC and he has no evidence of his alleged losses or a way to calculate them.[19] Although Plaintiffs have proffered a damages report from Charles Theriot, the Nations Defendants argue that Theriot "adds nothing with respect to proof of Mr. Andras' damages because Mr. Theriot bases his inputs into his damage calculation formula solely on Claim documents that Plaintiffs disavow."[20] As such, the Nations Defendants argue they are entitled to summary judgment and dismissal of Andras' legal malpractice claim.

Plaintiffs oppose the Motion, asserting that the Contact Logs are inadmissible and should be excluded from the Court's consideration, that issues of prescription and peremption have already been decided by this Court, that Cooper is qualified to testify as an expert, and that they will be able to prove all of the elements of Andras' legal malpractice claim at trial.[21] Incorporating by reference the arguments made in their pending Motion in Limine to Exclude Defendants' "Call Logs," Plaintiffs assert that the call log statements constitute inadmissible hearsay and that no exception applies that would deem them admissible.[22] Plaintiffs then contend that this Court

---

[17] R. Doc. 287-1 at p. 15 (*citing* R. Doc. 287-18).
[18] R. Doc. 287-1 at p. 16 (*citing* R. Doc. 287-23).
[19] R. Doc. 287-1 at p. 17.
[20] *Id.* (*citing* R. Doc. 139).
[21] R. Doc. 413.
[22] *Id.* at pp. 4-6. *See*, R. Doc. 364.

has already rejected the Nations Defendants' arguments regarding prescription and peremption, and has denied reconsideration of those arguments, so the Court should not consider those same arguments raised in the instant Motion.[23] Nonetheless, Plaintiffs argue that Andras could not recall when he received the denial letter relied upon by the Nations Defendants, making the date a disputed fact.[24] Plaintiffs further assert that a letter regarding an appeal is not indicative of attorney malpractice, and that when Andras was asked if he felt that his attorneys did something wrong, Andras testified that he thought he should have received more information from the Nations Defendants.[25] Plaintiffs argue that Andras was unaware of the malpractice committed in this case until The Block Law Firm gained access to his DHECC portal on September 9, 2019 July 16, 2019.[26]

Plaintiffs further assert that Andras will be able to prove the elements of his legal malpractice claim at trial, and that Cooper is qualified to testify as an expert under Fed. R. Evid. 702.[27] Although Plaintiffs do not reference Andras specifically, Plaintiffs contend that, "For Plaintiffs who had inflated harvest amounts, these amounts were provided by, approved by, and attested to by Defendants," and that, "Defendants attempt to shift the blame to Plaintiffs by claiming their harvest amounts were 'excessive.'"[28] Plaintiffs assert that, "Defendants fail to mention these amounts were submitted to DHECC by Defendants, most often without client

---

[23] R. Doc. 413 at pp. 6-8 (*citing* R. Docs. 223 & 242).
[24] R. Doc. 413 at p. 26 (*citing* R. Doc. 413-38).
[25] R. Doc. 413 at pp. 26-27 (*citing* R. Doc. R. Doc. 413-38 at p. 2).
[26] R. Doc. 413 at p. 27 (*citing* R. Doc. 413-39).
[27] R. Doc. 413 at pp. 37-38.
[28] *Id.* at p. 39 (*citing* R. Doc. 323-1 at p. 18).

knowledge or approval."[29]  Plaintiffs further assert that, "Plaintiffs' losses would *not* have occurred if the Defendants had properly handled their claims," and that, "each Plaintiff met the criteria to receive a subsistence award and they can satisfy each element of their malpractice claim."[30]  Plaintiffs point out that the DHECC Denial Notices specify the reason for the denial of each plaintiff's BP Subsistence Claim, thereby dispelling the Nations Defendants' contention that factors other than their own actions or inaction caused the denial of Plaintiffs' BP Subsistence Claims.[31] Plaintiffs claim that, without their knowledge or consent, the Nations Defendants "manipulated amounts, submitted bogus data, amended claim forms, and took other Machiavellian actions to increase their fees, which were based on percentages of recovery."[32]  As such, Plaintiffs argue that whether each plaintiff can meet the criteria to receive a subsistence award is a disputed issue of material fact that precludes summary judgment.[33]

In response, the Nations Defendants re-urge their argument that Andras' legal malpractice claim is prescribed and/or perempted under Louisiana law, and further assert that Andras has failed to raise a genuine issue of material fact regarding the causation and damages elements of his legal malpractice claim.[34]  Thus, the Nations Defendants maintain that they are entitled to summary judgment and dismissal of Andras' claims.

