UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRANDON HENRY, ET AL.**            **CIVIL ACTION**

                                                    **NO. 2:20-02995-WBV-JVM**
                                                          **c/w 20-2997-WBV-JVM**
**VERSUS**                                                 **c/w 20-2998-WBV-JVM**

**MAXUM INDEMNITY CO, ET AL.**           **SECTION: D (1)**

### ORDER and REASONS[1]

Before the Court is a Motion for Summary Judgment Against Plaintiff Lloyd Cancienne, filed by Howard L. Nations, APC, Howard L. Nations, Cindy L. Nations, Gregory D. Rueb, Rueb & Motta, APLC, and Rueb Law Firm, APLC (collectively, the "Nations Defendants").[2] The Motion was adopted by defendants, Joseph A. Motta and Joseph A. Motta, Attorney at Law, APLC,[3] and by the Nicks Law Firm and Shantrell Nicks.[4] Plaintiffs oppose the Motion,[5] and the Nations Defendants have filed a Reply.[6]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED**.

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 20-cv-2995.
[2] R. Doc. 288.
[3] R. Docs. 309 & 340.
[4] R. Docs. 292 & 303. The Court further notes that also pending before this Court is the Insurer Defendants' Motion for Summary Judgment (Adopting Motions for Summary Judgment Filed by Nations Defendants), in which Maxum Indemnity Company, QBE Insurance Corporation, Capitol Specialty Insurance Corporation, and Landmark American Insurance Company seek to adopt 28 motions filed by the Nations Defendants, including the instant Motion. *See*, R. Doc. 327.
[5] R. Doc. 413.
[6] R. Doc. 509.

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND[7]

In the Motion, the Nations Defendants assert that Lloyd Cancienne's claims should be dismissed with prejudice and at Plaintiffs' cost because his legal malpractice claim is prescribed under La. Civ. Code art. 3492 and extinguished by peremption under La. R.S. 9:5605 since he did not bring this action until more than a year after he obtained actual or constructive knowledge of the alleged malpractice.[8] While not a model of clarity, the Nations Defendants seem to assert that Cancienne's legal malpractice claim began to accrue either on September 14, 2018, when he called the Nations Defendants and was told by an employee, Melissa Garza, that his claim had been denied, or on October 31, 2018, when he received a claim denial letter from the Nations Defendants.[9]  Relying upon Cancienne's deposition testimony, the Nations Defendants seem to suggest that Cancienne knew that something was wrong when his claim was denied.[10]  The Nations Defendants contend that Cancienne's claim was denied due to the inflated numbers he included on his initial intake form, and further assert that, "Whether he wrote in the inflated numbers for the shrimp, or someone else did, by his own testimony Cancienne was on notice upon receipt of the FWA Claim Denial and Defendants' letter advising the same, that the exaggeration had been made."[11]  Thus, the Nations Defendants argue Cancienne obtained actual or constructive knowledge of his alleged legal malpractice claim upon

---

[7] The factual background of this case was extensively detailed in several orders previously issued by this Court (*See,* R. Docs. 223 & 226) and, for the sake of brevity, will not be repeated here.
[8] R. Doc. 288-1 at pp. 6-9.
[9] *Id*. at pp. 6-7 (*citing* R. Doc. 288-23 & R. Doc. 288-13).
[10] R. Doc. 288-1 at p. 8 (*citing* R. Doc. 288-13 at pp. 34 & 41).
[11] R. Doc. 288-1 at p. 8

receipt of the October 31, 2018 letter, and that the claim is time-barred because he did not file it until July 6, 2020.[12]

The Nations Defendants further assert that Cancienne's legal malpractice claim should be dismissed because he cannot meet his burden of proving: (1) the standard of care that the Nations Defendants allegedly breached; (2) that the denial of his BP Subsistence Claim was caused by the Nations Defendant's fault in handling the claim; or (3) what his allegedly viable BP Subsistence Claim would have been worth if it had been successful.[13] The Nations Defendants contend that Plaintiffs' attorney experts, Benjamin Cooper and Alan Gressett, are not qualified to testify regarding the standard of care for Louisiana attorneys or the alleged breach of that standard by the Nations Defendants, and state that they intend to file *Daubert* motions to exclude the expert testimony of Cooper and Gressett.[14]