---

[29] R. Doc. 413 at p. 39.
[30] *Id*. (emphasis in original).
[31] *Id*. at p. 40 (*citing* R. Doc. 413-61).
[32] R. Doc. 413 at p. 40.
[33] *Id*. at pp. 40-41.
[34] R. Doc. 508.

## II.     LAW AND ANALYSIS

After careful review of the parties' memoranda, the record, and the applicable law, the Court finds that, for many of the reasons stated in Plaintiffs' Opposition brief,[35] the Nations Defendants have failed to show that they are entitled to summary judgment as to Andras' claims under Fed. R. Civ. P. 56.  As an initial matter, it is unclear to the Court whether the Nations Defendants seek the dismissal of all of Andras' claims or only his legal malpractice claim, as their Motion and Reply brief seek the dismissal of Andras' "claim," but seem to address only his legal malpractice claim.  To the extent the Nations Defendants seek the dismissal of all of Andras' claims in this matter, the Motion is denied because it does not address the sufficiency of Andras' breach of contract claim.[36]  The Motion is also denied to the extent that the Nations Defendants argue Andras' legal malpractice claim is time-barred based on the peremptive period set forth in R.S. 9:5605.  As the Nations Defendants concede, albeit begrudgingly,[37] this Court has twice considered, and has twice rejected, the Nations Defendants' assertion that La. R.S. 9:5605 applies to Plaintiffs' legal malpractice claims.[38]  Notably, the Court issued both of those rulings *before* the Nations Defendants filed the instant Motion.[39]  While the Nations Defendants argue that they are maintaining, preserving and re-urging those arguments in this Motion, the Court declines to waste judicial resources to entertain a third reiteration of those

---

[35] R. Doc. 413.
[36] *See*, R. Doc. 139.
[37] R. Doc. 287-1 at p. 4, nn. 21 & 22.
[38] *See*, R. Docs. 223 and 242.
[39] The Court denied the Defendants' Motion to Dismiss on March 17, 2022 (R. Doc. 223), and denied Defendants' Motion for Reconsideration on April 26, 2022 (R. Doc. 242).  The Nations Defendants filed the instant Motion on May 23, 2022 (R. Doc. 287).

arguments, without further support, and instead directs the Nations Defendants to review the Court's in-depth analysis set forth in those two orders.

The Court further finds that the Nations Defendants have failed to show that Andras' legal malpractice claim must be dismissed because it is time-barred by the one-year prescriptive period set forth in La. Civ. Code 3492. This Court previously determined that Article 3492 applies to Plaintiffs' legal malpractice claims in this case.[40] As the Court previously pointed out,[41] the Fifth Circuit has held that the doctrine of *contra non valentem* is applicable to the prescriptive period set forth in Article 392, such that if the plaintiff "could show that he was unaware of his cause of action until a year before the date he filed the malpractice suit, he could escape the application of article 3492."[42] Relying upon precedent from the Louisiana Supreme Court, the Fifth Circuit in that case determined that the plaintiff's legal malpractice claim began accruing when the plaintiff began to incur legal expenses as a result of investigating and correcting the malpractice, which was when the plaintiff hired new counsel.[43]

This Court previously determined that Plaintiffs had one year from when their newly-retained counsel, The Block Law Firm, gained access to Plaintiffs' DHECC portal and the documents contained therein to file their legal malpractice claims.[44] Plaintiffs assert in their Opposition brief that The Block Law Firm gained access to

---

[40] *See*, R. Doc. 223 at pp. 15-19.
[41] *Id.* at p. 15.
[42] *Henry v. Duane Morris, LLC*, 210 Fed.Appx. 356, 359 (5th Cir. 2006) (citing *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 354 (La. 1992)).
[43] *Henry*, 210 Fed.Appx at 359 (citing *Harvey*, 593 So.2d at 355).
[44] R. Doc. 223 at pp. 17-18.