The Nations Defendants further assert that Cancienne cannot show that his BP Subsistence Claim was denied due to the actions or inaction of the Nations Defendants because his claim denial was the result of his own actions, namely his failure to substantiate his unrealistic, inconsistent, and loss figures concerning the quantities of seafood and game he claimed to have lost.[15] Relying upon their Contact Logs and Cancienne's deposition testimony, the Nations Defendants aver that Cancienne's original intake form included such unreasonable, excessive catch

---

[12] R. Doc. 288-1 at pp. 8-9 (*citing* R. Doc. 288-21).
[13] R. Doc. 288-1 at pp. 9-18.
[14] *Id*. at p. 11. The Court notes that the Nations Defendants have since filed *Daubert* motions to exclude all evidence from Gressett and to exclude the legal opinions and testimony of Cooper. *See*, R. Docs. 314 & 320. Those motions remain pending before the Court.
[15] R. Doc. 288-1 at pp. 13-14.

amounts that the Nations Defendants contacted him and had him complete a new form.[16] The Nations Defendants claim that, "Despite repeated requests and three reviews, Cancienne was never able to provide sufficient proof to the Field Visit Team to quantify his alleged losses."[17] Thus, the Nations Defendants argue Cancienne's claim was denied "for want of proof, not want of effort by Defendants."[18] The Nations Defendants also rely upon their own expert report prepared by their standard of care expert, Evan Weems, who opined that the Nations Defendants complied with the standard of care with respect to Cancienne's BP Subsistence Claim.[19]

Finally, the Nations Defendants contend that Cancienne cannot establish his damages because he was unable to substantiate his alleged losses to DHECC and he has no evidence regarding his alleged subsistence losses or how to calculate them.[20] The Nations Defendants assert that Cancienne's expert witness "relied solely on claim forms that are disavowed and even attached by Plaintiffs."[21] As such, the Nations Defendants argue they are entitled to summary judgment and dismissal of Cancienne's legal malpractice claim.

Plaintiffs oppose the Motion, asserting that the Contact Logs are inadmissible and should be excluded from the Court's consideration, that issues of prescription and peremption have already been decided by this Court, that their experts are qualified to testify, and that they will be able to prove all of the elements of Cancienne's legal

---

[16] R. Doc. 288-1 at p. 14 (*citing* 288-13 at pp. 20-28 & 288-14).
[17] R. Doc. 288-1 at p. 15 (*citing* R. Doc. 288-16 at p. 24).
[18] R. Doc. 288-1 at p. 15 (*citing* R. Doc. 288-23 at p. 2).
[19] R. Doc. 288-1 at p. 15 (*citing* R. Doc. 288-24 at pp. 2-3).
[20] R. Doc. 288-1 at pp. 16-17.
[21] *Id.* at p. 17 (*citing* R. Doc. 288-27 & 288-28).

malpractice claim at trial.[22] Incorporating by reference the arguments made in their pending Motion in Limine to Exclude Defendants' "Call Logs," Plaintiffs assert that the call log statements constitute inadmissible hearsay and that no exception applies that would deem them admissible.[23] Plaintiffs then assert that this Court has already rejected the Nations Defendants' arguments regarding prescription and peremption, and has denied reconsideration of those arguments, so the Court should not consider those same arguments raised in the instant Motion.[24] Nonetheless, Plaintiffs argue that knowledge of a claim denial does not equal knowledge of legal malpractice, and further assert that Cancienne did not suspect that his attorneys committed malpractice and, instead, trusted them to properly represent him.[25] Plaintiffs assert that Cancienne was unaware of any wrongdoing by the Nations Defendants until The Block Law Firm gained access to his DHECC portal on July 25, 2019.[26]