Andras' DHECC portal on September 9, 2019.[45] The Nations Defendants challenge the veracity of that assertion because it is based upon the affidavit of Plaintiffs' counsel.[46] The Nations Defendants further assert in their Reply brief that Andras engaged The Block Law Firm on May 28, 2019,[47] and attached a copy of Andras' "Claimant Request for Change in Representation Status," dated May 28, 2019, to their Motion.[48] Notably, the Nations Defendants claim that, "at the latest, prescription commenced on May 28, 2019, when [Andras] engaged The Block Firm to investigate and pursue his malpractice claims."[49]

As previously recognized by the Court,[50] and acknowledged by both parties,[51] in response to the COVID-19 pandemic the Louisiana legislature enacted La. R.S. 9:5829, effective June 9, 2020, which provides, in pertinent part, that, "The right to file a pleading or motion to enforce any right, claim, or action which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020."[52] There is no dispute that Andras filed his legal malpractice claim on July 6, 2020.[53] The Court finds the foregoing evidence sufficient to raise a genuine issue of material fact as to when Andras obtained actual or constructive knowledge of the Nations Defendants' alleged legal malpractice, thereby precluding summary

---

[45] R. Doc. 413 at p. 27 (*citing* R. Doc. 413-39).
[46] R. Doc. 508 at p. 2.
[47] *Id.* at p. 5.
[48] R. Doc. 287-20.
[49] *Id.* at p. 5.
[50] R. Doc. 223 at p. 18.
[51] R. Doc. 158-1 at pp. 7-8; R. Doc. 173 at p. 8.
[52] La. R.S. 9:5829(A).
[53] R. Doc. 287-1 at p. 9; R. Doc. 413 at pp. 2, 9, 10, & 13; R. Doc. 508 at p. 5.

judgment on the basis that Andras' legal malpractice claim is time-barred under Article 3492.

The Court further finds that, for the reasons stated in the Opposition brief,[54] Plaintiffs have raised a genuine issue of material fact regarding whether Cooper is qualified to render expert opinions regarding the standard of care for Andras' legal malpractice claim and whether the Nations Defendants breached that standard of care. Plaintiffs have likewise raised a genuine issue of material fact regarding causation through Cooper's expert report.[55] Plaintiffs have also raised a genuine dispute regarding causation through Plaintiffs' allegations that the Nations Defendants manipulated Andras' claim form data[56] and the Denial Notices issued by DHECC to Andras, informing him that his BP Subsistence Claim was denied because "The Field Visit Team could not verify that you fished and/or hunted the *quantities* of Seafood and/or Game you claimed in your Claim Form or Subsistence Claimant Sworn Written Statement."[57]

Finally, there is sufficient evidence before the Court to raise a genuine issue of material fact regarding the damages Andras incurred as a result of the alleged legal malpractice of the Nations Defendants. Specifically, the expert report regarding the Plaintiffs' economic damages, prepared by Charles C. Theriot and Edward J. Comeaux and submitted to the Court by the Nations Defendants, indicates that Theriot and Comeaux have prepared two calculations of each plaintiff's lost

---

[54] R. Doc. 413 at pp. 37-38 (*citing* R. Doc. 413-59).
[55] R. Doc. 413-59.
[56] *See*, R. Doc. 139 at pp. 41-42, ¶ 18r.; R. Doc. 413 at pp. 38-39.
[57] *See*, R. Doc. 287-15 at p. 1 (emphasis added); R. Doc. 287-16 at p. 1 (emphasis added).

compensation based upon: (1) the information contained in the earliest BP Subsistence Claim Form submitted to DHECC; and (2) the most recent information provided to DHECC by the Nations Defendants.[58] Although the exhibits referenced in the expert report that contain these calculations were not submitted in connection with the instant Motion, neither party disputes the existence of those exhibits.[59] While the Nations Defendants assert that Andras has no evidence of damages because Plaintiffs deny the accuracy of the claim form data upon which Theriot's calculations are based,[60] the Court disagrees and finds that the evidence before the Court raises a genuine issue of a material fact regarding Andras' damages sufficient to preclude summary judgment. Accordingly, the Motion for Summary Judgment must be denied.

## III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment Against Plaintiff Eugene Andras[61] is **DENIED.**

New Orleans, Louisiana, December 12, 2022.

*[signature: Wendy B Vitter]*

**WENDY B. VITTER**
**United States District Judge**

---

[58] *See*, R. Doc. 287-27 at pp. 8-9.
[59] *See, generally*, R. Docs. 287-1, 413, & 508.
[60] R. Doc. 287-1 at p. 17.
[61] R. Doc. 287.