Plaintiffs further assert that Cooper and Gressett are both qualified to testify as experts under Fed. R. Evid. 702.[27] Although Plaintiffs do not reference Cancienne specifically, Plaintiffs assert that, "Plaintiffs' losses would *not* have occurred if the Defendants had properly handled their claims," and that, "each Plaintiff met the criteria to receive a subsistence award and they can satisfy each element of their malpractice claim."[28] Plaintiffs point out that the DHECC Denial Notices specify the reason for the denial of each plaintiff's BP Subsistence Claim, thereby dispelling the

---

[22] R. Doc. 413.
[23] *Id.* at pp. 4-6.  *See*, R. Doc. 364.
[24] R. Doc. 413 at pp. 6-8 (*citing* R. Docs. 223 & 242).
[25] R. Doc. 413 at p. 28 (*citing* R. Doc. 413-42 at pp. 2 & 3).
[26] R. Doc. 413 at p. 28 (*citing* R. Doc. 413-43).
[27] R. Doc. 413 at pp. 37-38.
[28] *Id.* at p. 39 (emphasis in original).

Nations Defendants' contention that factors other than their own actions or inaction caused the denial of Plaintiffs' BP Subsistence Claims.[29] Plaintiffs claim that, without their knowledge or consent, the Nations Defendants "manipulated amounts, submitted bogus data, amended claim forms, and took other Machiavellian actions to increase their fees, which were based on percentages of recovery."[30] As such, Plaintiffs argue that whether each plaintiff can meet the criteria to receive a subsistence award is a disputed issue of material fact that precludes summary judgment.[31]

In response, the Nations Defendants re-urge the arguments raised in their Motion, and argue that Cancienne has failed to raise a genuine issue of material fact regarding the causation or damages elements of his legal malpractice claim.[32] Thus, the Nations Defendants maintain that they are entitled to summary judgment and dismissal of all of Cancienne's claims.

## II. LAW AND ANALYSIS

After careful review of the parties' memoranda, the record, and the applicable law, the Court finds that, for many of the reasons stated in Plaintiffs' Opposition brief,[33] the Nations Defendants have failed to show that they are entitled to summary judgment as to Cancienne's claims under Fed. R. Civ. P. 56. As an initial matter, it is unclear to the Court whether the Nations Defendants seek the dismissal of all of

---

[29] *Id.* at p. 40 (*citing* R. Doc. 413-61).
[30] R. Doc. 413 at p. 40.
[31] *Id.* at pp. 40-41.
[32] R. Doc. 509.
[33] R. Doc. 413.

Cancienne's claims or only his legal malpractice claim, as their Motion and Reply brief seek the dismissal of Cancienne's "claim," but seem to address only his legal malpractice claim. To the extent the Nations Defendants seek the dismissal of all of Cancienne's claims in this matter, the Motion is denied because it does not address the sufficiency of Cancienne's breach of contract claim.[34]  The Motion is also denied to the extent that the Nations Defendants argue Cancienne's claims are time-barred based on the peremptive period set forth in La. R.S. 9:5605.  As the Nations Defendants concede, albeit begrudgingly,[35] this Court has twice considered, and has twice rejected, the Nations Defendants' assertion that La. R.S. 9:5605 applies to Plaintiffs' legal malpractice claims.[36]  Notably, the Court issued both of those rulings *before* the Nations Defendants filed the instant Motion.[37]  While the Nations Defendants argue that they are maintaining, preserving and re-urging those arguments in this Motion, the Court declines to waste judicial resources to entertain a third reiteration of those arguments, without further support, and instead directs the Nations Defendants to review the Court's in-depth analysis set forth in those two orders.

The Court further finds that the Nations Defendants have failed to show that Cancienne's legal malpractice claim must be dismissed because it is time-barred by the one-year prescriptive period set forth in La. Civ. Code 3492.  This Court

---

[34] *See*, R. Doc. 139.
[35] R. Doc. 288-1 at p. 4, nn. 21 & 22.
[36] *See*, R. Docs. 223 and 242.
[37] The Court denied the Defendants' Motion to Dismiss on March 17, 2022 (R. Doc. 223), and denied Defendants' Motion for Reconsideration on April 26, 2022 (R. Doc. 242).  The Nations Defendants filed the instant Motion on May 23, 2022 (R. Doc. 288).

previously determined that Article 3492 applies to Plaintiffs' legal malpractice claims in this case.[38]  As the Court previously pointed out,[39] the Fifth Circuit has held that the doctrine of *contra non valentem* is applicable to the prescription period set forth in Article 392, such that if the plaintiff "could show that he was unaware of his cause of action until a year before the date he filed the malpractice suit, he could escape the application of article 3492."[40]  Relying upon precedent from the Louisiana Supreme Court, the Fifth Circuit in that case determined that the plaintiff's legal malpractice claim began accruing when the plaintiff began to incur legal expenses as a result of investigating and correcting the malpractice, which was when the plaintiff hired new counsel.[41]

This Court previously determined that Plaintiffs had one year from when their newly-retained counsel, The Block Law Firm, gained access to Plaintiffs' DHECC portal and the documents contained therein to file their legal malpractice claims.[42]  Plaintiffs assert in their Opposition brief that The Block Law Firm gained access to Cancienne's DHECC portal on July 25, 2019.[43]  The Nations Defendants challenge the veracity of that assertion because it is based upon the affidavit of Plaintiffs' counsel.[44]  The Court notes, however, that the Nations Defendants did not contest this assertion when this issue was previously before this Court.[45]  Further, the Court

---

[38] *See*, R. Doc. 223 at pp. 15-19.
[39] R. Doc. 223 at p. 15.
[40] *Henry v. Duane Morris, LLC*, 210 Fed.Appx. 356, 359 (5th Cir. 2006) (citing *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 354 (La. 1992)).
[41] *Henry*, 210 Fed.Appx at 359 (citing *Harvey*, 593 So.2d at 355).
[42] R. Doc. 223 at pp. 17-18.
[43] R. Doc. 413 at p. 28.
[44] R. Doc. 509 at p. 2.
[45] *See*, R. Doc. 223 at p. 17.

previously held that Cancienne had one year from July 25, 2019 to file his legal malpractice claim.[46] The Nations Defendants concede that Cancienne filed his legal malpractice claim on July 6, 2020.[47] Based upon the evidence before the Court and the Court's prior ruling, the Nations Defendants have failed to show that they are entitled to summary judgment on the basis that Cancienne's legal malpractice claim is time-barred under Article 3492.

The Court further finds that, for the reasons stated in the Opposition brief,[48] Plaintiffs have raised a genuine issue of material fact regarding whether Cooper and Gressett are qualified to render expert opinions regarding the standard of care for Cancienne's legal malpractice claim and whether the Nations Defendants breached that standard of care. Plaintiffs have also raised a genuine issue of material fact regarding causation through the expert reports of Cooper and Gressett,[49] as well as Plaintiffs' allegations that the Nations Defendants manipulated Cancienne's claim form data,[50] the October 25, 2016 Notice of FWA Claim Denial issued by DHECC to Cancienne,[51] and Cancienne's deposition testimony.[52]

The October 25, 2016 FWA Claim Denial, issued after DHECC conducted a Fraud Waste and Abuse review of Cancienne's claim, states that Cancienne's BP Subsistence Claim was denied because, "The claimant alleged highly improbable loss

---

[46] R. Doc. 223 at pp. 17-18.
[47] R. Doc. 288-1 at p. 9 (*citing* R. Doc. 288-21).
[48] R. Doc. 413 at pp. 37-38 (*citing* R. Docs. 413-59 & 413-60).
[49] R. Docs. 413-59 & 413-60.
[50] *See*, R. Doc. 139 at pp. 45-47, ¶18t. & R. Doc. 413 at pp. 38-41.
[51] R. Doc. 288-12.
[52] R. Doc. 288-13 & R. Doc. 413-42.

amounts."[53] According to the FWA Claim Denial, Cancienne sought a total loss of 613,024 pounds of harvest during a 609-day loss period, which equates to an average daily loss of 1,017.8 pounds, and the Fraud Waste and Abuse review found that, "It is highly improbable that the claimant would be able to harvest 1,0178 pounds per day for 609 consecutive days, particularly without any commercial licensing."[54] The FWA Claim Denial further provides that Cancienne was issued an incompleteness notice, and that Cancienne responded by submitting an amended claim form that decreased his loss amounts by 97.8% to 13,744 pounds.[55] The FWA Claim Denial further provides that the claim was denied because, "A 97.8% decrease is high enough that it is extremely unlikely that the original amounts were the result of an error and indicates that the claimant inflated loss amounts in order to obtain funds from the CSSP."[56]

During his deposition, Cancienne testified that some of the writing on his initial intake form did not look like his handwriting, specifically the 100 pounds of shrimp listed on the form, and that, "I know that there's 12 months in a year. I don't know where they came up with these 18 months and these 18 months, 18 months."[57] Although Cancienne testified that his wife's handwriting was on the intake form, he also testified that there was some information on the form that his wife would not have filled in.[58] The Court notes that the handwritten information on Cancienne's

---

[53] R. Doc. 288-12 at p. 1.
[54] *Id.*
[55] *Id.*
[56] *Id.*
[57] R. Doc. 288-13 at p. 20. *See,* R. Doc. 288-5 at p. 3.
[58] R. Doc. 288-13 at pp. 4, 22, & 23-24.

Initial Intake Form, dated May 23, 2015,[59] does not match the information on Cancienne's Deepwater Horizon Economic and Property Settlement Subsistence Claim Form (Team Form), dated June 3, 2015.[60] Specifically, the Teal Form seeks a subsistence award for, among other things, "600000lbs" of lost shrimp.[61] The Court further notes that shrimp was removed entirely from Cancienne's First Amended Subsistence Claim Form.[62] The Court finds that the foregoing evidence is sufficient to raise a genuine issue of material fact as to causation and the reason why Cancienne's BP Subsistence Claim was denied.[63]

The Court further finds that there is sufficient evidence before the Court to raise a genuine issue of material fact regarding the damages Cancienne incurred as a result of the alleged legal malpractice of the Nations Defendants. The Nations Defendants reference Plaintiffs' economic damages expert, Charles C. Theriot, in both their Motion and Reply brief, asserting that his opinions should be excluded because they are based upon claim forms that the Plaintiffs disavow.[64] The Nations Defendants also submitted a copy of Plaintiffs' expert report on economic damages, prepared by Theriot and Edward J. Comeaux, which indicates that Theriot and Comeaux have prepared two calculations of each plaintiff's lost compensation based upon: (1) the information contained in the earliest BP Subsistence Claim Form

---

[59] R. Doc. 288-5 at pp. 2-3.
[60] R. Doc. 288-4.
[61] *Id.* at p. 4.
[62] R. Doc. 288-10 at p. 4.
[63] While the Nations Defendants summarily state that it is "Likely Cancienne, not Defendants wrote incorrect numbers for his catch," the Nations Defendants do not provide any support for that statement. *See*, R. Doc. 288-1 at p. 8, n. 37. Instead, the Court finds this evidence sufficient to raise a genuine issue of material fact.
[64] *See*, R. Doc. 288-1 at p. 17 & R. Doc. 509 at p. 7.

submitted to DHECC; and (2) the most recent information provided to DHECC by the Nations Defendants.[65] Thus, while the Nations Defendants assert that Cancienne has no evidence of damages or a means by which to calculate his damages, the Court disagrees and finds that the evidence of record raises a genuine issue of material fact regarding Cancienne's damages sufficient to preclude summary judgment at this time. Accordingly, the Motion for Summary Judgment must be denied.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment Against Plaintiff Lloyd Cancienne[66] is **DENIED.**

New Orleans, Louisiana, December 12, 2022.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[65] R. Doc. 288-28.
[66] R. Doc. 288.